# UNITED STATES DISTRICT COURT
### For the
### Southern District of New York

ALEXANDER WILLIAMS JR.

_____
*Plaintiff (s)*

V.

**CITY** NEW YORK, **SECURITY**
**CAPTAIN GANIES, CO K. YOUNG**
**CO ANDREW HICKSON, CO**
**KEVIN WHITE, CAPTAIN WGFALL,**
**DEPUTY WARDEN FLEMMING,**
**CO GRAVES, CAPTAIN FERNANDEZ,**
**SRT TEAM FROM AUGUST 31, 2022,**
ET AL,
_____
*Defendant(s)*

Civil Action No. _____

**TRIAL REQUESTED**

Plaintiff, by way of acting Pro-Se, states and alleges as follows and belief:

## PRELIMINARY STATEMENT:

Plaintiff commences this action pursuant to 42 U.S.C. 1983 seeking punitive and compensatory damages against the defendants named herein, to be sued in their individual and official capacities for the violation of his state and federal rights while acting under color of law, together with reasonable filing fees and copies for cost pursuant to 42 U.S.C. 1983.

Plaintiff also asserts supplemental state law claims against the defendants as well, for violations of their statutory and common law duties, as well as claims of retaliation, negligence, negligent hiring, training, supervision and retention, intentional infliction of emotional distress.

1

At all times herein, plaintiff was and remains a pretrial detainee confined to the custody, control and care of the **CITY** of New York as its Department of Corrections ' various jails, who has been sexually assaulted and abused and forcibly touched without his consent.

New York State has long recognized the coercive power of correctional officers over incarcerated individuals and the related risk of abuse.

## JURISDICTION AND VENUE:

Jurisdiction of the Court is invoked pursuant to 28 U.S.C.1331 and 1343(a) (3) and (4) and the aforesaid statutory and constitutional provisions.

Pursuant to 28 U.S.C. 1367, this Court has supplemental jurisdictions over claims, which arise under relevant provisions of New York State Law.

Venue is appropriate in this Court pursuant to U.S.C. 1391(b) (2) as a substantial part of the events or omissions giving rise to this claim that occurred within Bronx County New York, which is within this Court's jurisdiction.

## PARTIES:

At all times mentioned herein, the Plaintiff was and remains a resident of the State of New York.

At all times mentioned herein, the plaintiff was and remains a pretrial detainee confined to the custody, control  and care of defendant **CITY OF NEW YORK** and its department of correction.

Upon information and belief, and at all times mentioned herein, the defendant, **CITY OF NEW YORK (hereinafter referred to as "CITY")**, was and remains the body of corporate and

2

public, constituting a Municipal corporation duly organized and existing under and virtue of the laws of the State of New York.

Upon information and beliefs, and at all times mentioned herein, the **CITY** maintains the **CITY** of New York Department of Correction **(hereinafter referred to as "DOC")**, pursuant to law.

Upon information and beliefs, and at all times mentioned herein, defendant **CAPTAIN GANIES** was a correction official employed by the defendant **CITY** holding the position of security captain.

Upon information and beliefs, and at all times mentioned herein, defendant **CAPTAIN WIGFALL** was a correction official employed by the defendant **CITY** holding the position of security captain.

Upon information and beliefs, and at all times mentioned herein, defendant **SSRT CAPTAIN FERNANDEZ** was a correction official employed by the defendant **CITY** holding the position of security captain.

Upon information and beliefs, and at all times mentioned herein, defendant **CO ANDRE HICKSON** was a correction official employed by the defendant **CITY**.

Upon information and beliefs, and at all times mentioned herein, defendant **CO KEVIN YOUNG** was a correction official employed by the defendant **CITY**.

Upon information and beliefs, and at all times mentioned herein, defendant **CO KEVIN WHITE** was a correction official employed by the defendant **CITY**.

Upon information and beliefs, and at all times mentioned herein, defendant **DEPUTY WARDEN FLEMMING** was a correction official employed by the defendant **CITY**.

Upon information and beliefs, and at all times mentioned herein, defendant **UNKNOWN SRT UNIT ( THIS UNIT WAS MASKED UP AND WORE NO BODY CAMERAS, NOR ANY NAME TAG OF SHIELD, WHICH MAKES THEM UNKNOWN TO PLAINTIFF)** was a correction official employed by the defendant **CITY** holding the position of security officers.

At all times mentioned herein, defendants named herein are being sued in both their official and individual capacities.

Up½on information  and beliefs and at all times mentioned herein defendnat, WARDEN JEAN RENE was a correction official employed by defendnat CITY holding the poistion of WARDEN of facility grvc.

Upon information and beleifs and at all times mentioned herein, defendnat Jonelle Shivraj was a correction officials holding the position of Deputy Warden and employed by the defendnat CITY.

Upon ônformation and beliefs and at arnaby, was a correction official employed by the defendant CITY holding the position of Deputy Warden at GRVC.

Upon information and beleifs and at all times mentioned herein defendnat JOANNE MATOS was a correction offical employed by defendant CITY holding the position of Deputy Warden at GRVC.

Upon information and beliefs and at all times mentioned herein defendant TIFFANY MORALES was a correction officals holding the position of Deputy Warden at GRVC .

Upon information and beliefs and at all times mentioned hereindefendant ESU officer Richarson #254 From Oct 26, 2022 incident is employed by the defendnat **CITY** holding the position of Officer.

PLEASE NOTE:  THAT EXHIBITS 1-    WILL START AFTER EXHIBITS A- Z HEREIN THIS COMPLAINT.

Upon information and beleifs and at all times mentioned herein, defendant **CO RAHMAN SHEILD NO. 11383** was employed by the defendnat **CITY**  holding the poistion of Correction officer at the G.R.V.C. facility.

Upon information and beliefs and at all times mentioned herein, defendnat **DOCTOR DUVERN**, was enployed by defendnat **CITY** maintaing the position of a **DOCTOR**  under New York City Health na d"ospital.

5

# STATEMENT OF FACTS:

On Monday August 29, 2022 the plaintiff, informed housing unit staff that his toilet was stopped up and that feceees was floating in the toilet and that he need the plumber to be called.

The plaintiff was allowed to use the bathroom in another cell but he was never allowed to clean his cell toilet or be moved to another cell, which he was told could only be done by defendant **CAPTAIN GANIES** because of her ranking of security captain at the facility.

These leads to the plaintiff having to sleep eat and remain in a cell 23 hours a day with these fecees.

On Monday August 29, 2022, the plaintiff received a letter from his wife Crystal Williams informing him that she had been diagnosed with breast Cancer. The plaintiff broke down and informed mental health personnel on how he was feeling, see housing unit log book 8/29/2022 page 91 entry 8:00pm.

On Tuesday August 30th, 2022 at approx 7:10pm co Serrano shield Number 12439 notified Captain Gaun and mental health staff that the plaintiff was acting erratic and seemed to be depressed and need assistance from medical personnel, see housing unit log book at * page 94.

On August 30, 2022 the plaintiff, informed housing unit staff that his toilet was stopped up and that feceies was floating in the toilet and that he need the plumber to be called.

The plaintiff was allowed to use the bathroom in another cell but he was never allowed to clean his cell toilet or be moved to another cell, which he was told could only be done by defendant **CAPTAIN GANIES** because of her ranking of security captain at the facility.

This lead to the plaintiff having to sleep eats and remain in a cell 23 hours a day with these fecees.

On Wednesday August 31, 2022 at approximately 10:30am, Captain Mitchell was escorting the plaintiff to the clinic area because Mental Health Personnel called him down after they were informed that he was having some mental health episode.

While walking out of the housing unit and towards building 2 inner gate an SRT team appeared being lead by defendant **CAPATIN FERNANDEZ** who stopped the captain Mitchell and asked where the plaintiff was going.

Captin Micthell explained that he was escorting the plaintiff to the facility clinic area for a medical callout which the SRT officer that was in the front (description is 6"3, slender built, long hair of dreads, light skinned) stated that the plaintiff is not allowed in the facility clinic area due to NYC DOC policy and him being a court ordered locked down inmate and that he did not care if the plaintiff was going crazy. The policy can be seen in Ex-A (page 4 - 6 )

Ignoring the information that they were given from Captain Mitchell he explained that the plaintiff needed IPC and CIT (both ackroms unknown to the plaintiff), he SRT team and captain ordered that the gate be open and started advancing towards the plaintiff in a threatening manner while screaming under their mask that "**I KNOW YOU**", " **YOU ARE THE GUY WITH THE LAW SUITS AM GOING TO FUCK YOU UP TODAY**".

It is important to note that the SRT team member who made this statement was standing with defendant **CAPTAIN FERNANDEZ.**

The plaintiff was threatened by these SRT team and defendant **CAPTAIN FERNANDEZ,** and was only saved from a physical attack by this team by the actions of CO Serrano shield 12439, who was working the housing unit who forced the plaintiff back towards him and away from the advancing SRT team, who had taken notice that the SRT team member with the dreads was within inches of the plaintiff and had his hands out in an attack formation and was also able to hear this SRT Defendant **(WITH DREADS)** was still talking under his mask about having an issue with the plaintiff s' law suit and needing to be taught a lesson.

**(PLEASE PRESEVE THE CAMERA FOOTAGE FROM HALLWAY AREA OUTSIDE OF HOUSING UNIT 2A ON THE DATE OF AUGUST 31, 2022)**

The retreated to his cell and contacted his attorney ERIC ABRAMS Esq. from Paul, Weiss, Rikfind, Wharton & Garrison LLP and informed them of what had just occurred because of the fact that he had an civil manner that was close to trial that involved an SRT Captain by the name of Bernard Mathis in the matter of ***ALEXANDER WILLIAMS V. CITY OF NEW YORK ET AL, 19-CV-3347 (LJL).***

The plaintiff also sent a letter for preservation to **CITY** Attorney's and to Magistrate Judge Katherine H. Parker from the Southern District in the matter of ***ALEXANDER WILLIAMS V. CITY OF NEW YORK ET AL, 22-CV-3819 (PGG) (KHP).*** This letter can be seen herein as EX-C. **(supporting an ongoing campaign of retaliation due to the plaintiff filing of law suits and publishing of a book titled "THE TRUE UNTOLD STORY OF NEW**

**YORK CITY'S NOTORIOUS RIKERS ISLAND", both which are acts protected by the First Amendment of the Const.)**

On August 31st, 2022 the plaintiff informed housing unit staff that his toilet was stopped up and that feceies was floating in the toilet and that he need the plumber to be called.

The plaintiff was allowed to use the bathroom in another cell but he was never allowed to clean his cell toilet or be moved to another cell, which he was told could only be done by defendant **CAPTAIN GANIES** because of her ranking of security captain at the facility.

This lead to the plaintiff having to sleep eat and remain in a cell 23 hours a day with these fecees.

On September 20, 2022 at 8:10am the plaintiff awoke to a gall bladder attack where he was having issues breathing, was vomiting and passing his bowels without being able to control them.

CO Pierce immediately called a medical emergency and informed the plaintiff that someone from outside of the facility had called the bubble station approximately 5:00am that morning inquiring if he was on the production list for Bellevue hospital.

At that time deputy warden Phillips called CO Pierce and instructed him not to bring the plaintiff to the facility Clinic because she did not care if he was dying, that she had to enforce the facility command level order for Court Ordered Lockdown Housing Unit that states that Court Ordered Inmate are not allowed in the facility clinic area. See Ex-A

CO Pierce informed Deputy Warden Phillips that the plaintiff seemed to be in bad shape and he defied Deputy Warden Phillips orders and called over the facility wide walike talkie for a medical emergency.

Roughly, an hour and a half later the plaintiff was being escorted to the facility clinic with chronic abdomen pain and vomiting.

While a CO Gomez stopped, being escorted to the facility clinic the plaintiff who is the Warden's executive sectary and informed that he and the warden had received an email at 5:45am in regards to the plaintiff missing numerous hospital appointments for surgery in his gallbladder.

CO Gomez escorted the plaintiff to the facility clinic where he was seen by Dr. Asari and informed that his Gallbladder matter was dire and he needed to go to the hospital as soon as possible. During the medical examination another Dr. Informed both Dr. Asari and the plaintiff that was wanted in a separate booth in the clinic area for tele-health where the surgery doctor from Bellevue hospital wanted to know why the plaintiff was not produced in the hospital for his scheduled surgery.

This was an ongoing matter where as Ex-B where the plaintiff was supposed to be produced to Elmhurst Hospital on September 15th 2022 for removal of his Gallbladder after doctor found that it needed to be removed before causing the plaintiff a life threatening medical issue.

At 10:30am, CO Gomez and Captain Wilmer escorted the plaintiff to the facility intake area while Deputy Phillips who was the facility tour commander that morning. When the plaintiff was taken into the intake area and Defendant **CAPTAIN WIGFALL** ran over to the

plaintiff and began cursing at him and becoming physical with him stating that he wanted him out of his intake and that he would "BREAK HIS NECK & DIDN'T CARE ABOUT THE PLAINTIFF BOOK OR LAWSUIT".

The plaintiff asked him what was the issue that he had never done anything to him and that he was in dire pain and was escorted by the warden sectary and captain Wilmer here why was not he addressing them.

Defendant **CAPTAIN WIGFALL** response was fuck you and the warden this is my intake area I do not care about your medical emergency or if you die, what I care about is your lawsuits. At that point, another officer who is unknown to the plaintiff stated to defendant **CAPTAIN WIGFALL** that he did not want to be part of what he was seeing after the incident leading to the arrest of correction staff.

On September 20th 2022 Deputy Warden Tindale, Captain Wilmer and defendant **CAPTAIN GANIES,** stated that *"YES" "I am weapons certified and I could take you to the hospital but right now I do give a fuck if you die because you placed by business in your book, hope you live to put this in Part II"*, at 11:45am when the three of them were summoned to the housing unit due to a level B being active when the plaintiffs' pains became unbearable and housing unit officers did not know what else too.

As promised by defendant CAPTAIN GANIES the plaintiff was not taken out of the facility until 4:00pm after enduring over 8 hours of unbearable pain from a Gallbladder infection.

On September 30, 2022 at approximately 11:45 am defendants **CO ANDRE HICKSON, CO KEVIN WHITE AND CAPTAIN GANINES** entered the housing unit of 2a at the GRVC facility and ordered the plaintiff to lock into his cell while he was conducting the feeding.

While the plaintiff was preparing to lock into his cell defendant **CAPTIAN GANIES** stated to him that she was tired of his shit and that she was well informed that he had sued the department of correction and the **CITY** but that she didn't give a fuck about a law suit because it wasn't her money that will be given out. **See EX-K and EX-L.**

Defendant **CAPATIAN GAINES** then went on to state that she was going to stop the plaintiff from contacting his attorneys who are representing him because if she stops that then she will stop the suits and that as the security captain she was going to ensure that his (1) hour mandatory daily recreation was cut as well, which the plaintiff filed a grievance memorizing see EX-D. As mental health referral was also generated from this, enter action which lead to the plaintiff being placed on Suicide watch. **See EX-M.**

On October 2nd 2022 the plaintiff was not afforded (1) hour recreation as stated by defendant **CAPTAIN GANIES.**

On October 3rd 2022 from 7:00am – 10:30am the plaintiff suicide watch was not present which he took as a way of following through on the threat from defendant **CAPTIAN GANIES.**

On October 3rd 2022 at 5:15pm the facility clinic contacted housing unit 2a and order that the plaintiff be produced and as soon as the officer requested Clarence over the facility wide walkie talkie to escort the plaintiff to the clinic defendant **DEPUTY WARDEN FLEMMING** called the housing unit and ordered the production to be stopped without reason.

At approximately 6"00pm the plaintiff was being escorted by officers and as soon as the plaintiff and officer walked outside of the housing unit deputy wardens Phillips and defendant **DEPUTY WARDEN FLEMMING,** stopped the plaintiff and officer and stated **DEPUTY WARDEN FLEMMING** stated *"I DON'T CARE WHAT HIS MEDICAL SITUATION IS YOU*

12

*DO NOT MOVE A BODY AFTER I GAVE AN ORDER NOT TO"*. It was clear to the plaintiff at that time that for whatever reason **DEPUTY WARDEN FLEMMING** order was adverse to his medical needs.

On October 4th 2022 the plaintiff requested medical and sick call due to stomach pain explaining that he didn't feel well in the area where he just had surgery at sick-call and medical was not provided and the plaintiff suffered with a constant pain at the level of being a on the scale from 1 – 10.

On October 4th 2022 defendant **PRESTON RITTER** walked into the housing unit 2a while the plaintiff was in cell (7) which is housing unit cell dedicated to legal studies, and stated to the plaintiff *"YOY ARE GOING TO DIE IN MY JAIL UNLESS YOU DROP YOU LAWSUIT"*.**(PLEASE PERSEVE THE HOUSING UNIT VIDEO APPROXAMATELY 11:00AM WHEN ADW HENRY SIGNED HOUSING UNIT LOGBOOK, IN CASE FOOTAGE IS ERASED BY TIME DISCOVERY PROCESS COMMENCE IN THIS ACTION).**

On October 4th 2022 at approximately 2:00pm defendant **PRESTON RITTER** gain was present in the housing unit while defendant was being afforded a shower. The facility Warden was present as well and when defendant **PRESTON RITTER** over heard the plaintiff voicing his grievances to the warden defendant **PRESTON RITTER** became aggressive and upset and began threatening the plaintiff and ordering him to shut up and go to the shower. **(PLEASE PRESEVRE THE VIDEO FOOTAGE FROM HOUSING UNIT 2A ON THIS DATE AND TIME SO THAT THE FOOTAGE WILL NOT BE ERASED OR MISSING BEFORE COMMENCEMENT OF DISCOVERY IN THIS ACTION)**

From August 29th 2022 – October 8th 2022 until on October 8th 2022 he was allowed to clean his cell, the plaintiff informed housing unit staff that his toilet was stopped up and that feceies was floating in the toilet and that he need the plumber to be called.

The plaintiff was allowed to use the bathroom in another cell but he was never allowed to clean his cell toilet or be moved to another cell, which he was told could only be done by defendant **CAPTAIN GANIES** because of her ranking of security captain at the facility.

These leads to the plaintiff having to sleep eat and remain in a cell 23 hours a day with these fecees.

On October 5th 2022 there was a mental health referral was generating by DOC Staff informing mental health personnel that the plaintiff conduct and behavior was being affected by the fact that he was unable to clean his cell and had to live with the feces inside of it, and that he seemed to be becoming suicidal.

On October 5th 2022 the plaintiff requested medical and sick call due to stomach pain explaining that he didn't feel well in the area where he just had surgery at sick-call and medical was not provided and the plaintiff suffered with a constant pain at the level of being a on the scale from 1 – 10.

On October 5th 2022 defendant **CAPTAIN GANIES** was present on housing unit 2b but made it her business to stop at housing unit 2a and informed housing unit staff that the plaintiff was not to be moved out of his shitty cell unless he agreed to unpublished his book, speaking in regards to the book titled "THE TRUE UNTOLD STORY OF THE NOTORIOUS RIKERS ISLAND".

On October 5th 2022 at approximately 6:30pm defendant security **CO GRAVES** came to afford legal phone calls to court ordered inmates attorney and informed the plaintiff that he would not be able to call his attorney unless he agreed to drop his lawsuit against him. Defendant **CO GRAVES** was speaking in reference to the matter of ***ALEXANDER WILLIAMS JR V. CITY OF NEW YORK ET AL.* 21-CV-01083,** where defendant **CO GRAVES** is named as a defendant in regards to the plaintiff medical needs.

The plaintiff was deprived from calling his attorney for from September 30th 2022 - _____, _____, 2022 and was only being afforded when CO Willie McNeil or CO Harris conducted the legal calls for court ordered lock down inmates.

On October 6th 2022 the plaintiff requested medical and sick call due to stomach pain explaining that he didn't feel well in the area where he just had surgery at  sick-call and medical was not provided and the plaintiff suffered with a constant pain at the level of  being a on the scale from 1 – 10.

On October 6th 2022, the plaintiff was scheduled for a medical trip to Bellevue Hospital for a checkup due to his surgery after complaining of stomach pain daily which was abnormal. The defendants **CITY** failed to produce the plaintiff to medical appointment which denied the plaintiff adequate medical care after a surgery and also seems to be a custom,  practice, usage, procedure or rule not to produce inmate to medical appointments inside and outside of the facility. The plaintiff cannot inform the Court on exactly how many date the plaintiff was not produced to hospital by defendant **CITY** by way of DOC Officials so the plaintiff ask that the Court review the plaintiff  DOC Medical records to include any all medical appointments that he was not produce to, to add to this claim.

On October 6th 2002 at approximately 2:30pm Defendant **CO GRAVES,** conducted

legal calls and once dialed the number to Julie A. Clark Esq., 917-309-9862, stood in front of the

plaintiff door and listened to the plaintiff calls with his attorney until he was done. This violated

the plaintiff Sixth Amendment Right to communicate with his attorney in private. **(PLAINTIFF**

**ASK THAT THE FOOTAGE FROM THIS DATE AND TIME BE PRESERVED SO**

**THAT IT WILL NOT BE ERASED DESTROYED OR UNAVIABLE ONCE**

**DISCPVERY IN THIS MATTER IS COMMENCED)**

On October 7th 2022 the plaintiff requested medical and sick call due to stomach pain

explaining that he didn't feel well in the area where he just had surgery at sick-call and medical

was not provided and the plaintiff suffered with a constant pain at the level of being a on the

scale from 1 – 10.

On October 7th 2022 at* 12:15pm defendant Andre Hickson conducted legal phone calls

for the Court Ordered Lock Down inmate of housing unit 2a. Defendant Andre Hickson walked

to the plaintiff cell with the phone in his hand and once he was in front of plaintiff cell checked

to make sure that his boy worn camera was off and stated *" I DYOU WRITE ON A GRIEVANCE*

*BEON'T CARE WHAT YOU WRITE ON YOUR GRIEVANCES BECAUSE GANIES IS*

*BACKING ME (SPEAKING IN REFERRENCE OF DEFENDANT CAPTAIN GANIES) YOU*

*ARE NOT TO CALL YOU LAWYERS UNTIL YOU DROP YOU LAWSUIT AGAINST ME AND*

*UNPUBLSH YOUR BOOK, SPEAKING IN REGARDS TO THE BOOK TITLED **"THE TRUE***

***UNTOLD STORY OF NEW YORK CITYS' NOTORIOUS RIKERS ISLAND".***

Due to this the plaintiff was unable to contact s to his attorney's in regards legal matters

which caused him to be depressed, stressed out and have an anxiety attack.

16

It is also important to note that the facility maintains a policy that is seen herein EX-__E__ , that clearly states that GRVC staff is to record on their body worn cameras *"ANY/ALL"* services that are provided to the plaintiff and log such on a separate excel grind sheet along with storing footage, stating the plaintiff by name and book and case number.

On October 8th 2022 the plaintiff requested medical and sick call due to stomach pain explaining that he didn't feel well in the area where he just had surgery at sick-call and medical was not provided and the plaintiff suffered with a constant pain at the level of being a on the scale from 1 – 10.

On October 9th 2022 the plaintiff requested medical and sick call due to stomach pain explaining that he didn't feel well in the area where he just had surgery at sick-call and medical was not provided and the plaintiff suffered with a constant pain at the level of being a on the scale from 1 – 10.

On October 10th 2022 the plaintiff requested medical and sick call due to stomach pain explaining that he didn't feel well in the area where he just had surgery at sick-call and medical was not provided and the plaintiff suffered with a constant pain at the level of being a on the scale from 1 – 10.

On October 08,2022 the plaintiff requested a medical emergency from Captain Jones who contacted the facility clinic area explaining that the plaintiff was in need of medical care from serve pain in his stomach and had just had surgey . This took place at approx 1:15pm the plaintiff was forced to sit and wait while in pain until 5:00pm that night.

This is a matter that has already been addressed in the matter of <u>AGNEW V. N.Y.C. DEPARTMENT OF CORRECTION</u> 2021 N.Y.Misc. LEXIS 6134. Where Judge Elizabeth A. Taylor ordered DOC and defendnat City to get in compliance with its mandatory duties under New York City Aministrative Code § 9-108(c), Correction Law § 500-c(4), and the Rules Of The City Of Ne York 40 §§ 3-02(b)(4),(c)(1), (c)(2)(i) and (c)(4).

On October 9th 2022 at approxamately 2:00pm Inmate Kwaine Thompson was sprayed in the housing unit area with MK-9 which lead to the entire unit whihc is only 16 cells being filled with the chemical agent. The plaintiff began to suffer from a asmatha attack due to beuing allergiuc t peppers which is listed in his medical records..

The plaintiff was never afforded the medical care that he requested and as a result was forced to use sink water and a wash clothes as a make shift filteration system.

On October 9th 2022 the plaintiff was not allowed the opportunity to call his attorney as the Court Order Polcicy states and is under the believth taht he was not allowed to do so because he was told this by Defendnat KEVIN YOUNG  on October 8th 2022 that he would not be allowed to call his attorney as long as he had an issue with security satff standing in front of his dorr whenever he spoke with his attorney.

On October 10,2022 at approxmately 9:25AM Defendnat Capatin Ganies toured the plaintiff housing unit of 2a. When she passed the plaintiff door she hesitated as if the plaintiff and her was speaking and stated that "I SEE SECUIRTY HASNT BEEN HERE TO AFFORD YOUI LEGAL CALLS", "THAT IS MY TEAM AND THOSE ARE MY

ORDERS". "YOU WILL BE AFFORDED LEGAL CALLS WHEN YOU DECIDE TO UNPUBLISH YOUR BOOK" (SPEAKING IN REGARDS TO THE PLAINTIFF BOOK TITLED: THE TRUE UNTOLD STORY OF NEW YORK CITY NOTORIOUS RIKERS ISLAND)

The plaintiff explained that he would not be using the phone because he had ni plans of unpublishing his book. Defendnat CAPTAIN GANIES  response was that "NIGGA I WILL GET YOU KILLED RIHGHT HERE IN THE JAIL" "I will have people pull up to your cell and trust me i havew done this before".

From the researched the plaintiff did before he published his book he discovered that the defendant CAPATAIN GAINES did assult another female captain by the name of Captain West while being emploryted as a Captain at the GRVC facility which allowed the plaintiff to belive that their was credance to the defendant CAPATIN GABNIES  threat as she had already shown that she has a perpensity for commiting acts of violence.

The plaintiff then oper heard the defendnat CAPTAIN GANIES turn to Coprections officer Kenol and Correction Officer Graham amd state that she wanted to to write a report stating that they had heard the plaintiff threaten her because she knew how to get him to drop his book out of circulation with her name in it and that she planned to attempt to press charges against the plaintiff for something  or some sort of matter. (PLEASE PERSEVE THE GENTIC CAMERA FOOTAGE AND BODY CAMERA FOOTAGE FROM CAPATIN GANIES AND BOTH CO KENOL AND GRAHAM TO ENSURE THAT THE EVIDENCE IS NOT ERASED OR UNAVAILBE BEFORE DISCOVERY STAGES COMMENCE IN THIS MATTER)

EX- I is  A statment from an inamte by the name of Kwaine Thompson who was a witness to this ordel.

During this ordel the defendnat **CAPATIN GANIES** stated that she
wish that the plaintiff would just die and that she had already
attempted to help him die by taking her time getting him out
of the facility on the day that he was schedlued for surgey.

Defendnat **CAPATIN GANIES** is directly reffering to September
20, 2022 when the plaintiff was in a medicla emergency due to
GallBladder and not being produced to Bellvue hosipital for the
5th or 6th time form medical. **EX-J** is the plaintiff's CMC information
shett that clearly states that the plaintiff is to be transported
by tranportation department only, but on the date and question
defendnat **CAPATIN GANIES** and other **RØXE** DOC Officials purposely
failed to implement their own transportation policy as it relates
to the plaintiff as an act of retalaition which as a result resulted
his constitutional rights.

Also during this same ordel defendant **CAPTAIN GANIES** STATED
to the plaintiff that he was not going to be allowed a shower,
was not going to be allowed to contact his attorney nor was he
going to be allowed his (1) recreation by her orders as security
captain at the facility. See EX-23.

As a result of this on October 10, 2022 the plaintiff was
not afforded a shower when he requested as an act of retaliation
from defendnat **CAPATAIN GAINES**, as a result the plaintiff was
not allowed to call his attorneys as am act of retailiation from
defendnat **CAPATIN GAINES** and as a result the plaintiff was ubject
to 24 hour locked in a cell without recreation when he requested
as an act of retalaition from defendnat **CAPATIN GAINES**.

On October 10, 2022 at approxmately 11:30am defendnat **CAPATIN GAINES** toured again and as she passed the plaintiff cell stated I want to see how those new charges fit your ass, because I know what you case is and I know that you have been locked up 5 years (**INFORMING THE PLAINTIUFF THAT SHE HAD TO HAVER WENT AND RESEARCHED HIM AND CONTEMPLATED AN ATTACK OR ACT THAT WOULD ADVERSE TO HIS CRIMINAL CASE**) and I know that once I file a polcie reprot stating that you tyhreaten me as a Peace Officer that it will fuck your entre case up.

On October 11, 2022 the plaintiff was not afforded recation as bn act of retalaition from defendnat **CAPATIN GANIES**, WHEN HE REQUESTED IT.

On October 11th 2022 at approxametly 10:15am - 11:15am Defendnat **KEVIN WHITE** was affording the plaintiff his legal call as per court order lock donw policy when as he was dialing the plaintiff's lawyer Julie A. Clark Esq, the phone line wnet dead and defendnat **CAPTAIN GANIES** came over the air via the walkie talkie and stated that "THAT INMATE IS NOT ALLOWED TO CALL HIS ATTRONEY". Kevin White was lost and noit in aggreance with the action of defendnat **CAPATIN GANIES** but could not afford the call because of the line was cut from DOC adminstartion office, whihc was outside of the housing uynit and out of his power.

On Saturday October 8th 2022 the defendnat **Kevin Young** conductred legal calls on housing unit 2a ands stated to the plaintiff that he would not be allowed to call his attorney because he was changging his pin number whihc was 718-718 to  an unknown pin.

As a result on the plaintiff was not able to call his lawyer on S̶u̶n̶d̶a̶t̶ᵡxx Sunday October 9th 2022.

On October 12, 2022 when legal calls was being afforded by defendnat **Andre Hickson** He was unable to service the plaintiff call because the pin that defendant **KEVIN YOUNG** changed it to from 718-718 to 884-884, was no longer the same and there was no update.

There was also no documentation as to why the plaintiff pin had been changed 3x's in (1) week. This in itslef is clear and supportive evidence that DOC Officlas are and engagging in a campaingn related to retlaiting against the plaintiff for whatever reason.

On October 12, 2022 at approxamately 11:30am a ESU Unit rushed the pplaintiff housing unit whoile he was in Cell 7 whihc is dedicated to Law Library studies. The plaintiff was legally in possesion of a DOC issued Tablet and an USB with his discovery that was sent to the New York Citry legal Division by his attorney and had already been examined and apporved for his possession.

**T̶h̶i̶s̶ E̶X̶ESU UNI** conducted a search of the plaintiff and his cell whihc is cell 11, and ended up taking from the plaintiff two pair of Puma sneakers whihc were approved by DOC official and a sweater whihc was DOC issued and a pair of grey sweat pants whihc also was never given a reason why these items where taken nor given a reciept for entire items or USB with Discovery oṁ it. See EX-22

The plaintiff understood this as being from defendnat **captain ganies** who made this types of threats on a prior date stating that she would have nigga pull up to the plaintiff cell.

This is also support of the defendant's **CITY** failing to
train ESU members in infomring them that Court Order Classified
Inmate are allowed USB via disoovery by way of the facility law
library. This si Crucual because it seems as in **ALEXANDER WILLIAMS
JRV CITY OF NEW YORK ET AL,** 21-CV-1083 (PGG) (KHP) AND **ALEXANDER
WILLIAMS JR V. CITY OF NEW YORK ET AL.,** 22-CV-3819 (PGG) (KHP)
that the defendnat **CITYY** by way of DOC Officials have applied
a retsriction of limiting the plaintiff law library access which
is a restriction noit listed on the Supreme Court Lockdown Order
and ADA Ernest Chin has explained that such limitations and restriction
are not in accordance with the lockdown order to DOC officials.

It is also support that defendnat **CITY** by way of the defendnat
listed and named herein this complaint failed to train and sypewrvise
these defendnat and ensuring that that posess the mental capacity
of not being emotional and / or not using DOC polcies, customs,
usgaes to retaliate againt the plaintiff or any other inmate
detaninedd with city facilities.

The failure in this training is the exact reason and cause
of the rise and uptick in death amaonsgt detainee on rikers Island
that the World has been seeing and witnessing firts hand.

On October 12, 2022 the plaintiff wa snot allowede to call
his attorney as an act of retlaition nor was he afforded his
(1) hour of recreation whihc as a result lead to him being confined
in a cell for 24 hours a day for the fourth day in a Row.

This is not what the plaintiff Supreme court Order satted
and the defendndt s inclduing **CITY,** has failed to give the plaintiff
and notification as to why these are factors that are occurring
whenever he grieves and demand as written response.

ON October 12, 2022 when ESU team member escorted the plaintiff from cell 7 to cell 11 to conduct a search they did so even though the plaintiff informed the officers that he was not supposed to be rear cuffed and had medical reocrds stating such.

The department of corrections as well as Bellevue Hospital gave medical permiots informing that the plaintiff is to be front cuff only due to surgey and rear cuff crerating complications. See EX-Z

Later that day on October 12, 2022 the plaintiff began feeling a sharp pain in his adomend area and notice blood coming out of his rectum area when he used the bathroom. He informed housing unit staff of this who informed him that medical stated that they were busy and would call him down later. See EX-24.

On October 12, 2022 at approxamately 6:40pm defendant ANDRE HICKSON , stated to the pl;aintiff that he was told by defendnat CAPTIN GANIES  not top allow the plaintiff to call hisa attorney but that he woulkd order the plaintiff comissary that must be ordered by phone.

On October 13, 2022 the plaintiff asked for a shower and was denied the righ tto do so stating that the defendant CAPATIN GAINES gave an order tha the was not allowed to take a shower until he unpbubvlished a book.

Also on that same date of October 13, 2022 the plaintiff wasnnot afforded his (1) Hour recreation in pursuant to his Supreme Court Lockdown Order  or sick-call stating that the defendnat CAPTAIN gANIES  left word that he was not akllowed either of these services.

The plaintiff infomred housing unit staff that he was in serve pain and was vomiting and bleeding out of his rectum and needed medical services bad. he was notx afforded these services

24

and belived that the denial of these services was tied to the order from defendant **CAPTAIN GANIES** , like every other services was denied by her order.

On October 13, 2022 the plaintiff was again shceduled to be taken to **Bellevue Hospital** for Post-opt srugey check up by the plaintif was not produced by **"DOC OFFICIALS"** with a reason unknown butr belived that again the defendantx **CAPATIN GAINES** had interuypted his medical trôþ as he had seen so in the past.

Also onOctober 13, 2022 the plaintiff became aware that both sets of his sneakers were no longer in his cell after the ESU search the day before and rember seeing these officers walk out of his cell with a bag.

"The plaintiff ask thet the footage and body camera footage from this seach be perserved so that it is avaiable by the time the discovery process for this matter commence."

Again on October 14, 2022 the plaintiff alerted medical staff and housing unit staff that he was bleeding from his rectum and vomiting twice or three times a day and needed to be examine because of sharp apin in his area where he had recently had sûrgey at.

AGain the plaintiff medical emergency matter s was ignored under the pretense that he would be allowed medical attention if he discontinued selling a book where the defendant **CAPATIN GANIES** was named inside of it from a negative point of view.

The plaintiff wanted to contact his attorneys' and ask them for help from the outside and again on October 14, 2022 the plaintiff was not afforded sick-call, (1) hour recration of legal calls to prevent him from informing his attorney's of the conduct that the defendant's were engaging in.

On October 14, 2022 at  approxamately 5:50 pm defendant
**PRESTON RITTER AND ANDRE HICKSON**, was present on housing unit
that the plaintiff was detained in and explained that they would
alǝow the plaintiff to order commissary via phone but was ordered
by their capatyin defeddant **CAPTAIN GAINES** not allow the plaintiff
to contact anyuone that was on his allowed call list until he
played ball with them. Ɵn that date and time defendant **ANDRE
HICKSON** Ǝpecifically asked the plaintiff " **WHAT DO YOU WANT TO
TALK TO YOUR LAWYERS ABOUT SO BAD**".

On October 15, 2022 at approxamately 7:15 am the plaintiff
spoke directly to the doctor who was present durring sick-call
rounds and explained that he was bleeding , vomiting and had
serve pain in hgis stomach to whihc the doctore stated that I
wouyld see what I can do for you and left the housing unit. as
a result the plaintif fwas never seen by medical staff that day
nor was he given a reason why. ǪTHE PLAINTIFF ASK THAT THE GENTIC
FOOTAGE FROM THE HOUSING UNIT ON THIS DAT E AND TIME BE PERSERVED
SO THA TIT WAS NOT BE EREASED  BY THE TIME THAT DISCOVERY STAGE
COMMENCE IN THIS MATTER).

On October 15, 2022 at approxamately 2:15pm defendant **ANDRE
HICKSON**  was present on the housing uṁit conducting lefgal calls.
This defendnat came to the plaintiff who was in cell 7 an this
time and stated that you "**YOU ALREADY KNOW YOU ARE NOT GETTING
ANY CALLS UNTIL YOU CHILL WITH THAT BOOK RIGHT**" and walked off.
(THE PLAINTIFF ASK THA TTHE GENTICE FOOTAGE FROM THIS DAT E AND
TIME BE PERSVED FOR DISCOVERY PURPOSES ).

On October 15, 2022 for the 6th times that week of the month the plaintif fwas not afforded his (1) recreation pursuant to his Suprme Court Lockdonw order. This as a result was the plaintiff being subjected to 144 hours straighht locked in a cell without access to sun, fresh air or ability to excercise and was done in a punitive fashion or in regards to retaliation for his lawsuits and publishing of a book that expsosed certain correctional officers and some of which are defendnat herein this complaint. **DEFENDNAT ANDRE HICKSON, DEFENDNAT PRESTON RITTER AND DEFENDANT CAPATIN GAINES.**

These type of condiction are inhumane and are in violation of the plaintiff Constitutional rights.

It is clear that the defendants as well as defendnat **CITY** by way ofd Department of Correction officials are deliberate and indiffrent to the objective condictions surreounding the mandated (1) hour reareation the the plaintiff is suppose to have whihc is in accordance with the supreme court lockdown order.

On October 15th 2022 at approaxmately 6:00pm the defendant **ANDRE HIOCKSON** was present on the plaintiff hosuing unit coṁducting legal calls.

When defendant **ANDRE HICKSON,** appraoched the plaintiff he asked the plaintiff was willing to play ball yet and that is so he would allow the plaintiff to call his attorney as long as the plaintiff diodnt complain about him listening to the call.

The plaintiff was kneel over and begged the defendnat **ANDRE HICKSON,** to please alert the clinic that he was having a medical emergency , by bleeding from his rectum area and vomiting attched to cold and hot flashed.

The defendnat **ANDRE HICKSON**, informed the plaintif ftah the didnt give a flying fuck about his health and would not alert a soul about how he was feeling and that the plaintiff should of thought about such before he sued him. The defendnat **ANDRE HICKSON** was speaking in regards to the ongoing matter in this Circut of ALEXANDER WILLIAMS JR VS . CITY OF NEW YORK ET AL, 21&CV-1083 ◊PGG) (KHP).

**The** sdame defendnat was also found to be liable for simular tactic in retalaition against the plaintiff and another court order lockdown inmate in the matter of NJOHMANNI ANDUZE V. CITY OOF NEW YORK ET AL., 21-CV-0519 AUGUST 08, 2022 (REPOPRTER) 2022 U.S. Dist 140929.

it is improatant to note that the defendants **CITY** by way of New york City Department of Correction maintain a polciy that states: 3-02(B)(4) "CORRECTIONAL PERSONNEL SHALL NEVER PROHIBIT, DELAY, OR CUASE TO PROHIBIT OR DELAY AN INMATES ACCESS TO CARE OR APPROPRIATE TREATMENT. ALL DECISIONS REGARDING NEEDS FOR MEDICAL ATTENTION SHALL BE MADE BY HEALTH CARE PERSONNEL".

defendants' **ANDRE HICKSON** denail to the plaintiff for medical care was violation of his rights and was tied directly to retaliation against the plaintif ffor Fistt Amendment in filing a lawsuit and petitioning the governement.

Defendnat **CITY** is also liable for this denail in that defendnat **CITY** is and was properly informed of the retalaition tactics and methods that the plaintif waa recieving from the defendnat as they were already hight lighted in not one but two prior suits before the filing of thei comapint in matters of ALEXANDER WILLIAMS

28

VS. CITY OF NEW YORK ET AL, 21-CV-1083 (PGG)(KHP) & <u>JOHMANNI</u>
<u>ANDUZE VS . CITY OF NEW YORK ET AL.,</u> 21-CV-0519 )AUGUST 08,
2022 (REPORTER 2022 U.S. Dist 140929) and that defendnat CITY
failed to prevent further retalaition against the plaintiff.

Defendant ANDRE HICKSON was aware that the plaintif had
recently had a stomach surgey and removal of an organ so being
informed of the pain and condiction that the plaintiff explained
and denying such medical care in negligent and malice in a deliberate
and indiffreecne fashion.

On October 16, 2022 at approaxmately 5:00pm defendant CO
GRAVES was present on the plaintiff housing unit to conduct
legal calls and when the plaintiff was attempting to call his
attorneyu to report what he was going through the defendnat CO
GRAVES stood directly in front of the plaintiff door as to listen
to the plaintiff conversation with his ꭓꭓꭓꭓꭓ attorney which
is protected under the Sixth Amendment of teh Const and a matter
that the defendnat CITY was given notice violated the plaintiff
rights before hand in the matter of <u>ALEXANDER WILLIAMS JR V.</u>
<u>CITY OF NEW YORK ET AL.,</u> 21-CV-10873 (PGG) (KHP) REPORT AND
RECCOMENDATION DATED AUGUST 05, 2022. ( THE PLAINTIFF ASK THE
THE GENTIC VIDEO FOOTAGE FROM HOUSING UNIT 2A BE PERSERVED FROM
THIS DATE AND TIME SHOWING THAT DEFENDNAT GRAVES WHILE CONDUCTING THE
PLAINTIFF LEGAL CALLL TO ꭓꭓꭓꭓꭓ516-316-2841 DID STAND IN FRONT
OF CELL 7 WHILE PLAINTRIFF ENEGAGED IN PROTECTED CONVERSATION).

On October 17, 2022 the plaintiff was not afforded to opprotunity
to call hiss defense attorney's even though he was sbceduled
for an improtnat hearing the next day on October 18, 2022 that
could determine the course of his criminal case.

This denial was duriing the 7-3 tour whihc are normal buisiness hours where a lawyer could be contacted.

During the 3-11 tour at approxamately 7:00pm Defendant CO GRAVES came to the plaintiff's housing unit to conduct calls and the plaintigf had the opportunity to speak with this defendnat in regaurds to the violation of denying legal calss and the violation of the lack of privacy that the plaintiff was being afforded as it related to legal calls with his defense team.

During this conversation in the housing xounit dayroom defendant CO GRAVES  informed the plaintiff that secuirty team officer was instructed by defendnat CAPATIN GANIES not to allow the plaintiff to contact with his defense team or allowed call list because of the fact that the plaintiff had writen about her in his book.

Defendant CO GRAVES  also stated that he was instructed by his capatin who is defendant CAPTAIN GANIES that pursuant to DOC polciy 4007 R-B that anyone from secuirty could legally listen and also take notes in regards to what the plaintiff was talking about on the phone regardless of who the plaintiff was speaking with whether it was a lawayer or a private investigator.

This statement is tying the defendnat's actions to Custom, Practcies, Usages, Procedures and rules that violates the plaintiffs Cohstitutional rights to privacy with his attorney under teh Sixth Amendment of the United States Const.

As a result the plaintiff was unable to work on the presntation with his defense team that  they were preparing for their meeting with the Kings County Homicide Borough Chief in efforts to getting the Plaintiff Criminal Charges dismissed .

It is alos obvoius that the Custom Usgae, Polciy, Practice, Rule And ./or Procudire that is being enforced against the plaintiff

in reference to this matter of communication with hjis alllowed attoirney's is being enforced to obtain just that desired adverse affect against the plaintiff.

On October 17, during the conversation with defendnat CO GRAVES at aprroaxmenetly 6:45pm -7:30pm on hoisung unit 2a in dayroom.(THE PLAINTIFF RESPECTFULLT DEMAND THAT THE VIDEO FOOTAGE FROM THIS DATE AND TIME BE PERSVED SO THAT THE GENTIC VIDEO CAN BE PRESENT DURING THE STAGES OF DISCOVERY IN THSI MATTER).

ON oCTOBER 17, 2022 AT APPROX 12:15PM THE PLAINTIFF WAS ALLOWED TO USE CELL 7 ON HOUSING UNIT 2A WHIHC IS DEDICATED FOR LAW LIBRARI STUDIES FOR cOURT ORDER CLASSIFICATIOPN OF INMATES. The footage form this date and time until 2:30pm will show that the plaintiff is subjected to having to use a plastic bag to urinate or deficate into while in cell 7 because of the fcat tha thee is no toilet in this cell and housing unit staff in instructed by defendant CAPTIN GINES  not to open cell doors unless she or another caoptin is present.

This isxtoxtx something that is impossible because of the fact that the facility GRVC is short of staff whihc include Captins whihc affects the enforcmenet of this Rule, Practcie Polciy without being  Cruel and Unusla or Abritry and Caprious in nature.

The poaintiff ask that THE GENTIC FOOTAGE FROM THIS DATE AND TIMES MENTIONED IN REGARDS TO THIS CLAIM BE PERSVED FOR DISCOVERY PURPOSES 10/17/2022 12:30PM - 2:30PM DIRECTLY CELL 7 AREA OF HOUSING UNIT 2A.

Oc October 18, 2022 the plaintiff was produced to the Seg Intake section of the facility for Court Prodcution.

While waiting in the section of the Building (1) in front
of the Seg Intake door defendnat **CAPATIN gANIES** appeared in the
Facility Corridor section in front of Building one apporaxmately
7:30am and stated to the plaintiff the following, **"I SENT ESU TO
YOU AND THEY STRIPPED YOU OF YOU LEGAL WORK AND SNEAKERSBECUASE OF THE FACT
THAT YOU ARE BEEEFING WITH ME AND "MATHIS", I SEE THAT YOUR LAWSUITS STILL
HAVENT BEEN DROPPED SO DO NOT BE SURPIRSED IF YOUR COURT CLOTHES ARENT'S ALL
THERE".**

The statement from  defendant **CAPATIN gANIES**  is a direct statement
that informed the plaintiff that he was subject of her retalaition
on October 12, 2022 when ESU  took his property and legal studies
in the form of USB and DOC issued tablet. It also supports that
defendnat **CAPTIAN GANIES**  conduct is a direct and proximate result
of the plaintiff suffering foom a campaign of retailation that
she is spearheading due to his grievances against her, his book
in whihc she is named in titled"THE TURE UNTOLD STORY OF NEW
YORK CITYS' NOTORIOUS RIKERS XXKBNXXXXXXXISLAND", AND  an ongoing
Civil matter in whihc he is approaching trial in the matter of
ALEXANDER WILLIAMS JR, VS. CITY OF NEW YORK ET AL,  19-CV-3347 (JLJ), where
it this matter it has aready been  shown that many Correctional Perəonnel
has been retaliating against the plaintiff inm regards to. (THE
PLAINTIFF DEMAND THAT THE FOPOTAGE FROM THE FACILITY CORRIDOR
FROM OCT 18, 2022 MORNING OF 7:10AM - 8:00AM BE PERSVED FOR DISCOVERY
PURPSOES).

On October 18, 2022 when the plaintiff was getting dressed
for Court he beaame aware that he blacck Gucci shoes was missing
from his Court Clothes bag and understood then what defendant
CAPTIN GAINES HAD  stated to him minutes earlier. The plaintiff
filed a griavnce as a result to memoralize the incident. **See EX-16.**

PLEASE NOTE: THAT THE AREA IN SEG INTAKE WHERE COURT ORDER INMATE TRIAL CLOTHES ARE STORED IS CONSTANTLY UNDER CORRECTIONAL STAFF OBERSRATION AND HAS NO INMATE WORKERS PRESENT EVER.

On October 19, 2022 during the times of 12:30pm and 1:15pm defendants CO PRESTON RITTER, KEVIN WHITE AND ANDRE HICKSON WAS presnt on the plaintiff ghosuing unit conducting legal calls. At some time durring their being present the defendnat PRESTON RITTER walked over to cell 7 where the plaintif fwas using for legal; studies and preparation of this complaint and began speaking to the plaintiff in efforts to convicne him to dropp his lawsuit against MATHIS who was once his capatin at teh facility and to discontinue his grievance and that he would ensure that the plaintiff be allowed to contact his attorney and that all retalaiation would cease. THE PLAINTIFF ASK THAT TRHE FOOTAGE FROM CELL 7 ON OCT 19, 2022 FROM 21:30PM - 1:15PM BE PERSVED FOR DISCOVERY PURPSOES.

On October 20, 2022 at approxamately 11:00am - 12:15pm the plaintiff was forced tp uroinate and defcate inside of a DOC issued plastic bag while he was in Cell 7 being afforded Law Library on housing unit 2a. (THIS IS A CUSTOM, POLCIY, PRACTCIE, USAGE, RULE AND PROCEDURE) becaose f the fact that cell 7 does not have a Toliet inside of it and as per CLO 13/21 seen in EX#-A herein officers are told not to onpen any cell doors unless a captin is presnt. See Pg 2 of Ex-A.

PLEASE NOTE: THAT THE PLAINTIFF REQUEST THAT THIS CLAIM BE ADDED TO WHATEVER XWXXXKXXX THE COURT DEEMS THE VIOLATION IS AS WELL AS BEING ADDED AGAINST THE DEFENDNAT CITY FOR THE SXITH, EIGHTH, THIRD FOURTH AND FIFTH CUASES OF ACTION STATED HEREIN THIS COMAPLINT.

(THE PLAINTIFF ALSO DEMAND THE THE HOUSING UNIT FOOTAGE BE PPERSEVED
FROM THIS DATE ON OCTOBER 20TH 2022 AND TIME OF 11:00AM - 12:15PM
SO THAT THE FOOTAGE WOULD BE AVAIBLE DURRING THE TIME OF DISCOVERY
IN THIS MATTER)

On October 20th 2022 again at approaxmatley 1:30pm - 2:15pm
and 2:15pm 03:15pm the plaintiff was inside of cell 7 on housing
unit 2a at the GRVC facility and was forced to urinate in the
DOC plastic bag because the Coorectional officer that wsas on
the post calimed to be a medical status of MM2 and could not
open the housing cell door without a captin present and/.or another
correctional o6ficer whihc the facility informed her was not aviable
at the time.

On October 21,2022 the defendnat KEVIN YOUNG  was present
on the housing unit conducting legal call at approxamately 6:30pm
-7:00pm and stated to the plaintiff the following: FUCK BOY
YOU ARE NOT GOING TO USE THIS PHONE AND I BET MY CHECK THAT YOUR
ASS GETTING SHACKLED DOWN DURRING YOU REC TIME TOO". This was
a direct and proxmate therat that informed the plaintiff that
defendant KEVIN YOUNG was aware that the retsraint being used
against the plaintiff was being used unlawfully and in a from
of retalaition.

As a result the plaintiff was denied the right to speak
wit hhis attorney as well as was intentioally inflcited Emotionally
by the defendant's KEVEIN YOUNG  conduct.

On October 20th 2022 evening the plaintiuff was finally
able to speak with mental health clinicain PHILLUP WHITQAHAM
in regards to the emotional affects that the treatments that
he was endurring was taking on himfrom the defendnats KEVIN YOUNG,

CAPATIN GAINES, CO ANDRE HICKSON, CO PRESTON RITTER, CO GRAVESX
AND CO KEVIN WHITE AND OTHERS. The plaintif was able tro exprss
that he was at times thinking of harming himself in order to
escape the futherance of such retalaition.

On October 20, 2022 evening appraoxmately 7:00pm - 7:30pm
the defendnat KEVEIN YOUNG  was present on the housing unit to
conduct legal calls and denied the plaintiff the right to contact
hès legal team unless he was abls lawyers and take notice that
this usgae, practcie, polciy  and/or cutsom is something that
the defendnat CITY was aware was being practcied as it related
to Court Order lockdown inmates and is a known violation of Sixth
Amendment right to communicate with Counsel in a secure and privatre
manner.This practcie, usgae, custom and/or polciy is also evidence
thet the defendant CITY failed to train and supervise the defendnat
s who inagnged in that practcie of the proper and legal way to
provide legal calls to court ordered lockdown inmates.

On October 21,2022 the plaintif was afforded his (1) hour
recreation by Rec staff in accordance with EX-A polciy in a manner
of waist chains, shackles and leg iorns.

On Octyober 22, 2022 when the plaintiff was affordded his
(1) hour recreation he was done so in accordancwe with EX-A polciy
that states that lcokdon inmates must be shackled and waist chains
and leg xirons while inside of the cage for an hour Recreation.

On October 23, the plaintif was afforded ħis (1) hour recreation
in acEX-A whihc again violates his rights and is Cruel and unusal
Punishmanet without due proces of the Law.

The usage, practcie, polciy of this practcie was deemed to already violate the rights of Court Ordered Lockdown inmate by Magistarte Judge Katherin H. Parker in the matter of ALEXANDER WILLIAMS JR. V CITY FO NEW YORK ET AL., 21-CV-1083 (PGG) (KHP) R&R DATED AUGUST 5, 2022, MEANING THAT DEFENDNAT CITY was and is aware that such a practcive is wrong and unlawful and still failed to change supervise or inform defendnat that are employee of the New York City Department of Correction that such tactic and procdures are wrong and need to be changed immediately to ensure the rights of the plaintiff's ALEXANDER WILLIAMS JR, and other classified as being Court ordered Lockdwon inamtes with the New York City Department of Correctionss.

On October 23, 2022 the plaintiff again was forced to urinate and deficate inside of a DOC issued bag because there was no capatin present of assigned to the housin gunit on that date whihc made it difficult for the plaintiff to be moved back and forth from cell 7 durring the times that he used it to cell 11 where he is assigneddto use the bathroomnaxkixkfxixxxxxxxxxxxin a timely fashion. (PLEASE PERSVE THE GENTIC FOOTAGE ON THIS HOUSING UNIT FROM TIME OF 1:30 PM - 3:00PM SO THAT IT MAY BE AVIABLE DURRING DISCOVERY TIME IN THIS MATTER)

On October 24 -28th 2022 was not afforded hour recreation in pursuant to with his Supreme Court Lockdown Order, the plaintiff took this denial as an act of retlaiation from secdurity staff some of whoi are name4d as defendnats herein this complaint.

From October 24 - Oct 31 2022 the plaintiff was not afforded the right to take a shower and ask that the defendnat persve the following: (MADATED SERVIES LOGBOOK FOR THE HOUSING UNIT 2A SO THAT THE DOCUMENTS CAN BE PROERLY PERSVE FOR DISCOVERY IN THIS CASE).

On October 26, 2022 at approxametly 2:20am in the morning the plaintiff was awaken by ESU members. The ESU officer with the numbers #254 on his vest took the plaintiff's "TORA" after reading a copy of EX-Awhihc the plaintiff had in open and stated to the plaintiff ÜTHAT PER POLCIY FOR THIS HOUSING UNIT WHIHC IS CLO #13/21 YOU CAN NOT HAVE A TORA AND COULD ONLY HAVE THIS, " whihc is when he took a Blue Giddeon issues bible out of his black satchel on his leg and tossed it on the bed and left with the plaintiff's TORA placing it inside of the same blackl sachtel. The plaintiff filed a grievance to memeroalize this incident that can bee seen herein as EX-17.

This supports the fact that the Plociy of the Court Order housing Unit whihc is CLO 13/21 signed by the defendnat WARDEN OF FACILITY, DEPUTY WARDEN TIFFANY MORALES, DW JONNEL SHIVRAJ, DEPUTY WARDEN JOANNE MATOES AND DEPUTY WARDEN LISA BARNBY , along with the knowldge of defendnat CITY, is a Custom , Usgae, Polciy, Practice that is being enficend that favors one relihion over the next and is forcing the plaintiff hereing ALEXANDER WILLIAMS JR, to study and on be able to follwo the Christain Relihion and not the religion that he is known to be whihc is Jewish.

After this incidnet the plaintiff stopped receiving his Jewish Kosha meal wich was in accordance with his religious diet. The housing unit log book will support this as it will display that the menu that was logged into the book never came with Kosha Diert for the plaintiff.

This exhibits that the defendnats stated herein knwoingly and willingly forced the Christain Religion on the plaintiff over the Jewish relion in whihc he practices and the fact that the facility including the Warden **DEFENDNAT CORTZ** whi the grievance was forwarded to failed to address the matter when the complaint came to her and the also failed to return the plaintiff 's "TORA" whihc is related to his Jewish Relgion.

Futhermore this is a factor that the defendnats **CITY** was aware of violated the plaintiff rights fefering the court to the matter seen herein the judges Repʒort and Recommendation in **EX-11**.

**ON** October 26, 2022 attorney's ᴋᴀᴘᴋᴀᴇxrepresenting the plaintiff from the law offices of **PAUL WEISS, RIFKIND, WHARTON & GARRISON** attempte dto visits Inamtes Kwaine Thompson and Trevor Forrest in regards to a matter of retalaition and interfernce in a Civil litigatiuon of **WILLIAMS V. CITY OF NEW YORK ET AL, 19-CV-3347,** for reason unklnown the Attorneys were unable to visit this inmates via video from members of the security team.

On Friday October 28, 2022 again attorney's from the same office attempte dto visit inmate Trevor Forrest who was a witness to the conduct of defendnat **CAPTIAN GAINES** retalaiting against the plaintiff in the matter of **WILLIMAS V. CITY OF NEW YORK ET AL 19-CV-3347** AND AT THE SAME TIME THAT THE VIDEO WAS SCHDULED FOR THE PLAINTIF FFROM HIS CELL DOOR WINDOW WITNESS DEFENDNAT **CAPTYIN GAINES** enter the 2 control bubble station and later learn that Inmate Trevor Forrest **349-200-2023** was not allowed to speak with these attorney's because of defendant captian **GAINES**. (THE PLAINTIFF ASK THAT THE FOOTAGE FROM GRVC 2 BUILDING HALLWAY GOING INTO CONTROL STATION BE PERSVE FOR THIS DATE DURRING 11:00AM

- 12:00PM ON OCTOBER 28, 2022)(SO THAT IT WILL BE AVAIBLE DURRING DISCOVERY STAGES OF THIS MATTER).

As it relates to this matter and the actions of retalaition for his federal litigation aginst DOC officials **EX-18** will disdplayy that the attorneys that represnt the plaintiff felt the need to request a judical intervention and tranfer of the plaintiff to ensure his safty and health from specifically defendnat **CAPTIN GAINES, CO HICKSON AND ESU MEMBERS** who are named herein this matter for the coinduct that they enagged in.

**EX-19** will show that the Judge the honorab;le District Judge LEWIS J. LIMAN felt the need from the evidence that he was shown to order the defendant **CITY** in that matter to answer the attorneys and the courts and lay out the measures that were being taken to ensure that the plaintiff is protected against retalaition, by way of am emergency in-person conference out of his conern. Seex

In **EX-18** the court can see that the information whihc is listed as being confidential herein this matter that was shown to the attorney's was of such high and importantce that attorney's from **PAUL WEISS, RIFKIND, WHARTON AND GARRISON** felt the need to address the court of satuirday October 22, 2022, whihch is abnormal and out of practice.

On October 27, 2022 at approaxmately 1:50pm defendant **ANDRE HICKSON** afforded the plaintiff a legal call but first spoke to the palintiff legal defense lawyer Julie Clark Esq before allowing the plaintiff to speak to her. Defendant **ANDRE HIOCKSON** informed the plaintiff that he better nopt speka to Julei Clark in regards to what is going on with the treatment he is getting or he would not be afforded a call again.

39

After pasing the plaintiff the phone reciving and first speaking to Julie Clark, defendant **ANDRE HICKSON** stood in listening distance to ensure that the plaintiff did as his was threated to do by him.

The same repeated it self during the same date but at 1:55pm when defendnat **ANDRE HICKSON** called the plaintiff priavtre investigator ᴋᴇᴡxᴋᴜxxxxKevin **Hickson** ( No relation to defendant). **(THE PLAINTIFF ASK THAT THE VIDEO FOOTAGE FROM THIS DATE AND TIME BE PERSVED FOR DISCOVERY PURPOSES)**

This conduct was and is so coneerning that the plaintif fand his attorney's and defense doesnt want the plaintiff to discuss the matters of his case over the phone, whihc in return is affecting the fashion in whihc they marshal the defense for the plaintif fwho is preparing for trial and Kings County new York for chrges of Murder in the Second Degree.

Furthermore after being informed by his attorney from **PAUL WEISS AND WHARTON & GARRISON** , Eric Abrams and Robert Ologhilin the plaintiff learned that defendants **CAPTIN GANIES** and others where filing false reports that the plaintif fhad threathen them in their family. **(NOTE: THAT THE PLAINTIFF WAS NEVER SERVED WITH ANY TICKETS/MISBEHAVIOR REPORTS OR ANYTING ELSE IN REGARDS TO THIS ALLEGED INCIDENTS)**

what the plaintiff conlcuded for this information and from the conudect that the defendnats named herein where enagaging in collectively was that the defendats were durring everything in their power to affect the outcome of the plaintiff criminal case by limiting/retsricting access to his defense team, therathening him in regards of what he could and could not speak to his defnse team about when he did speak to them and falsfiying city documents

4ᴏ

by filing false complaints of the plaintiff threatening them
as a from of retalaition and passive violation of his Constitutional
Rights.

This was a matter that Distrcit Judge LEWIS J LIMAN  found
to be conerning and issued a warning to  Law department Counsel
repsenting defendants in the matter of WILLIAMS VS. CITY OF NEW
YORK  19-CV-3347that  he was possibly considering holding Defendanty
MATHIS in that case in contempt, and in violation of federal
laws if the evidence concluded that the retailaition against
the plaintif was being done in order to affect the current Civiul
Litigation.

On October 29,2022 the plaintiff aghain was not afforded
a Kosher meal in pursuant with his Jewish Reliogion nor was he
explained to the reason why.

The plaintiff would like to display to the Court herein
that defendnat CO KEVIN YOUNG, PRESTON RITTER AND ANDRE HICKSON
 was all found to had violated the plaintiffs, inamte Johmanni
Anduze and inmate Gabriel Flores Sixth Amendments rights as it
related to matters of Communication by phone and by mail with
their repsective criminal defense attorneys.

This can be seen in erviwing of EX-11 AND EX-15herein establishing
that the defendnat CITY  failed in their taringing and supervison
of these defendnats and that these defendnats has nor care and
lack the mindset of reasonable sound people working/employed
by the defendnat  CITY  in their officals policy and capacityies.

There is no reason or legal defense that one can offer for
why on each occassion there exist a need to speak first with
the defense attroeny/private investigator etc before allowing

41

the plaintiff to enage in communication that is protected and
deem privilged by State and Federal law.

Once the number is verfied there is no reason to constantly
xsff verfiy the same number. This in itslef is support that the
conduct and actions of these defendnats as it relaes to Communication
with the Courts and Attorneys were purpsoely committed with the
intentions of inflciting and cauing some sort of harm to the
plaintriff ALEXANDER WILLIAMS JR.

On October 29, 2022 the plaintif fwas forced to piss and
deifcate inside of a DOC issued plastic bag due to not being
allowed to come out of law library ceel ꝃ when  he nedded to
use the bathroom. See Gentic Footage on this date at **1 :30**pm.(THE
**PLAINTIFF ASK THAT THE FOOTAGE FROM THIS DATE AND TIME BE PERSEVED
FOR DISCOVERY PURSPOES**)

On November 2, 2022 at approxamately 2:20pm defendnat **CO
RAHMAN 11383**, ordered the plaintiff to be lcoked in cell 7 whihc
is the law library cell on housing unit 2a without access to
the bathroom.

As a result the plaintiff was forced to urinate and deficate
in a DOC issue plasitic bag whihc was the norm on housing unit
2a. Gentic Footage from housing unit 2a will show defendnat **CO
RHAMAN 11383** , bring polaintiff **ALEXANDER WILLIAMS JR** a plasitic
bag to use the bathropom inside of at approxamately 3:55pm-4:05pm.
(**THE PLAINTIFF REQUEST FOOTAGE OF THIS TO BE PERSERVED FOR DISCOVERY
REASONS**) (**PLAINTIFF EXITED CELL 7 AT 4 ; 15PM ON THAT DATE ASK
THAT FOOTAGE AT THAT TIME BE PERSVED ASW WELL**)

It is the plaintiff believth that defendnat **CO RAHMAN**  was
enfrocing the unlawfully lockdown solatirliy confinement like

living condictions because of the fact when the plaintiff informed defendnat CO RAHMAN that New York State Halt prohibits him to being locked in a cell 23/1 defendnat CO RAHMAN explained that he did no t want to argue with the plaintif fand that he had to enforce the rules of the facility and follow the orders of his security captin refering to the defendnat CAPTAIN GANIES.

ON OCT29, 2022 12:45pm defendnat ANDREW HICKSON afforded phones calls to housing unit but plaintif was not willing to accept calling his legal team out of concern that he would not be able to speak to his attorney in confidentailityy as pursuant to sstate and fedeal laws.

On Oct 29, at appraoxametely 5:45pm defendnat CO KEVIN YOUNG came to hgousing unit to conduct phone calls but again the plaintiff was afirad that he would bnot be able to speak with his leagl team in private and confiendtaility as pursuant to state and federal laws.

On Oct 30, 2022 during 7-3 and 3-11 tours the plaintiff was having hot and cold flasehes and informedd the housing unit of such. Area Captin daxfx Gaun was informed by the plaintiff at approx 5:45pm whihc in return Captain Gaun contact defendnat Dr Duvern who informed captyin Guan that the plaintif fcouild not be seen by medical due to his court order lockdown classification and that the plaintidfd sickness could not be help by DOC and that he was scheduled for post-opt with surgeon team at BelleVue Hospital on Nov 3, 2022.

As of the sickness from that day the plaintiff was never seen by medical staff and was forced to bare with tye pains and sickness ofg vomiting and déficating blood for the rest of that day.

The plaintiff was sceduled on Nov3rd 2022 to return to Bellevue hospital after the defendnats **CITY** by way of DCC failoed tpoto produced him three times since the surgey on September 22, 2022. For Reason never told to the plaintiff he was not produced to this Post-Opt Hospital Medical appointment.

The nonproduction to this medical appointment the plaintiff beleives thet the defendnat **CAPATIN GAINES** is behind as a form of retaliation becuase she is the Security captain and directly in charge of the movement of Court Order Lockdown Inmatres at the facility.

As a result of thisx non production the plaintiff was nor able to address the medical condiction of him having the pains in his side where the Organ was removed, suffering from vomiting, hoit falshes and defication of blood. The same systoms are listed on the plaintiff medical discharge papers as being a negative and neededing t retun back to hospital if occured.

<u>VIOLATION OF PLAINTIFF'S RIGHTS AS IT
REKLATES TO DEFENDANT'S CITY POLCIY ON
ON CONDUCTING (1) HOUR REC FOR COURT
ORDERED LOCK DOWN INMATE CLASSIFICATION</u>

The plaintiuff attest that on all of the days excluding the ones listed herein that he was not afforded (1) hour reacreeation that he was subjected to being placed in an enhanced restarint set up such as waist chaines, handcuffs and mitts for the enterie hour in whihc he was afforded recarteion.

This is a polciy that is a custom usage, polciy, practice of the DEFENDNAT CITY as seen pg 5 of EX-A herein, this policy was also already found to be in violation of the rights to inmate in Court order Classifcation by Magistrate Judge Katherin H. Parker in the matter of <u>ALEXANDER WILLIAMS JR VS. CITY</u> <u>(KHP) REPORT AND RECOMMENDATION DATED AUGUST 05, 2022,</u>  21-CV-1083 PG 51-56 ⓍⓍⓍⓍⓍⓍ See EX-11 herein.

The polciy that is currently in place is a miiror image of the polcit that was found to be in violation whiohc was Command level order 370.20 and could bee seen here in as EX-12 to be compared to EX-A herein.

The defendant CITY was a defendant named in the matter of Williams Vs City Of NEW YORK 21-cv-1083 and as of being name in that matter and reciving the Report and Reccomandati in that matter, the plaintiff position is that trhe defrendant CITY was notified and should have known to allow the exact same Poilcy to be usgaed, enforced against the plaintiff and others that are claiffied as being Court Order Lockdown uinmates within the entire DOC.

For this matter the plaintiff anmes the following people as being defendnat herein this matter for the creation and endorsmenet of EX-A
• :

WARDEN JEAN RENE, JONELLE SHIVRAJ, LISA BARNABY, JOANNE MATOS AND TIFFANY MORALLES.

45

There is no diffrence in the wording or any changes made between CLO 370.20 and CLO 13/21 in whihc the defendnat CITY can used as a defense in the matter of violating the plaintif rights as it relates to recreation and the right to excersie and not being placed in such retsriant s during his recartyion time period.

Therte is no legitimnate Government interst in this matter that can support the reason why the plaintiff would need to be placed in such retsriants when he is being reced only and is the only person in the rec pin in the entire recreation yard during the (1) jour in whihc he is afforded recration.

It is the plaintiff beliveth that he was and is being treated in such matter as not only knowingly and willingly violatiung his Rights but as a form of Retialation . This believth is taken because of when it is viewed in the totality to the treatment that he recived from the defendnat name herein it is obvious that they knew or should have known that using such set up for the plaintif fduring recration periods were indeeded wrong and improper.

Courts in the second circuit has recognized that some opprotunity for excersie must be afforded to inmates in matters of <u>McCRAY V.S LEE</u> 963 F.3d 110, 117, (2d CIR 2020).

The Court has also stated that the requiring of Enhance restarints during the period of recreation deprives a person of a meaningful opportunity to execersie and that such  a Law is clearly established, See <u>EDWARDS V. QUIROS</u>  986 F.3d 187, 192 (2d Cir2021).

IN THE INSTANT MATTER THE PLAINTIFF ASSERTS VIOLATION OF HIS SUBSTAINTAL DUE PROCESS RIGHTS TO BE ATTACHED TO THE SECOND CUASE OF ACTION IN VIOLATION OF DUE PROCESS.

Defendnat **CITY** and oithers stated/named herein classifed
the plaintiff as being enhanced restsraint when engaging in his
(1) hour receation when NYC DOC polciy 4518R-B pages 5-10 lays
out the polciy for being enahnce restraint status and that any
inmate that has such status should be given **"NOTIEE OF AUTHROIZATION
FOR INTILA PLACEMENT IN EHNAHCNE RESTAINT STATUS"**,Theplaintiff
was never served with such before being enhance restarint per
polcity seen here in as EX-A , see **EX-25 - herein for copy of
NYC DOC  Enhance Restaint Policy.**

X    FURTHEMORE PG 7 OF **EX-25**  lays out the Due Process hearing
concnerning the classifying of a detainne as being Enhance Rsetraint
Status. This is yet something else that the plaintiff was never
afforded whihc violkates his rights.

## VIOLATION IN PLAINTIFF'S LEGAL CALLS:

The plaintiff as a detainee process and maintains the Sixth Amendment right to counsel in connection with the criminal case and pending civil cases that he has pending. This Right is also grounded in various constitutional rights including the right to Due Process and equal Protection, See **BOURDON V. LOUGHREN,** 386 **F. 3d 88, 95 (2nd Cir. 2004) .**

**THER** restrictions being placed on the plaintiff as a pre-trial detnianee contact with his defense attorneys and civil attorney's is a Constitutional Violation because the restrictions are unreasonable burdening to the plaintiff **ALEXANDER WILLIAMS JR** opprotunity to consult with consuel and to prepare his defense.

At the times when the plaintiff was able to speak with counsel defendnats made it theire business to stand in front of his door and l,isten to his conversatin whibh is a direct violation to attorney client privilege and holds no penological intrest in the sfaty and secuoirty the facility or individuals on the outside world.

The Courts have already estblsihed in **PATTERSONE VS. PONTE,** **2017 WL 1194489, AT \*3 (S.D.N.Y. MAR. 30, 2017) THAT** a pretrial detainee's Sixth Amendment rights are violated whe a prison regulation unjustifiably obstruct, infringes, unreasonable burdens or significantly interferes with his/her access to counsel.

In the instance case the plaintiff is not akllowed to call his attoirney during reasonable hours such as 2112:00pm -2:00pm whihc are common lunch hours or in the etening between 5:00pm and 6:30m pm when attorneys are out of Courts.

48

Furthemore the fact that the defendnats **CITY** by way of GRVC
and DOC Officials do not have a policy in regards to  properly
addressing this matter is eviudence of a custom, practice, p½olciy.
procedure and or rulæe that is in violation with the law and
the plaintiff's **ALEXANDER WILLIAMS JR,** constitutaional rights,
especiALLY IN THE instandce where defendnats are standing and
listening to concversatoins that plaintiff is having with his
attorney's when he does call.

This type/style of practice disoourages the plaintiff from
calling attooney's on opportunity's when he did have the chnace
out of concern tha tthe practice of standing and listneing to
his conversation violatres his rights and would prejudcie his
defense in his criminal and civil matters.

This is also evience as mentioned herein one of the plaintiff's
cuase of action that the defendndat **CITY** fail ed in training
the defendnat æho enaged in this activity of the rights of pretrail
detainee, and also failed in supervising them whihc defendnat
**CAPATIN GANIES AND** defendnat  **CITY-** are both liable for in that
instance.

There is no legal arguiement tha tthe defendants can make
in regaurds to the penoligical interest of a Witness, correction
staff or to prevent escape when the plaintiff is being restricted
from calling numbers that were pre-appraoved by the Supreme Court
Justiuce Vincet DelGuduice who ordered the Lcokdwn whihc in returns
gives the plaintiff a Right to enage in conversation with the
people listed on the Supreme Court Order By a Suprem Court Justice
demands.

The arguiement violating the plaintiff Sixth Amendment Right

must be implemneted in this matter because the plaintiff asserted
that he was aware and knows that his copmmunication with his
counsels are deemed private  and that his lawful preparations
for trial are secure against intrusion by the Government whihc
incldudes the defendnat CITY  and the defendnats names herein
that are employeed by the defendant CITY  as correction officer
for the New York City Department of Corrections. See UNITED STAES
VS. ROSNER,  485 F. 2d 1213, 1224 (2d Cir. 1973) , whereas the defendant
CITY  by way of the New York City Court system and the State
Of New York is adversity to the plaintiff ALEXANDER WILLIAMS
JR  in regards to the criminal matter in whihc he is preparing
for trial in.

The defendnats CITY  is aware of the violation that this
practice creates because they were informed by the Courts in
a matter of ALEXANDER WILLIAMS JR V. CITY OF NEW YORK ET AL,  21-CV-1083
(PGG) (KHP)  REPORT AND RECOMMENDATION DATED AUGUST 05, 2022, where some
of the same defendnat had violated the plaintiff rights in the
same instance.

In addiction to thematter above in whihc the plaintiff is
named as the plaintiff in whihc he uses as support in this arguement.
The plaintiff would like to also refer this matter to the case
of JOHMANNI ANDUZE V. CITY OF NEW YORK 21-CV-0519(PGG)(KHP) Where
the plaintiff in the court matter established that Defendant
CITY & DUNBAR  who wa sthe warden of the facility at the time
did violate his rights by way of the policy CLO 370.20 as it
related to being p;laced in Enhanced Retsrints while duriing
(1) recration. SEE  EX-15 HERTEIN

Ex-A herein this complaint as stated before is a mirror
image of CLO 370.20 whihc was the core of the two complaints

listed above.

This is reason where the plaintiff herein this matter instance
ALEXANDER WILLIAMS JR, names the Current Warden Warden Cortz,
DW LISA BARNEBY, DW TIFFANT MORALES, DWJONNEL SHIWRAJ and DW
JOANNE MATOES as defendnat sherein this matter by way of signing
and acknowledging the enforcment of such a polciy just as in
the matter of  WILLIAMS V. CITY OF NEW YORK ET AL, 8 21-CV-1083
(PGG) (KHP) AUG 5, 2022 & JOHMANNI ANDUZE V. CITY OF NEW YORK
ET AL,  21-CV-0519(PGG)(KHP).

The plaintiff is and was never afforded any Due Process
in order to present evidence and information as to why he should
noit be restriant durring recartoion hours.

The situation/violation from the defendnats as it relates
to the illegal montioring and censoring of the plaintiff legal
calls reached the level of where the plaintiff had to file and
request an TRO TEMPORARY RETRSINING ORDE IN THE CASE OF  ALEXANDER
WILLIAMS JR. V. CITY OF NEW YORK ET AL,  21-CV-1083 (PGG) (KHP)
on or about November 7 of 2022 due to the fact that the plaintif
fwas being unable to marshal his defense and consult with hjis
attorneys in confideintal as madated by state and federal laws.

Futhermore another Court Order Leokdwon Imnate Kwaine Thompson
legal advisor had to file an affirmation amending  his JLO for
the Courts to order DOC and some of the same defendnats in CO
ANDRW HICKSOIN, CO PRERSTON RITTER, CO KEVIN YOUNG AND CO GRAVES,
to stop monitoring Kwaine Thompson phones calls as well as the
defendnat CITY by way of DOC who for some reason monitors the
legal calls and notify you while you on the phone with the attorney
that the fecilaity if montiroing the call.

See EX-21, for a copy of attorney Harlan Greenberg ESQ,

affirmation in regards to this issues.

    This affirmation along with other exhibits listed herein supports that the montoring of court order lockdown inmates legal calls with their attorneys' and privatex investigator is a custom, p;olciy,xpkxaxkxixexxpractice, usgae, procedure and rule that defendnats stated herein are enfrocing that has no legitmate penoloical intrest other than to discomfort and violate the rights of the plaintiff and others .

## PLAINTIFF ARGUMENT IN REGARDS TO THE
## CONSTITUTIONAL VIOLATION OF THE 23/1
## LOCKDOWN COURT ORDER

__ Defemdant **CITY** by way of **DOC** has mislead and failed to inform  the New york City Court System of its changes within the New york City Department Of Correction in regards to SPecial Housing Units and LockDown Housing Units such as the one that the plaintif fis held in.

**EX-F** is a copy of the plaintiff's Supreme Court Lockdown Order that explains that the Court was presented with valid information that maded the court belive that the plaintiff was soliciting the aid of other person to affect the witness(es) in his criminal case.

From Jan 2019 - Nov of 2020 the plaintiff was housed in 9 North at the Manhattan Detention Complex in a housing unit specially designed for Court Order Lockdown Inmates.

In Nov of 2020 the plaintiff was moved to GRVC to prersent time instead of being transfered to one of the many facilities on Rikers Island that are also speciallyy designed for Court Ordered LockDown inmates such as West Facility and N.I.C.

The circumstance at GRVC are beyond dire and are exactly Solitary Confienment as it relates to 23/1 Court Order Inmates, Dispolaying that the defendants **CITY** by way of DOC Officials are implementing added retsrioctions that are not listed on the plaintiffs court order upon all Court Order Lockdown Inmates.

These Restrictions lead to the court order being enforced . in a punitive manner/fashion which in returns is a violation of the plaintiffs Due Process rights as it relates to **WOLFF VS McDONNELL.**

The process that was used to present to so-call evidence
to the court was done so ion an Ex-Parte fashion leaving the
plaintiff without the opportunity to present evdience and information
favorable to his defense in the matter.

Assistant District ATtorney **Ernest Chin** used testimony from
a **David Walker**, this testimony that was covered by a protectvie
order is seen herein as **EX-N.**

Is importnat to note that **David Walker**  was vidoe recorded
confessing to the murder that the plaintiff is charged with and
also Audio recorded three times over.

When the courts examine **EX-N** you will find that on pages
40 -41 **David Walker** stated that he did confess to commiting the
murder but only after he was told to do so whihc was never established
or
by who ss when.

**In EX-N**  on pages 6 - 7 **David Walker**  testified that he
and the plaintiff ran fguns and commited various acts of crime
up and down the East Coast from 1997, 1998 and 1999. This can
not be true because of the fact that the plaintiff was incarceratted
from 1996 - 1999 from the age of fifthteen until he was eightteen
by a a Judge for 3 years restricted placement in the New Yoprk
State Divsion for Youth.

In **EX-N**  on pages 9 - 11 **David Walker** testifies to commiting
these crime again from 1998 - 2009. But in examination of **EX-
O**, you will find by way of a background check via White Pages
Premium that **David Walker**  was incarceraated from 2000- 2010
for arm robbery and various other violent penal law violations.

If the plaintiff was locked up from 1996-1999 and david Walkler from 2000- 2010 then it is clear that **David Walker** for whatever reason perjured himself and that the rest of the information that he testified to could not be deem reliable and truthful.

This si key in the plaintiff Court Order because by law in the State of New York who ever request for any courts order such as protection orders, search warrant, arrest warrant or special Court Order for lock down is responsible for vetting the information that they use for truthfulness before prersenting said information to a Judge as being reliable and credible.

In the cae of the plaintif this was not done as the Courts can se and can also examine for themselve that the person who made the testimony also admits that he did confess to the murder in whihc that the plaintiff is charged with.

In regards to the 23/1 Court order to address the plaintiffs communication and isolation form anyone who he can communicate with that can spread word to the outside.

Itx is factual that if the Defendnat **CITYT** wanted to adress such concerns that the plaintiff does not have to be subjected to such serve isolation to reach the objective agenda.

The plaintiff pin number to his phone is computerized to the point wheee he can only dail numbers that are programed and listed on his Court order that go to defense attroeny Julie A. Clatrk Esq, Jeffrey Chabrowe Esq, Private Investigator Kevin Hinkson and Private Investigator David Barret.

Therefore their should be no added restricted limited to the amount of times he could contact his attorney where is defendant **CITY** by way of DOC Officials do not have the right to determine

the amount of time per day per week or per month that the plaintiff
should get to discuss legal concerns and marshal defense in any
case let alone a charge **sif** of murder which is the top charge
that one can be charged with in the state Of New York.

Thus said added restriction being implemented is evidence
of a Custom, Usga or Practice rule and procedure of the defendant
**CITY** that has no penoligical interest when the plaintiff pin
is already blocked to only being able to call numbers listed
by the Juydge who Order the plaintiff LockDown.

Such an added restriction only makes room for exactly what
is taking place whihc is to be used in an advrse fashion that
can only violate the plaintiff right to communicate with his
attorney a Right that is garuantueed to him by the **SIXTH AMENDMENT
OF THE UNITED STATES CONSTITUTION AS WELL AS THE NEW YORK STATE
CONSTITUTION.**

Furthermore the housing unit that the plaintif fis housed
in is located in an isolated area of the facility away from all
other inmate population which prevents him from any commincation
with other inmates in general population. Thus 23 or 24 hours
a day in a cell bears no penológical intrest if this is the case.

Agian such a restriction can only be used in a fashion adverse
towards the plaintiff and retalitoryu fashion by defendnat **CITY**
by way of DOC Officials.

Again as explain herein though  not listed within his Court
order seen in **EX-F**, the plaintiff is restricted from going to
the facility clinic area as seen in the polciy herein **EX-A**, which
also prevents him from outside commincation. When the plaintiff
is moved around the facility he is so with a DOC Official escort
and many of the times the DOC Official holds the rank of a Captain

or higher.

Lastly The New York City Department of Correction has recently converted the Commissary system from a paper fashion to automated whihc is done by way of Telephone.

The facility has failed to train the security officers who are responsible for conducting legal calls to court order inmate how to use the phone to place commissary orders for the plaintiff and others in his classification, because of the fact that they do not want to allow the plaintiff to opportunity to physically touch a phone.

Defendnat **CITY** is liable for this failure to train and defendant **CAPTAIN GANIES** who holds the poistion as secuirty capatin and is direct supervisor over the officers who are assigned to conduct phonce for failing to supervise and address the matter of the plaintiff ordering commisssary.

Again this laspe and/or added restriction violates the plaintiff rights and could only be used in adverse fashion and as retalaition whenever the plaintiff doesnt do something that an DOC Officials demands.

The defendant **CITY** is liable for this violation as they are responsible in reproting back to the Courts with updates on the change in their policy and position as it relates to matters that are in direct conflcit with the Court Order lockdown inamte classification as to allowing the Court to modify its Order to fit the  capabilities of the Department of Corrections.

## MENTAL AFFECTS AND 8TH AMEND VIOLATION OF LOCKDOWN ORDER:

Though there is no garuntee Right to Television  when incarceratted in New York City DOC. The plaintiff is locked in a cell 23 hours

aday and mant times its 24 hours a day when half of a month recreation is not afforddd due to staffing issues or retialation by defendnat named herein and others.

There is by way of the housing area the Court Order concern already being addressed and an addage of 23 hours locked in a cell has no penological intrest and only causes damgge that is unrepairable to the plaintiff.

Another example of defendnats **CITY** by way of DOC failed to inform the Courts that since the Covid -19 pandemic that DOC has converted to the form of using the fwxphone tpe dail 614# to make a sickcall request to see doctors. See **EX-P.**

The plaintiff is not allowed to use the phone txw do call sickcall even though its an inner departmental number whihc has lead to many days of his medical needs not being able to be addressed.

**DEFENDNAT CITY** by way of DOC has abolished all special housing unit, BOX/SHU and lock down housing areas. The Defendant **CITY** has not informed the Courts of this change which has lead to the plaintiff being subjected to mental abuse by way of 23 or 24 hours locked in a cell in a punitice nature by DOC officials and the defendnats named herein this complaint.

On January 25, 2013 the **NEW YORK STATE BAR ASSOCIATIONCOMMITEE ON CIVIL RIGHTS,** PRESENTA REPORT IN regards to the effects of solitary confiuenmnet in the state of New York to the House of Delegates  as seen herein as **EX-Q.**

In that report doctors and lawyers highlighted the mental affects of solitary confienement long and short term as well as the physical damage that are both temporary and permanenet to a person being sibjected to such living condiction for long and short periods of time.

The reprots also hightlights that solitary confienment is
Counterproductive to Human Dignity and has been Largely abandoned
by the entire International Community.

The plaintiff came to being confined by the defendnats **CITY**
by way ofd DOC in March of 2018 and has been incarecatted every
since and came with no Mental h̶e̶a̶l̶t̶h̶x̶W̶o̶i̶ Health History.

As it currently stands in May of 2022  Doctors employed
by the defendnat **CITY** at the NYC Health and Hospitals rendered
a Professional Judgement stating that the plaintiff may no longer
be mental fit and appears to mentally Ill. See **EX-R.**

Thids is a diangnoses that the plaintiff did not have before
being subjected to 23 hgours locked in a cell a day without an
end date.

**EX-S,** the court wiull see when a DOC staff member witness
the plaintiff screaming the name of the arresting officer in
his criminal case  documenting that the plaintiff seemed to be
slipping away from reality and suffering from deprerssion.

**EX-T** shows yet another mental health referral when yet a
seperate DOC staff member reported that the plaintiff has been
observed talking to hiomself. Something that he had never been
reported doing befor being subjected to 23 hours a day locked
in a cell.

In **EX-U** another DOC staff memeber submitted a mental health
refferral documenting that he witness the plaintiff screaming
the name Thomas Handley   **"YOU WILL NOT  KILL ME".** Another act
that the plaintiff never had a hoistory of before lockdown for
so long.

In **EX-W** THE PLAINTIFF  was observed in his cell begging and praying for his life from DOC officials by name, another fact that display that the plaintiff has been greatly affected by lock down order.

The Jurisprudence on Solitary Confinement within the Inter-American System on Human Rights has explained in depth the danger and injuires that are cuasued by short and long term time spent in Solitary Confinement. The The Inter-American Court on Human Rights has found that its eaements of a prison regime and certain physical prison condictions in themselves constitutes Cruel and Inhuman treatment, and therefore violates **Artilce 5** of the **Amewrican Convention on Human Rights**, which recognizes the right to the integrity of the person.

This Court held that **"PROLONGED" ISOLATAION AND DEPRIVATION OF COMMUNICATION ARE IN THEMSELVES CRUEL AND INHUMAN TREATMENT, HARMFUL TO THE PSYCHOLOGICAL AND MORAL INTEGRITY OF THE PERSON AND A VIOLATION OF THE  RIGHT OF ANY DETAINEE TO RESPECT FOR HIS/HER INHERENT DIGNITY AS AHUMAN BEING". See** <u>**VELAZQUEZ-RODRIGUEZ V. HONDRAS**</u>**, INTER-AMERICAN COURT OF HUMAN RIGHTS, SERIES C, NO. 4 PARA. 156 (1988)**

The Court has additionally addressed physical condictions of detention asserting that **"ISOLATION IN A SMALL CELL, WITHOUT VENTILATION OR NATURAL LIGHT,....Ӿ[AND] RESTRICTION OF VISITING RIGHTS.... CONSTITUTES FORMS OF CRUEL, INHUMAN AND DEGRADING TREATMENT".**

The plaintiff asserts the following as being an injury as well.

<u>DUE PROCESS VIOLATION:</u>

In **WOLLF V. McDONELL** the courts established the nedd of Due Process before an inmate recived punitive results such as box time and/or soltaire confinment.

It is well know that New York State Rationale for the use of Solitary Confinement is to (1) **Punish an Indivbidual (2) Protect Vulnerable individuals (3) to Protect or Promote National Security and (4) To Facilitate Pre-Charge or pretrial investigations.**

The plaintiff **ALEXANDER WILLIAMS JR,** was not and is not being afforded the Due Process rights which is rights Procedureal and Substaintial in nature under the Fourtteenth Amendment of the Unites States Constitutions.

**EX-V** is Court minutes showing that in Feburary 13, 2022 whihc was only 30 days after the Lockdown Order was instituted ADA Ernest Chin infomred the Courts that he and the Kings County District Attorney Ofice was investigating and close to bring charges against the plaintiff and other people.

Those charges never materialized and years later the plaintiff was still under that same Lockdown order.

The KWWWWX legalk defense team that represented the plaintiff was able to display and present facts that supported that any/all statements and evidence placed in front of the court during EX-Parte proceedings were false or never ended an any viable arrest of anyone including the plaintiff.

Every other inmate that was detanieed with the plaintiff under the Lockdown order had been recharged with a crime that was the result of them being placed on Lcokdonw order. Thses crime were such as witness tampering, bribery, forgey, threatneing witness or victim, violation of an Order of Protection etc.

The plaintiff was not and has not been charged with any other crime outside of the charges he was initially arrested on in March of 2018.

Furthermore from theiur investigation the plaintiff and his defendse team was sucessful in getting charges dismissed against the plaintiff other than the Murder in 2nd degree charge.

With the understanding that the plaintiff was placed in Court order by a supreme Court Judge this Court has the Authority and Power to reassess these facts in camera and determine if the plaintiff should have been afforded more Due Process in regards to thge LockDown order.

Being placed in SOlitary Confinement  without an End date and without being found guilty or even charged with a crime or a misbehavior infraction in support of such order is direct proff of the violation of the plaintiff Due Process.

This is espeically when the DA officesd have expericned a level of attriction and shortage in ADA's whihc have pushed the plaintiff trial back years now.

## CONCLUSION ON LEGAL ARGUEMNT IN RELATIONS TO LOCKDOWN ORDER:

In June 3rd of 2021 the prersident of the United States of America Joe Biden and Vice President of thge United States of America Harris  recived  a letter from multiple organization that presented evidence and facts on why there should be an end to Solitary Confinement, A copy of this letter can be read herein as **EX-X.**

BY WAY OF THE MEDICAL RECORDS  PRESENTED AS EXHIBITS HEREIN it is clear that the plaintiff has been diagnoised with mental health illnesses that the state of New York and the federal Governement

recognize as being a mental disability.

With this being the case the continuance of housing the plaintiff in any form of solitary confinement like situation is the Courts, the defendnat's **CITY OF NEW YORK** , and DOC Officials going against everything that the same have acknowldged as being wrong and are currently showing that by failing to properly address the mental health ilness(es) of the Citienz of the United States have lead to an uptick and unprevented criminal violation that stem from the lowest to the highest criminal acts.

The defendnat' **CITY** violated the plaintiff's Due Process when they failed to inform the Court on their change in no longer housing inmate/pretrial detianees in a solitary fashion like manner.

The inmates that are commiting rapes, stabbing againts other inmates and correctional officers are not housed in solitary confiement like manners , whne the plaintiff is and he has never been convicted of a violentx crime and evidence exist that support that he was not the person who actual committed the violent crime in whihc he is currently charged with.

the defendnat **CITY** also violated the plaintiff's Due Process rights and failed to properly train and supervise its Staff tyo make them understand that Court Order Lockdown Classification is not a classification that should be handled in a punitive fashiuon or manner.

because of the absence of witness other then other DOC staff members , solitary confiement increases the risk of acts of torture and other cruel, inhumane and degrading treatment in a punitive fashion that the plaintiff has been experiecning.

Given its serve adverse health effects, the use of solitary confinement itself can amount to acts prohibited by **aRT. 7 of the international covenant on civil and political rights,** TORTURE AS DEFINED IN art 1 OF THE CONVENTION AGAINST TORTURE OR CRUEL , INHUMANE OR DEGRADING PUNISHMENT AS DEFINED IN ARTICLE 16 OF THE CONVENTION.

**The** defendant **CITY** is responsible for how the plaintiff and all the inmates that are in its custody are housed and recive care trhat are not in violation of any state and federal rights and in such a manner that does not create or excerbarate any existing injuries that one inmate/detainee may have.

In the case of the plaintiff the defendnat **CITY** has failed in this area whihc has lead to the filing of this complaint and others and has also showed that the plaintiff has been injuried in ways that are irrepairable and if treatment continues can be life ending if not addressed.

Amongst the mental injuries stated herein it is noted that the plaintif has suffred from ofher medical issues such as the Removal of his GallBaldder after being misdisgnose and untearted and not produced to medical appoints hundreds of times.

The plaintiff aslo suffres from a Shoulder and Wrist injury in whihc he has requested a second opion on and has yet to heard a repsoase as seen in **EXK** EX-Y herein.

**As** a result of how the plaintifffis housed by the defendnat **CITY** by way of DOC, all of the issues stated within the Court are can be addressed without the implemention of solitary like condiction, whihc at this point hodl no Penalogical Intrest other

than being punitive against the plaintif feven though he has been found guilty any any crime, any of the speculations stated within the Court order, or even a misbehavior infraction by DOC Officials that would support the unlimited confiemenet of the plaintif fwhihc he has displayed created injuries that will never be able to heal afterwards.

As a result of the practices in which the plainfiff is housed in by the defendnats **CITY** , by way of DOC Officals who knowing and willing are knowledgable in the Law called **"HALT"** that was establsihed and passed in 2020 that ended solitary conficnement.

And as aresult of these practcices, polcies and custom the plaintiff injures by Doctored employed by the New York City Health and Hospitals whihc falls under employees for the defendnat herein **CITY** has diagnosed the plaintiff with the following injuires:

-    ANTISOCIAL PERSONALITY DISORDER
-    PERSISTYSENT DEPRESSIVE DISORDER
-    INSOMINA DISORDER
-    NON SLEEP DISORDER WITH MENTAL COMORBIDITY
-    PERSISTENT NIGHTMARE DISORDER WITH ASSOCIATED NON SLEEP DISORDER.

Placing the plaintiff on numerous drugs such as **MELATONIN PO, MIRTAZAPINE PO, PRAZOSIN HCL PO.**

The disorders named herein are life changging disorders that will follow the plaintiff for the rest of his life whether he is or is not convcited of the charges in whihc he is awaiting trial currently.

Other injuries assocaited with the soltatlry confinemet mentioned herein are as followed:  **ELEVATED ALT MESSUREMENT OF ANEMIA AND CHOLETIHIASIS WITH ACUTE CHRONIC CHOLECYSTITS** , which as lead to the removal of the plaintiff GallBladder body organ.

These inquires are the direct and proxamite result of the defendant's **CITY** polciy and practice that have been and are well known to be inhumane and in violation of anyone's right whihc incldues the plaintiff **ALEXANDER WILLIMS JR.**

The Court Order also violates the plaintiff Fifth and Sixth Amendment Rights in a fashion that denies him/prevents/restriucts him from being able to contact other criminal defense attorneys to consult with them in regards to hiring them to add to his current defense team or to replace the defense team that he currently has.

The plaintiff has wanteds tohire new Lawyers and wanted to consult with lawyers from Esptein and Conroy Esq, Bengiman Bradford and others and has been unable to sonsult with the firms to explain what it is he may want to hire them to do in regfards to his criminal case.

The plaintiff has voiced this concerns to Attorney's from the Law Firm of  **PAUL, WIESS, RIFKIND, WHARTON & GARRISON LLP,** who reptresent him in a seperate matter on Civil litigation , who also had a difficult time of being able to speak with the plaintiff via telephone to assist him in locating a suitable criminal deffense lawyer who he can hire to replace the current defense team that he has. **(THIS CAN BE ATTEST AS FACTUAL BY ERIC ABRAMS ESQ ANN ASSOCAITE WITH PAUL AND WEISS)**

THE plaintiff is also represnted by the law offices of **TRACIE A. SUNDACK & ASSOCIATES, LLC,** who also complains of having issues and hard time contacting or hearing from the plaintiff in regards to the matter in whihc they represent him in.

In the matter of the allageation involving Tracie A. Sundack esq the court could refere to NYC Claim No. 2022PI002930 and in the matter of the allegation involing the firm of **PAUL WEISS**, The Courts could reffer to 19-CV-3347, 21-CV-1083 and 22-cv-3819 in whihc they represnt the plaintiff in some fashion in each matter. See **EX-13 FOR COPY OF SUPPLEMENTAL AGREEMENT ON PAUL WIESS AND EX-14 FOR LETTER FROM TRACIE SUNDACK.**

&#x24B6;IN ALL It  is the plaintiff stating that the Suprme Court Lockdown order violates his Sixth Amenmdent rights by restricting him from being able to access to the Courts and other Lawyers at all completely which is in regards to hiring  new counsel to reprsent him in his legal criminal matter out of Kings County New York for the charges of Murder.

The plaintiff aserrts herein this 1983 pursuant o federal constitutional violations **"PENDING STATE CLAIMS"** in regards to this Soltariy confienment claim as well as the stated federal Violations.

**EX-20**  though not addressed directly to the plaintiff is a letter to another inmate who is housed in Court Order Lockdown housing unit purusnat to a JLO(Judical Court Order) where a lawyer from **"DRNY"** Disability Rights New York informed the Office of counsel for the New York City Department of Correction who is essentially for the purpsoe of this claim the same peron(s) as the defendnat stated herein CITY.&#x24C8;

Other case law that supports the plaintiff's claim as being housed ion 23/1 condiction as being as violation can bea seen in, ALLAH V MILLING,  876 F.3d 48;  BELL V. WOLFISH,  441 US 520;  BELL V. WOLFISH  99 XXX S. Ct 1816;  ALSO BEST V. NYC DOC

<u>14</u> F. Supp. 3d 348; ALSO <u>BENJAMIN V. FRASER</u> 264 F. 3d 175.

     THE DEFENDNATS' CITY  for the most part has been notified in numerous cases that teh housing related to 23/1 soltarity like vioilates indivuals rights and that they has ignored these notifications which is also a claim that could be stated that defendnat CITYT  was and still is "DELIBERATE INDEFFRENCE" to the injuries that their actions cuases to the plaintiff in this case.

PLAINTIFFS' LEGAL ARGUEMENT IN SUPPORT
OF RECIVING INADEQUATE MEDICAL CARE AS WELL AS
DEFENDANTS CONDUCT OF BEING DELIBERATE & INDIFFRENT
TO HIS MEDICAL CONDICTION AND MEDICLA EMERGENCIES

The plaintiff has displayed throughout this complaint the
times that defendnats named herein refused to contact medical
when he was in need of a medical emergency even when being informed
that the plaintif may have been bleeding internally.

To add to this arguement the plaintiff wouylld like to display
to the court the following Greivance/complaints filed that support
that the denial to medical care was delibecate and tied to a
Custom, Practice, usgae, Procdedure and/or rule of the defendants'
CITY  in hwich restricted the plaintiff from proper care even
after abd before a life changging surgey in the removal of his
GallBladder.

On August 07, 2022 the plaintiff suffered an astma attck
from heat exhaustion and medical was not afforded when he requested
see EX-1.

On August 13, 2022 the plaintiff formally complained about
not being proiduced to over a 100x medical appointments see EX-
2.

On AUgust 25, 2022 the plaintiff filed a grievance in regards
to not recieving medical care and someone other than himself
signing refusal forms or saying t5hat he refused, See EX-3.

On  Augsut 31, 2022 the plaintiff filed a griavnece in regards
to DOC officals and trhe SRT team preventing him from going to
the facility clinic after he was ummoned due to having a mental
breakdonw whihc his mental health records support the serve mental
issues that he has, See EX-4.

On August 31, 2022 the plaintiff filed a grievance displaying that he wa shaving sharp pains and belived that it was due to a gallbladder infection recognizing such from having the same issues medically in the past, See EX-5.

On Aμgust 31, 2022 the plaintiff filed a grievance documenting that the doctors are conducting sick-call rounds before the housing unit is up and failing to inform the inmates that thgey rae present to take their medical  request, See EX-6.

On August 31, 2022 the plaintüff filed a grievance documenting that  he was having a constant pain in his right shoulder and wrist and a tear near huis analarear due to an extraction and was being denied care for such since Jan 13, 2022, See EX-7.

On Suptember 1, 2022 the plaintiff filed a grievance in regards top having a serve constant pain and DOC officials failing top produce him for surgey appointments as retalaition, See EX-9.

On September 3rd 2022 the plaintiff filed a grievance showing that DOC Officials removed his sucide watch officer because the facility claimed to be short of staff, See EX-9.

On September 1, 2022 the plaintiff filed a grievance complaining of sharp pains in his staomach area, See EX-10.

Herein the complaint the plaintiff reference EX-H AS BEING A COLLOGE OF MEDCIAL DOCUMENTS SHOWING THAT HE MISSED OVER 50 DIFFRENT MEDCIAL APPOINTS.

EX-1-10 including EX-H displays the delebrate in DOC officials as well as the plaintiff  when it was in regards to the plaintifss medcial care.

Defendants herein inclduing defendant CITY, by way of DOC oficials maintained a custom, usage, practice and policy that

inheriented the defendnats and other DOC Officials with the power
to delay, prohibt, or cuase to delay and prohibits inmates inclduing
the plaintiff **ALEXANDER WILLIAMS JR,** from being provided with
meical care duriing medical emergenices and making decision in
regards to people medical care when City Polcies tstae that all
medical decison for pretrial detainees shall ne made by medical
personnel only.

In **EX-H**  the court wuill find numerous occassion when the
plaintif was not produced for nusing and the reason for such
non-production is not listed, whereas  DOC Officials are not
privligae to inmatesinlcuding the plainff **ALEXANDER WILLIAMS
JR,**  medical needs and medicsal condictions and unaware if nonproduction
can be hazardous to the plaintiff rights and healths.

In **EX-H,** THE COURT WILL FIND NUMEROUS MENTAL HEALTH REQUEST
FROM MENTAL HEALTH PERSONNEL WHERE THE PLAINTIFF WAS NOT PRODUCED
**without DOC oficials** having knowlddge if these nonproductiopns
are hazardous to the plaintif fmenaal health care.

These denial without substaintial reason at such a high
rate and high amount constitute deliberate indiffrence to the
health of the plaintiff  **ALEXANDER WILLIAMS JR.**

In The instances before and after the plaintiff gallbaldder
Surgey the defendnat named herein as well as other unmaed DOC
Officials failed to produce the plaintiff to medical emergencies
and medical calls outs and post surtgey appoints at Bellvue hospital
and the facility clinic without care and without knowing of the
seriousness k¤x¤¤x¤x¤x¤¤kixxthat such denial posed to the risk
of damage to the plaintiff's health even when it was obvious
that the nedd for medical care was urgent like when the plaintiff
weported that he was bleeding from his rectum and experining

sharp pains in the area where he had just had surgey, See **HATHAWAY**
**V. COUGHLIN,** 99 F.3d 550, 553, (2dCir. 1996)

Any reasonable person who is infgormed by another that they
are bleeding and in serve pain would assume that said person
is in need of immedately meddial care.

In the matter before the court not only did the defendnat
failed to address the plaintiffs' **ALEXANDER WILLIAMS JR** , MEDICAL
ISSUES WHEN HE  reported them to them the defendaas **CITY** established
a written polciy sen in **EX-a,** WHICH DOUMENTS JUST BECAUSE THE
PLAINTIFF IS CLASSIFED AS BEING A cOURT ORDER 1COKDOWN INMATE
THAT HE AND OTHER LIKE HIM IS NOT ALLOWED to be seen or seek
medical attention and medical care at the facility clinic area
unless it is in need of a emergency and when the emrgency did
takle place 8OC Officlas still maintain such a pract, usgag and
polcit, custom.

As a result of such practices, customs, usgaes and procedures
the plaintiff suffed damage that is is repparibale and his Const
righst in various Amendments were violated as a direct and proximate
cause of the defendnats condcut.

## REQUEST FOR DECLARTORY RELIEF:

The plaintiff is also demanding Declartory Relief in the form of correcting and chagging the plocies of CLO **13/21** as it relates to its entirety due tothe fact that the signing of New York State Halth Act prohibits one from being hosued in any fashion of being 23 hours locked in a cell perd day.

Also that CLO **13/21**, progibits detainees from being able to  go to the facility Clinic, Law Library, and Social Service ares.

Also that CLO **13/21**  Authmatically classifies Court Orders inamtes as being Enhance Restarint Status without affording Due Process hearings and that it is also classifying detainees as being Captin Escort whihc is another stuats used by Newa Yoprk City Department of Corrections for punitive purposes.

THEplaintiff ask fro declartory Relief in the form of stopping completely the usgae, polciy, practicve of monitoring, listening, interfeing with any detiness communication with an Attorney by way of recording, calling and speaking to be fore allowing the detinee to speak or standing near in ear shot distance.

The plaintiff demand Declartory Relief in the form of ordering the defendnat **CITY**  by way of NYC DOC to produce the plaintiff and all detinees to any/all medical appoints inclduing those within the facility as those outside of the facility.

The plaintiff demands Declartory Relief in the form of Adqaute Training to Securiby Officers in relatioins to knowing the Constitutional Rights of any/all classification of Detainees in all aspects.

It is clear that the defendnat named herein this complaint that are assigned the position of Secuirty Officer lack the tarining

mental capacity, matuirty, or supervision to know the rights
of the inmates in whihc they are employed to come in contact
with or are ordered to enageg in certain acts with.

These officers may be live that they are acting within the
scope of their duties when in actually their conduct is not within
the scope of their employement whihc is support and proōf or
being poorly trained and sypervise in areas of the alw in its
entirty.

The plaintiff ask that the Courts, The federal Governement
and others be taksed with creating and instituting a comprehensive
plan with realestic goals toǐ reach a level of compliance within
the facilities that make up Rikers ȷȧȷȿȿIsland.

7ð

CAUSES OF ACTION IN THIS COMPLAINT

## AS AND FOR A FIRST CAUSE OF ACTION FOR
## VIOLATION OF FIRST AMENDMENT RIGHTS
## FOR RETALITION UNDER 42 U.S.C. 1983

Plaintiff **ALEXANDER WILLIAMS JR**, repeats, reiterates and realleges each paragraph of this complaint and further alleges:

As a result of the defendants' **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ, SRT TEAM FROM AUGUST 31, 2022** actions and misconduct the plaintiff **ALEXANDER WILLIAMS JR**, First Amendment rights were violated, causing the plaintiff pain and suffering.

As a result of the defendant **DEFENDANT SRT AND CAPTIN FERNANDEZ**, action who sent a SRT team to the plaintiff for the purpose of intimidation, and in retaliation of ~~receiving notice of complaint naming him herein the SAC, where the plaintiff was stripped naked~~ and threaten ass seen in **Exhibit Number-C.**


## AS AND FOR A SECOND CAUSE OF ACTION FOR
## VIOLATION OF DUE PROCESS

Plaintiff **ALEXANDER WILLIAMS JR**, repeats, reiterates and realleges each and every paragraph of this complaint and further alleges:

As a result of the defendants' **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ,  SRT TEAM FROM**

74

**AUGUST 31, 2022 ,** actions and misconduct the plaintiff **ALEXANDER WILLIAMS JR,**

Fourteenth Amendment rights were violated, causing the plaintiff pain and suffering.

These defendants conduct at all times mentioned herein deprived the plaintiff of

substantial and procedure rights without providing him the right to a hearing where he could

present evidence and argument on his behalf

## AS AND FOR A THRID CAUSE OF ACTION FOR RELIEF UNDER NEW YORK STATE LAW FOR NEGLIGENCE

Plaintiff **ALEXANDER WILLIAMS JR,** repeats, reiterates and realleges each and every

paragraph of this complaint and further alleges:

At all times herein, defendants **CITY** was in charge with hiring, training, retention,

direction, supervision, discipline, oversight appointment and promotion of all correction officers,

supervisors, and staff it its employment, including but not limited to the defendants, **CITY,**

**SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN**

**WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES,**

**CAPTAIN FERNANDEZ,  SRT TEAM FROM AUGUST 31, 2022** who are named herein.

At all times alleged herein Defendant **CITY** assumed a duty of care to the plaintiff

**ALEXANDER WILLIAMS JR.**

At all times alleged herein, Defendant **CITY** was entrusted with a special duty of care to

the plaintiff **ALEXANDER WILLIAMS JR.**

Defendant **CITY,** its agents, employees and/or servants, including but not limited to defendants **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ, SRT TEAM FROM AUGUST 31, 2022,** owned a duty of care to reasonably protect the plaintiff **ALEXANDER WILLIAMS JR** while he was in their custody, control and care.

Defendant **CITY,** its agents, employees and/or servants, including but not limited to defendants **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ, SRT TEAM FROM AUGUST 31, 2022,** owned a duty of affording the plaintiff **ALEXANDER WILLIAMS JR**, due process of a hearing before limiting and restricting him from rights such as , *'MEDCIAL TREARMENT", " MENTAL HEALTH TREATMENT", "(1) RECREATION DAILY PURSUANT TO SUPREME COURT JUDGES ORDER", " TO BE FREE FROM REATALIATION FROM ITS EMPLOYESS AND INMATES"* and whatever other violations that this court find just after construing the plaintiff complaint in a liberal manner**.**

As set forth above defendant **CITY,** its agents, employees and/or servants, including but not limited to defendants **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ, SRT TEAM FROM AUGUST 31, 2022,** knew or should by reasonable diligence should have known that defendants **SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN**

**FERNANDEZ, SRT TEAM FROM AUGUST 31, 2022** had the propensity to engage in such a conduct after each has been found to engage in such conduct in the pas by way of court records in *ALEXANDER WILLIAMS V. CITY OF NEW YORK AT AL. 21-CV-1083(PGG) (KHP) & JOHMANNI ANDUZE V. CITY OF NEW YORK ET AL. 21-CV-_____ (PGG) (KHP),* Defendant **CITY,** its agents, employees and/or servants, including but not limited to defendants **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ, SRT TEAM FROM AUGUST 31, 2022,** knew or should have known as a way to retaliate against plaintiff **ALEXANDER WILLIAMS JR,** for prior and pending litigation was a crime and wrongful to engage in within and outside of the confines of New York **CITY** department of Correction facility GRVC on Rikers Island. This is a fact that some of these same defendants should have known from a more recent legal case that initiated in GRVC where plaintiff **ALEXANDER WILLIAMS JR** is detained as well as the location where these same defendants work, ***PEOPLE EX REL. BRUSE V. SCHIRALDI*** , As well as a Daily News articles where a Supreme Court Justice from the Bronx County released an inmate without bail over the same kind of conditions described by the plaintiff **ALEXANDER WILLIAMS JR,** leaving the defendants **CITY** unable to claim deniability in the conduct described above and herein

## AS AND FOR A FOURTH CAUSE OF ACTION FOR RELIEF UNDER NEW YORK STATE LAW: FOR INTENTIOANL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff **ALEXANDER WILLIAMS JR,** repeats, reiterates and realleges each and every paragraph of this complaint and further alleges:

As set forth above defendant **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ,  SRT TEAM FROM AUGUST 31, 2022,** aforesaid conduct was intentional, malicious and excessive, and served no reasonable or legitimate penological interest.

As set forth above, defendants **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ,  SRT TEAM FROM AUGUST 31, 2022,** aforesaid conduct was Intentional, Reckless and/or Grossly negligent, and served no reasonable or legitimate penological interest.

As set forth above defendants **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ,  SRT TEAM FROM AUGUST 31ST  2022,** aforesaid acts and omissions were negligent and served no reasonable or legitimate penological interest.

As set forth above the defendants intentional, reckless and/or negligent conduct alleged herein was an egregious and outrageous nature that exceeds all bounds usually tolerated by society and unreasonably and dangerous to plaintiff's psychological and emotional well-being.

As a result of the foregoing, plaintiff **ALEXANDER WILLIAMS JR**, suffered and continues to suffer permanent psychological and emotional injuries.

## AS AND FOR A FIFITH CAUSE OF ACTION FOR
## 8TH AMEMENDMENT VIOLATION OF CRUEL AND UNUSUAL PUNISHMENT

Plaintiff **ALEXANDER WILLIAMS JR,** repeats, reiterates and realleges each and every paragraph of this complaint and further alleges:

As set forth above defendant **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ,  SRT TEAM FROM AUGUST 31, 2022,** aforesaid conduct was intentional, malicious and excessive, and served no reasonable or legitimate penological interest.

As set forth above, defendants **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ,  SRT TEAM FROM AUGUST 31st 2022,** aforesaid conduct was Intentional, Reckless and/or Grossly negligent, and served no reasonable or legitimate penological interest.

It had a known medical condition and that each of the defendants as described herein at one point or another engaged in a conduct that restricted him from medical care in a fashion that was knowingly wrong and objectively adverse to the plaintiffs medical needs.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR
## NEGLIGENT TRAINING AND SUPERVISION

Plaintiff **ALEXANDER WILLIAMS JR,** repeats, reiterates and realleges each and every paragraph of this complaint and further alleges:

The failure of defendant **CITY OF NEW YORK,**  to adequately train, supervise, discipline or in any way control the behavior of defendants  **SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ,  SRT TEAM FROM AUGUST 31st 2022,** in exercise of their employment functions, and the failure to enforce the laws of the State Of New York and the regulations of Defendant **CITY OF NEW YORK** is evidence of reckless lack of cautious regards for the right of the inmate classification including the plaintiff **ALEXANDER WILLIAMS JR.**  Further, the defendants exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

The failure of defendant **CITY OF NEW YORK,**  to adequately train, supervise, discipline or in any way control the behavior of defendants **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ, SRT TEAM FROM AUGUST 31st 2022,** in exercise of their employment functions, and the failure to enforce the laws of the State Of New York and the regulations of Defendant **CITY OF NEW YORK,** was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the danger of harm and injury of the citizens of New York, the population of detainees at GRVC, including plaintiff **ALEXANDER WILLIAMS JR.**

Defendant CITY is responsible for the training of allow officers who are assigned to work any Special Housing Unit such as *"COURT ORDER LOCK DOWN"*. Defendants  **CO GRAVES** and

**ANDRE HICKSON** conduct of listening to the plaintiff was communicating with his attorney while on

the phone is evidence that defendant CITY did not give these defendants proper training in conducting

legal calls for the inmates of Court Order Lock Down Housing, along with failing to give defendant

**SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN**

**WHITE, CAPTAIN WGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES,**

**CAPTAIN FERNANDEZ,  SRT TEAM FROM AUGUST 31st 2022,** the special training as per

DOC Policy.


## AS AND FOR A SEVENTH CAUSE OF ACTION FOR RESPONDEAT SUPERIOR LIABILITY


Plaintiff **ALEXANDER WILLIAMS JR,** repeats, reiterates and realleges each and every

paragraph of this complaint and further alleges:

 Defendant **CITY OF NEW YORK** is vicariously liable for the acts of its employee and

agents who were on duty and acting in the scope of their employment when they engaged in the

wrongful conduct.

 Defendant **CITY,** is vicariously liable for the acts of uniform officers named herein as

defendants, **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW**

**HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN**

**FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ,  SRT TEAM FROM AUGUST 31st**

**2022,**  who were on duty and acting in the scope of their employment when they engaged in the

wrongful conduct.

Defendant **CAPTAIN GAINES** is vicariously liable for the acts of uniform officers named herein as defendants **ANDRE HICKSON, PRESTON RITTER** and **CO GRAVES** because defendant **CAPTAIN GAINES** holds the position of SECURITY CAPTAIN and defendants **ANDRE HICKSON, PRESTON RITTER** and **CO GRAVES** are under her direct supervision.

Defendant **CAPTAIN FERNANDEZ** is vicariously liable for the acts of uniform officers named herein as defendants **SRT TEAM FROM AUGUST 31st 2022,** for their conduct on the date of August 31st, 2022 because defendant **CAPTAIN FERNANDEZ** was the captain supervision the **SRT TEAM** on that date and time during the incident.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## MUNICIPAL LIABILTY

Plaintiff **ALEXANDER WILLIAMS JR,** repeats, reiterates and realleges each and every paragraph of this complaint and further alleges:

Defendants **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW HICKSON, CO KEVIN WHITE, CAPTAIN WIGFALL, DEPUTY WARDEN FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ, SRT TEAM FROM AUGUST 31st 2022,,** while acting under color of state law, engaged in a conduct that constituted a Custom, Usage, Practice, Procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

In that in EX-A at * pages 4 - 6 the defendant sets forth a policy, custom, usage, practice, that states that for no reason is the plaintiff to be allowed to go to the facility clinic area for medical care due to his status in that EX- F , copy of the plaintiff Supreme Court Lock Down Order doesn't state any such medical restriction.

The defendant **CITY** maintain a usage, a practice, a policy and/or procedure that is a custom that restricts, limits, and furthermore prevents the plaintiff from speaking with his attorneys in a matter protected by both the New York State and Federal Constitutions, as well as **CITY** laws that allow anyone regardless of their status to speak with their attorney in confidentiality and that said conversation are deemed private unless otherwise invited by the plaintiff.

Defendants **CITY** by way of custom, practice, policy, usage, procedure and rule denied the plaintiff right to medical care on October 6th 2022 to Bellevue Hospital for surgery check up and stomach pains after surgery, as well as failing to produce the plaintiff on September 15th 2022 to Elmhurst Hospital as seen in EX- B , as well as on September 20th 2022, even after counsel for defendant **CITY** informed United States magistrate Judge Katherine H. Parker that the plaintiff was scheduled for surgery on that date and the plaintiff was still not produce on said date until 5:00pm and was only due to having a medical emergency on September 20th 2022 on the same issue that surgery was needed for, See EX- G , for this correspondence.

Evidence of this custom, usage, policy, practice , is seen herein EX- H , which is a collage of copies of the plaintiff medical records showing over 50x's DOC Officials failed to produce the plaintiff to medical and mental health appoints without reasons.

## AS AND FOR A NINTH CAUSE OF ACTION FOR VIOLATION OF SIX ADMENDMENT IN RELATION TO CONFIDINTIALITY AND PRIVLIAGE COMMUNICATION WITH DEFENDASE ATTORNEY'S

Plaintiff **ALEXANDER WILLIAMS JR,** repeats, reiterates and realleges each and every

paragraph of this complaint and further alleges:

As a result of the defendants' **CITY, CO GRAVES, ,**  actions and misconduct the

plaintiff **ALEXANDER WILLIAMS JR,** Sixth Amendment rights were violated, causing the

plaintiff pain and suffering.

On every time that this defendant **CO GRAVES,** conducted legal calls the plaintiff was

not allowed to speak with his defense attorneys in private under the cause that defendant **CO**

**GRAVES,**  was following orders from defendant **CAPTAIN GANIES** and a custom usage,

practice, policy and procedure of the defendant **CITY** as it relates to court order lockdown

inmates.

As a result of the foregoing, plaintiff **ALEXANDER WILLIAMS JR,** is entitled to

compensatory damages in the sum of One Million Dollars ($1,000,000) and is further entitled to

punitive damages in the sum of Two Million Dollars ($2,000,000).

**WHEREFORE,** plaintiff **ALEXANDER WILLIAMS JR,** demands judgment against

defendants **CITY, SECURITY CAPTAIN GANIES, CO K. YOUNG CO ANDREW**

**HICKSON, CO KEVIN WHITE, CAPTAIN WGFALL, DEPUTY WARDEN**

**FLEMMING, CO GRAVES, CAPTAIN FERNANDEZ,  SRT TEAM FROM AUGUST 31**ST

**2022,,** jointly and severally, in the amount of One Million Dollars ($1,000,000) in compensatory

84

damages and Two Million Dollars ($2,000,000) in punitive damages plus reasonable filing cost

and disbursements fees in this action.


**DATED: _____, ___ 2022**
**QUEENS NEW YORK 11370**


**ALEXANDER WILLIAMS JR**
**PRO SE**
**09-09 HAZENS STREET**
**QUEENS NEW YORK 11370**

# EXHIBIT –A

| | CORRECTION DEPARTMENT<br>CITY OF NEW YORK | | | | |
|---|---|---|---|---|---|
| | **GEORGE R. VIERNO CENTER** | | | | |
| | COMMAND LEVEL ORDER | | | | |
| ORDER NUMBER:<br>**#13/21** | SECTION:<br>**SECURITY** | { X } NEW<br>{ } REVISED | SUBJECT: **COURT ORDERED LOCKDOWN INMATES** | | AREAS<br><br>ALL STAFF |
| EFFECTIVE DATE:<br>**07/19/21** | { } ADMINISTRATION<br>{ } PROGRAMS<br>{ X } SECURITY | PAGE 1 OF 6 | REFERENCE:  Facility Generated | | |
| AUTHORIZED BY THE COMMANDING OFFICER<br>**JEAN RENE, WARDEN** | | SIGNATURE | | | |

### I.    PURPOSE

This command level order is to establish policy and procedures for the Care , Custody and Control of the inmates under Court Order lockdown status.

### II.    POLICY

It shall be the policy of the George R. Vierno Center to comply with the mandates of all Court Orders dealing with inmates housed in this facility.  Additionally, the restrictions imposed on "Lockdown Status" inmates by the Court supercedes any rights these inmates may ordinarily have under the Minimum Standards.

### III.    PROCEDURES

The inmates housed in Court Ordered lock-down areas shall be governed by the following:

a.  Twenty-three (23) hour lock-in, feed -in status.
b.  Inmates housed in Court Ordered Lock-Down areas will be allowed to possess the following property in their cell:

1.  One (1) Bible
2.  Three (3) Magazines
3.  Three (3)Books
4.  One (1) Bar of Soap
5.  One (1) Container of Shampoo
6.  One (1) Toothbrush
7.  One (1) Toothpaste
8.  One (1) Plastic Cup
9.  One (1) Towel
10. Deodorant



| | | |
|---|---|---|
| **CORRECTION DEPARTMENT CITY OF NEW YORK** | | **GEORGE R. VIERNO CENTER** |
| **COMMAND LEVEL ORDER** | | **ORDER NUMBER # 13/21** |
| **EFFECTIVE DATE: 07/19/21** | **SUBJECT: COURT ORDERED LOCKDOWN INMATES** | **PAGE    2 OF  6 PAGES** |



## IV.    PROCEDURES (CONTINUED)

### Special Security Procedures

a.  Inmates in lock-down status shall not be removed from their cells unless a Captain is present.  <u>AT NO TIME WILL MORE THAN ONE (1) INMATE BE ALLOWED OUT OF HIS CELL AT ANY ONE TIME.</u>

b.  Whenever a Court Ordered Lock-Down inmate is removed from the housing area, he shall be restrained in leg irons, waist chains and mitts.  The inmate shall be under one-on-one observation of a Correction Officer to assure no communication with any other inmate(s), verbally, in writing or through hand signs.

c.  During the day tour (0700x 1500 hours) and under the supervision of a Captain these inmates shall be strip-searched, and their property carefully searched daily.  Theses searches will be recorded on a Random Search Form.

d.  Inmates shall always dress in jumpsuits , unless going to court for trail.

e.  Inmates housed in Court Ordered Lock -In areas shall not be allowed to refuse to be produced in court.

f.  The Court Ordered inmates shall not be permitted to refuse to attend court because of complaints of health problems unless the physician examine this defendant certifies in writing that the attendance of this defendant in court would likely result in serious impairment to this defendant's health.  In this event, this information shall be immediately transmitted to the Central Operations Desk at (718) 546-1384.

g.  The Court Ordered inmate's accompany card shall be kept in the CMC box in the General office.

### Program /Inmate Services

Law Library/Outgoing Mail

Inmates will make all request for Law Library materials in writing.  These requests will be forwarded to the Security Office who will obtain copies of the requested materials and place same in the inmate's blue storage bin.

1.  The assigned Captain will collect all letters written by the inmate.  The Captain will turn the mail over to the Security Office.  Under no circumstances will any inmate in Court Ordered Lockdown  status be permitted to send out any written correspondence or any other type of communication.



| | CORRECTION DEPARTMENT CITY OF NEW YORK | GEORGE R. VIERNO CENTER |
|---|---|---|
| | **COMMAND LEVEL ORDER** | **ORDER NUMBER # 13/21** |
| | **EFFECTIVE DATE: 07/19/21** **SUBJECT: COURT ORDERED LOCKDOWN INMATES** | **PAGE    3 OF  6 PAGES** |



## V.    PROCEDURES (CONTINUED)

### Telephone Calls and Visit Privileges:

1.  The court ordered inmates are barred from Visits and Telephone calls to anyone other than their attorney of record.  These numbers are listed in each inmate's court order folder.
2.  All calls will be placed between the hours of 1330-1430 hours and 1630-1730 hours.
3.  The Correction Officer assigned to the post shall make the telephone call using a P.I.N. Number which will be changed weekly by Security.  Inmates are not allowed to know the P.I.N. numbers.  The Correction Officer shall maintain a log of each attorney called. Such a log will detail the following information for each attempted call:

    a.   Date and Time call requested
    b.   Time call was placed
    c.   Whether or not contact was made with the Attorney
    d.   Time call ended.

### Inmate Showers

Inmates will be afforded a ten-minute shower, a day.  The showers are to be recorded in a shower logbook.  As stated earlier, a Captain shall be present when the inmate is removed from his cell to the shower and again when he is returned from the shower to his cell.  All shower activity shall be logged in the Housing Area Logbook.

### Incoming Mail

Any incoming mail for inmates housed in court ordered areas will be forwarded to the GRVC Security Office.  No mail shall be forwarded to these inmates until approved by the Commanding Officer or his/her designee.

### Commissary

The only items inmates housed in court ordered areas may purchase from commissary are:

1.  Soap            4. Toothpaste
2.  Shampoo         5. Paper
3.  Deodorant



| | CORRECTION DEPARTMENT<br>CITY OF NEW YORK | GEORGE R. VIERNO<br>CENTER |
|---|---|---|
| | **COMMAND LEVEL ORDER** | **ORDER NUMBER # 13/21** |
| | **EFFECTIVE<br>DATE: 07/19/21** | **SUBJECT: COURT ORDERED<br>LOCKDOWN INMATES** | **PAGE    4 OF  6 PAGES** |



## VI.    PROCEDURES (CONTINUED)

Custodial staff assigned to the housing area will complete the Commissary request form for the inmate. This shall prevent subject from communicating with commissary help. All commissary products will be thoroughly searched prior to giving them to the intended inmate. Appropriate logbook entries shall be made relative to the delivery of this service.

### Social Service

All request for Social Services shall be forwarded to the Security Office. At no time will these inmates have any contact with Social Service personnel. Additionally, at no time will interview slips be forwarded to any Service area.

### Religious Services

If these inmates request religious services, the Chaplain will be called to visit them. However, the Chaplain will first be instructed that he/she may not:

1. Communicate on the inmate's behalf with anyone other than the Warden, the Security Office, or the Court -appointed Special Master.
2. Convey any written messages from these inmates to anyone else.
3. May not give anything to or receive anything from these inmates.

### Medical/Mental Health Services

Any necessary medical or mental health services are to be provided to these inmates in the housing area. They will not be removed to go to the Clinic unless it is physically impossible to provide them with necessary medical services in the cell/housing area. Mental Health services, if required, will be provided to them in the housing area, not the clinic.

If the inmate must be removed to the Clinic for medical services, he shall be escorted by a Correction officer and a Captain and kept separate from all other inmates in such a manner as to assure that he is unable to communicate in any manner with other inmates.

Medical Staff who come to see these inmates in the housing area should first be instructed that they may not:



| CORRECTION DEPARTMENT CITY OF NEW YORK | GEORGE R. VIERNO CENTER |
|---|---|
| **COMMAND LEVEL ORDER** | **ORDER NUMBER # 13/21** |
| **EFFECTIVE DATE: 07/19/21** | **SUBJECT: COURT ORDERED LOCKDOWN INMATES** | **PAGE   5 OF  6 PAGES** |



## VII.  PROCEDURES (CONTINUED)

1. Communicate on the inmate's behalf with anyone other than the Warden or the Security Office.
2. Convey any written messages.
3. May not give anything to or from these inmates unless the item is necessary to provide medical services (i.e. medical supplies, medication).

### Hospital Runs

If the inmate requires hospitalization, he is to be treated and outposted at Bellevue Hospital as a medical emergency. In the event of a medical emergency, the inmate is to be transported to the nearest hospital.

### Inmate Recreation

Inmates housed in the Court Ordered area may be afforded recreation in accordance with the details delineated in the court order or as amended in a separate memo. These stipulations shall be reflected in the posted "Recreation Schedule". A Captain shall be present when the inmate is removed from his cell and returned to his cell, following the recreation period. While at recreation, these inmates shall be separated from all other inmates verbally, in writing or through hand signals. These inmates will be restrained in waist chains handcuffs and mitts whenever they are out of their cells for recreation.

Appropriate logbook entries shall be made relative to delivery of this service.

## CELL AREA ACCESS AND SUPERVISION

1. Civilian personnel (i.e. Chaplain and Medical Staff) must always enter the cell area accompanied by a Supervisor .
2. The area Captain will conduct at least three (3) tours of inspection in the court ordered inmates cell area during each tour of duty.
3. The on-duty Tour Commander will conduct at least one (1) tour of inspection during each tour of duty. He/she is responsible for ensuring that the provisions of this order are fully complied with.

## LEGAL JUSTIFICATION

1. This order is justified as per Supreme Court Order.



| CORRECTION DEPARTMENT CITY OF NEW YORK | | GEORGE R. VIERNO CENTER |
|---|---|---|
| COMMAND LEVEL ORDER | | ORDER NUMBER # 13/21 |
| EFFECTIVE DATE: 07/19/21 | SUBJECT: COURT ORDERED LOCKDOWN INMATES | PAGE    6 OF  6 PAGES |



PREPARED BY:

JONELLE SHIVRAJ, Deputy Warden for Security

REVIEWED BY:

LISA BARNABY, Deputy Warden for Administration

JOANNE MATOS, Deputy Warden for Programs/Operations

TIFFANY MORALES, Deputy Warden for Enhanced Supervision Housing

# EXHIBIT –B



# CITY OF NEW YORK - DEPARTMENT OF CORRECTION



**OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES**

Form.: 7102R
Eff.: 8/23/19
Ref.: Dir. 3376R-A

## DISPOSITION FORM

| Grievance Reference #587271 | Date Filed: 09/26/22 | Facility: **GRVC** |
|---|---|---|

| Inmate Name:  Williams Alexander | Book and Case#: 1411801632 | Category: Medical |
|---|---|---|

From OCGS Inmate Statement Form, print or type short description of grievance:

I was scheduled for surgery today as seen in the attached documentation and I was not produced nor did I refused.

Action Requested by Inmate:

Please investigate this matter and notify me of outcome of investigation is writing.

### STEP 1: FORMAL RESOLUTION

Check one box: ☑ Grievance      ☐ Submission is not subjected to the Grievance Process

The Office Of Constituent and Grievance Services proposes to formally resolve your grievance as follows below. Alternatively, OCGS staff shall provide an explanation for why the submission is not subject to the OCGS process. Grievances not subject to the Grievance Process cannot be appealed.

OCGS staff would like to inform grievant that your requested action will be forwarded to Medical for review.

### CHECK THE APPROPRIATE BOX BELOW AND PROVIDE YOUR SIGNATURE
*(Failure to sign forms will forgo your right to appeal the proposed resolution.)*

☑ Yes, I accept the resolution   ☐ No   ☐ I request to appeal the resolution of this grievance to the Commanding officer.

*Note: If you appeal, the grievance staff can request for a preliminary based review if they feel the complaint was thoroughly investigated and addressed, prior to forwarding to the Commanding Officer. You will receive the outcome of this review within (3) business days to inform you the appeal will proceed or you exhausted administrative remedies. Grievance not subject to the Grievance Process cannot be appealed.*

| Inmate's Signature: | Date: 9/20/22 |
|---|---|

☐ Preliminary Review Requested

| Grievance Coordinator/Officer Signature: | Date: 9/26/22 . |
|---|---|

ATTACHMENT -B-1

 **CITY OF NEW YORK - DEPARTMENT OF CORRECTION**

**OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES**
**INMATE STATEMENT FORM**

| | |
|---|---|
| Form.: 7101R-A | Eff.:9/14/18 |
| Ref.: Dir. 3376R-A | |

**Inmate's Name:** alexander Williams J

**Book & Case #:** 1411T01612

**NYSID #:** 01897858C

**Facility:** GRVC

**Housing Area:** 2A

**Date of Incident:** 9/15/2022

**Date Submitted:** 9/15/2022

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance:** I was Scheduled for Surgery today as seen on the attached documetation and I was not produced nor did I Refused

**Action Requested by Inmate:** please enrestigate this matter and notify me of outcome of envestigation in writing

**Please read below and check the correct box:**

Do you agree to have your statement edited for clarification by OCGS staff?    Yes ☐   No ☑

Do you need the OCGS staff to write the grievance for you?    Yes ☐   No ☑

Have you filed this grievance with a court or other agency?    Yes ☐   No ☑

Did you require the assistance of an interpreter?    Yes ☐   No ☑

**Inmate's Signature:** alexell Willew

**Date of Signature:** 9/15/2022

**FOR DOC OFFICE USE ONLY**

OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR

| TIME STAMP | Grievance Reference # | Category: |
|---|---|---|
| 2022 SEP 26 ☐ 1: | S87271 | medical |
| | Office of Constituent and Grievances Services Coordinator/Officer Signature: Byrne #18049 | |

# AFTER VISIT SUMMARY



**Alexander Williams**  MRN: 6162091

📅 9/1/2022  📍 Elmhurst Adult ED 718-334-3054

## Instructions

PT has chronic cholecystitis with recurrent bouts. Pt **MUST** return on **9/15** at **8am** for appointment. NEEDS **Metronidazole 500mg 3x daily for 10 days and ciprofloxacin 500mg 2x daily for 10 days.**

Please return if chest pain,shortness of breath, trouble breathing, nausea , vomiting, malaise, fever, chills, fatigue, trouble or pain on urination, worsening abdominal pain, diarrhea, blood in stool, any worsening signs or symptoms

 **Ambulatory Referral to General Surgery**
Scheduled for 9/15/2022
Expires: 2/28/2023 (requested)
Reason for Referral: Cholecystectomy

## What's Next

| SEP 15 2022 | **Follow Up Visit** Thursday September 15 8:40 AM (Arrive by 8:20 AM) Go to H-building: 2nd floor, Room D2-81 | Elmhurst General Surgery 79-01 Broadway Elmhurst NY 11373 718-334-3241 Arrive at: D2-81 |

## General Emergency Department Discharge Instructions

We appreciate that you chose us as your healthcare provider.

This form provides you with information about the care you received in our Emergency Department and instructions about caring for yourself after you leave the Emergency Department. If you have further questions concerning this visit please call us at the included phone number above on this form. Please keep this form and bring it with you should you need additional treatment. If your symptoms become worse or you are not improving as expected and you are unable to reach your usual health care provider, or get to your follow-up appointment, you should return to the Emergency Department immediately. We are available 24 hours a day.

*It is important that you keep appointments that may have been scheduled. If you are unable to make an appointment, please call the corresponding clinic to reschedule your appointment.*

## Today's Visit

You were seen by Dr. L Iavicoli, MD, Dr. A Campeas, MD, and Dr. U Khatri, MD

**Diagnosis**
Chronic cholecystitis

### ⚗ Lab Tests Completed
BMP
CBC and differential
LFT
Lipase
Manual Differential - Sysmex (REFLEX)

### 🩻 Imaging Tests
US gallbladder

### 🏥 Done Today
Inpatient Consult to General Surgery

### 💊 Medications Given
ceFAZolin (ANCEF)
ketorolac (TORADOL) Last given at 6:29 AM
metroNIDAZOLE (FLAGYL)
sodium chloride Stopped at 8:23 AM

MYCHART

Our records indicate that you do not meet the minimum age required to sign up for MyChart.

Parents or legal guardians who would like online access to Alexander's medical record via MyChart should request access via Proxy from your clinic staff or local Health Information Department.

Need help signing up for MyChart? Call our MyChart Help Line at 1-844-920-1227 and press 1 for MyChart assistance. Our team is available Monday - Friday, 9:00 AM - 5:00 PM ET.

## NYC Health and Hospital Virtual ExpressCare (continued)

**Visit Expresscare.nyc or call (631) 397-2273 or point your smartphone camera at the QR code to talk to a doctor now.**



## Don't wait any longer! Protect yourself and others against COVID-19!

NYC Health + Hospitals is committed to help New Yorkers fight the COVID-19 pandemic. One of the most powerful tools to end the COVID-19 pandemic are vaccines. By getting vaccinated, you are protecting yourself, your family, your coworkers, and your community. Being vaccinated will prevent you from:

- Getting COVID-19
- Becoming seriously ill or dying due to COVID-19
- Spreading COVID-19 to others

Once vaccinated, you will add to the number of people in the community who are protected. This will help us to reach herd immunity - when a large part of the community becomes immune (protected from) COVID-19. This makes it harder for the disease to spread.

**COVID-19 vaccines are safe, free and effective!**

NYC Health + Hospitals has been using Pfizer, Moderna and J&J vaccines. All three vaccines have been given Emergency Use Authorization (EUA) by the Food and Drug Administration (FDA) in United States. These vaccines have been carefully studied both before and after the FDA's EUA. The vaccines have shown virtually no significant or long-term problems.

In a study of more than 17 million people who received Pfizer or Moderna vaccines:

- Serious allergic reactions happened at a rate of only 2-4 per 1 million doses. This is safer than almost all medicines!

**There are many ways to get your COVID-19 vaccine!**

Anyone age 12 and older that lives in the United States can get the COVID-19 vaccine in New York City. To get your vaccine, you can:

**1. Schedule an appointment online.** Go to https://tinyurl.com/NYCHHCovidVaccine or use the QR code below on your phone:



## COVID-19 Message

For the latest information from NYC Health + Hospitals about the outbreak of respiratory illness caused by the coronavirus known as COVID-19, go to https://www.nychealthandhospitals.org/healthtips/what-you-need-to-know-about-the-coronavirus/

If you have a fever, cough, sore throat, or shortness of breath that is unrelated to an existing condition, or have questions about COVID-19 testing, please call 1-844-NYC-4NYC (1-844-692-4692).

Thank you for being a patient at ELMHURST ADULT ED today. If your prescription was sent to the internal hospital pharmacy, please keep this paper for your records and provide to the pharmacist when you arrive. Thank you again!

**Patient EMPI: 100457149 - For Internal Pharmacy Use Only**


100457149

10100457149

# EXHIBIT –C

ALEXANDER WILLIAMS JR 141-180-1632
G.R.V.C.
09-09 HAZEN STREET
EAST ELMHURST NEW YORK 11370

AUGUST 31, 2022

THE HONORABL JUDHGE KATHERINE H. PARKER
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

RE: <u>WILLIAMS VS. CITY OF NEW YORK ET AL.,</u>
        22-CV-3819

Dear Judge Parker:

        I represent myself Pro-Se in the above-captioned matter. I write
to advise the Court of an extremely troubling event relevant to this case,
involving intimidation and threats against myself, that occurred today Wednesday
August 31, 2022 at the George R. Vierno Center ("GRVC) on Rikers Island,
where I am currently in pretrial detention.

        While I recognize that the Court has yet to reach the discovery
stage in this matter, (Dkt. 33) in order to prevent the loss or destruction
of potentially relevant evidence, I respectfully request that the Court issue
an Order demanding that the defendnat CITY and the New York City Department
of Correction perserve any footage of this event that may exist, as well
as the footage from the incident with SRT from July 28, 2022 that occurred
in side of his housing unit 2a at GRVC.

        Attached is the statement in regards to the events that occurred
today and the areas of the cameras that I am asking that the footage be perserve
from.

        The conduct of the SRT team mebers today suggest that a causal
link exist between the activity in this case or another pending civil case

that is in front of yourself, Judge Gardephe and a seperate matter that is
in front of Jugde Lweis J. Liman. In any matter the filing of a Grievance
and a law suiot is a protected conduct it is also clear from the statement
that DOC officials are willing to try any/all tactics in order to sway the
plaintiffs contiunation in civil litigation.

      I ask that this Court immedatley serve the requested Order on teh
City Of New York and the New York City Department of Correction for any/all
video of the incidant that occured on August 31, 2022. Purusnat to to Your
Homor's Individual Rule 1, I attempted to reach the counsel for defendnats
in this matter John Schemitsch by telephone to confer regardiong this request;
I was unable to reach Mr. Schemitsch. Given defendants' opposition to any
request in this nature, I am hopeful that the Court will see the impotance
of the request in light of the already established factors of the perpensity
for retaliation in the following cases at it related to the plaintiff in
thsi case, See WILLIAMS V. CITY OF NEW YORK ET AL.,  19-CV-3347  also WILLIAMS
V. CITY OF NEW YORK ET AL.,  21-CV-1083, IN Your Honors' own Report and Recommen
dations issued on August 05, 2022 as it goes to First Amendment retailaition
claims.

RESRECTFULLY SUBMITTED
ALEXANDER WILLIAMS JR PRO-SE

E3XHIBIT-A

STATEMENT OF FACTS:

MONDAY 8/29/2022-

On Monday the plaintiff recived information that his Wife Crystal A. Williams had been diagnoised with Breast cancer and he informed mental health personnel that he was not in the right state of mind. See Housing unit 2a logbook page -91, approx 8:00pm.

TUESDAY 8/30/2022-

ON TUESDAY AT APPROXAMATELY 07:10PM    CO Serrano Sheild No. 12439 notified captin Guam and mental health staff that the plaintiff was acting eracted and seemed depressed, see hosing unit logbook page 94.

WEDNESDAY 8/31/2022 -

At approxamately 10:30am Captain Mitchell was escorting the pplaintiff to mental health in the cklinic, as the plaintiff was walking out of the housing unit gate in the hallway outside of the housing unit SRT being lead by a Captian Fernandez appeared at the front of the gate and began telling the plaintiff to back up he was not going anywahere right now.

Captain Mitchell as well as the plaintiff himself voiced to SRT captian Fernandez and SRT members that the plaintif fwas having a mental health episode and had ben summoned to the facility clinic area to met with mental health personnel.

Ignoring the information that a DOC captian gave to them SRT memebers demanded that the hallway gate be opened and when it was advanced towards the plaintiff in a theratening manner while screaming under their masks that "I KNOW YOU " " YOU ARE THE GUY WITH THE LAWSUIT, AM GOING TO FUCK YOU UP TODAY".

It is important to note, that the SRT memnber that made this statement was 6'5 in hieght and was the only one that appeared tro have dreadlocks . He nor any of the other SRT team mebers had body worrn cameras on, name tags and/or shiled numbers, nor were they recognizable because of the fact that they all had hats and face mask on .

The plaintiff retreated from these SRT members and went in the direction of housing uynit officer Serrano and was calling for him to prevent a physical altercation from occurring. As the plaintuiff got closer to housing unit Serrano Sheild No 12439, he lookeed back and saw that the SRT member with the dreadsa  was within inches of him with his hands in a strking position , and still talking under his mask about the plaintiff  filing a lawsuit and needing to be taught a lesson.

The plaintiff was able to retreat back into his housing unit barely where he contacted his attroney  Eric Abrams from Paul, Weiss, Rifkind, Wharton & Garrison LLP and informed him of what had just taken place.

Housing unit officer Serrano stayed in the hallway section and explained to the SRT captian , Captian Fernandez that what had just taken place was wrong and improper for a inmate that was having a mental episode, (SPEAKING IN REGARDS TO THE PLAINTIFF ALEXANDER WILLIAMS JR).

Housing Unit officer Serrano place something ion teh housing unit log book relating to the plaintiff mental health matter see page 96 time 11:00am.


SINCERELY:

ALEXANDER WILLIAMS JR

# EXHIBIT –D

# EXHIBIT –E



| THE CITY OF NEW YORK DEPARTMENT OF CORRECTION | | |  |
|---|---|---|---|
| **GEORGE R. VIERNO CENTER** | | | |
| **WARDEN'S MEMORANDUM** | | | |

| DISTRIBUTION: **ALL STAFF** | MEMO NO. 3/20 | Effective Date: 11/19/20 | PREPARED BY (Type Name & Title) SHERMA DUNBAR, WARDEN |
|---|---|---|---|
| SUBJECT: **COURT ORDERED LOCKDOWN INMATES HOUSING AREA 2 A** | | | Page 1 of 1 |

## EFFECTIVE IMMEDIATELY

Effective immediately the following will be strictly adhered to:

When affording services to all inmates housed in 2A which is specific to Court Ordered Lockdown incarcerated individuals, staff **MUST** activate their Body Worn Camera to ensure all services are being provided.

All services provided to inmate Williams, Alexander B&C#141-18-01632 housed in special housing are 2A "Court Ordered Lockdown" must be memorialized for record keeping. Each housing area Officer assigned to housing area 2A or service Officer affording services in housing area 2A **MUST** activate their assigned Body Worn Camera when affording any Service to inmate Williams, Alexander.

All staff must denote all services afforded in the housing area logbook, copies of the logbook will be required to be scanned daily along with the completion of the attached Excel Grid memorializing which BWC was activated to record services rendered, which shall coincide with the logbook pages

Any question concerning the contents of this memorandum shall be directed to the Commanding Officer.

Failure to comply with the contents of this memorandum WILL result in disciplinary action.

c: Jonelle Shivraj, Deputy Warden, Security
Tiffany Morales, Deputy Warden, Administration/Programs
Joanne Matos, Deputy Warden, Operations
All Tour Commanders

# EXHIBIT –F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: CRIMINAL TERM, PART 7
----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

              **LOCKDOWN ORDER**

    - against -

ALEXANDER WILLIAMS,        Kings County
   BOOK & CASE # 1411801632   Indictment Number
   NYSID # 01897858L      2146/18
         Defendant.
----------------------------------------------------------------X

   WHEREAS the above-captioned defendant is before the Supreme Court, Kings County, PART 7 pending trial in the above-captioned case, wherein he is charged with Murder in the Second Degree, and other related charges, and

   WHEREAS this Court has been presented with clear and convincing evidence that this defendant, has solicited the aid of other persons to threaten, intimidate, and cause serious physical injury or death to witnesses, and has been engaging in other conduct that raises serious, well-founded and legitimate concerns, that he poses a continuing, significant risk to the safety of persons whom he perceives as being potential witnesses against him; and this Court finds that the imposition of each of the restrictive conditions of confinement on this defendant that are delineated in this order is essential to protect the integrity of the criminal proceedings against him and others and to assure the safety of potential witnesses and their families, and is required in this case. It is

   ORDERED that pending further written order of this Court or another court of appropriate jurisdiction:

**Housing**

1)  The above-captioned defendant is to be housed in a highly secure area designated by the Department of Correction, preferably the lockdown area, on lock-in, to be separated from all other inmates in the area, in such a manner as to prevent him, to the extent possible, from communicating with or passing material to other inmates,

**Visits and Phone calls**

2)  Defendant is barred from having any visits other than with his attorney, Jeffrey Chabrowe, Esq.

3)  Defendant is precluded from making any telephone calls other than to his attorney, Jeffrey Chabrowe, at 917-529-3921. A correction officer or captain shall dial such telephone number 917-529-3921 using the defendant's PIN number. Moreover, the defendant's PIN number shall

10

Barrett, 917-273-7535.  A correction officer or captain shall dial such the telephone numbers 917-529-3921, 516-316-2841, and 917-273-7535 using the defendant's PIN number.  Moreover, the defendant's PIN number shall be changed weekly and shall not be given to the defendant. The correction officer or captain placing the call shall verify that attorney Jeffrey Chabrowe, Esq., or Investigators Kevin Hinckson, or David Barrett, has answered the phone and, only after verifying that said attorney or investigator is on the line, shall permit the defendant in question to speak on the phone.  Additionally, in order to avoid any claim by this defendant that the Department of Corrections has not permitted him to speak with his attorney or investigator in accordance with this order, the Department of Correction will maintain a log of each attorney and investigator call by this defendant, whether completed or not, such log shall detail the following information for each attempted call: a) date and time call requested, b) time call placed, c) whether or not contact was made with the attorney or investigator, 4) the time call ended.

**Movement and Transportation**

4)    While in a court detention facility, this defendant will be housed in a similar manner pursuant to paragraph 1.

ORDERED THAT THIS ORDER IS SEALED, copies are to be provided only to the District Attorney of Kings County, the Department of Corrections (DOC) Legal Division, the DOC Operations Security Unit and CCC, the DOC Court Unit, the Warden and Deputy Warden for Security in the jail where the above-captioned defendant is housed, the Commanding Officer of the Brooklyn Court Detention Facility and NYC Correctional Health Services, who shall disseminate by memo to appropriate persons information about the within contained directives which they will be involved in implementing.

SO ORDERED,

Dated:  Brooklyn, New York
~~February 13, 2019~~

FEB 1 3 2019

HONORABLE Vincent DelGiudice
Justice of the Supreme Court

Hon. Vincent M. Del Giudice
Judge of the Court of Claims
Acting Supreme Court Justice

11

# EXHIBIT –G



THE CITY OF NEW YORK

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**NICOLETTE PELLEGRINO**
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

September 14, 2022

<u>VIA E.C.F.</u>
Hon. Katherine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   <u>Alexander Williams, Jr. v. City of New York, et al.</u>,
>        22 Civ. 3819 (PGG) (KHP)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and an attorney representing defendant the City of New York in the above referenced matter.[1] The undersigned writes in accordance with the Court's September 13, 2022 Order to provide an update concerning the Plaintiff's upcoming medical appointment.

        By way of relevant background, on September 13, 2022, the parties participated in a telephone conference before the Court. (<u>See</u> Sept. 13, 2022 Dkt. Entries.) During the conference, Plaintiff noted, *inter alia*, that he was scheduled for a medical appointment this week and expressed concerns regarding whether the New York City Department of Correction ("DOC") would transport him to his appointment. In response, the Court directed the undersigned to contact DOC to confirm (a) when Plaintiff's medical appointment is scheduled for and (b) that DOC has a plan in place to ensure Plaintiff's timely presence at the hospital on that date and time. In addition, the Court directed the undersigned to submit a letter to the Court by today, September 14, 2022, to provide an update concerning this matter.

        Thus, as for the requested update, the undersigned was informed that "Williams, Alexander BC #141-18-01632 is scheduled for [a medical] appointment on Tuesday, September 20th, 2022." In addition, the undersigned was informed that "unless Plaintiff refuses to go or there's an unforeseen circumstance, there is no reason they will not take him to his [appointment]."

---

[1] This case is being handled, under my supervision, by Assistant Corporation Counsel Mary Jane Anderson, who is not yet admitted to the New York State Bar. Ms. Anderson may be reached at (212) 356-2415 or maanders@law.nyc.gov.

# EXHIBIT –H

 **HEALTH+ | Correctional Health Services**
**HOSPITALS**

Patient Name:
ALEXANDER   WILLIAMS
NYSID:
01897858L

Latest Book and Case#:
1411801632
Patient Facility:
GRVC

**ALL - Missed Visit**
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

**Missed Visit Type**
**Missed Visit type?** Specialty - On-Site
**The following services were missed (Specialty):**   Neurology

**Missed Visit Comments**
**Date of scheduled visit?** 03/24/2021
**What was the reason for missed visit?** Not Produced

Signed By: Dwyer, Nadia at 3/25/2021 1:51:08 PM

# NYC HEALTH+ HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 03/31/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient not produced for bloodwork as per officer Sutton referring capt Williams

Signed By: Nelson, Marie at 3/31/2021 7:17:41 AM

1 of 1

 **NYC HEALTH+HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 04/07/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient not produced for bloodwork    as per officer Wright referring capt Williams

Signed By: Nelson, Marie at 4/7/2021 7:25:32 AM

1 of 1

# NYC HEALTH+ HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 04/14/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt was not produced by DOC. Capt Guan was notified.

Signed By: Sampeur, Marie at 4/14/2021 7:42:22 AM

1 of 1

**NYC**
**HEALTH+**
**HOSPITALS** | **Correctional Health Services**

<table>
<tr><td><u>**Patient Name:**</u></td><td><u>**Latest Book and Case#:**</u></td></tr>
<tr><td>ALEXANDER   WILLIAMS</td><td>1411801632</td></tr>
<tr><td><u>**NYSID:**</u></td><td><u>**Patient Facility:**</u></td></tr>
<tr><td>01897858L</td><td>GRVC</td></tr>
</table>

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 04/21/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt was not produced by DOC.

Signed By: Sampeur, Marie at 4/21/2021 7:26:26 AM

1 of 1



**NYC HEALTH+ HOSPITALS** | **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

### ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

### Missed Visit Comments
**Date of scheduled visit?** 04/22/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Requested to DOC to bring pt to clinic.

Signed By: Otonichar, Joseph at 4/22/2021 5:35:24 PM

# HEALTH+ HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## MED - Urgicare Call
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

**Urgicare Call:**
**Urgicare Physician:** Adam Litroff DO
**Referring MD/PA/NP/RN:** Wachtel
**Time of Call:** 15:02
**Evaluation Completed Using:** Phone
**Chief Complaint:** Patient scheduled for WF Sono b/l duplex - Not done.   Since Sono unavailable tomorrow, will add to list for Thursday WF Sono.
**Category:** Medical
**Additional Follow-Up Needed?** Follow-up by primary care in patient's facility

Signed By: Litroff, Adam at 4/27/2021 8:14:05 PM

1 of 1

 **NYC HEALTH+ HOSPITALS** | # Correctional Health Services

| | |
|---|---|
| **Patient Name:** | **Latest Book and Case#:** |
| ALEXANDER    WILLIAMS | 1411801632 |
| **NYSID:** | **Patient Facility:** |
| 01897858L | GRVC |

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 04/28/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient not produced for bloodwork as per officer Russell referring capt Henry

Signed By: Nelson, Marie at 4/28/2021 8:08:40 AM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 05/05/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient not produced for bloodwork as per officer Sutton

Signed By: Nelson, Marie at 5/5/2021 7:27:32 AM

 **Correctional Health Services**

Patient Name: | Latest Book and Case#:
ALEXANDER    WILLIAMS | 1411801632
NYSID: | Patient Facility:
01897858L | GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

### Missed Visit Comments
**Date of scheduled visit?** 05/20/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Requested produce pt but escort reported pt could not be produced

Signed By: Otonichar, Joseph at 5/20/2021 5:40:18 PM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

### Missed Visit Comments
**Date of scheduled visit?** 05/27/2021
**What was the reason for missed visit?** Not Produced

Signed By: Otonichar, Joseph at 5/27/2021 5:16:19 PM

1 of 1

# NYC HEALTH+ HOSPITALS | Correctional Health Services

| | |
|---|---|
| **Patient Name:** | **Latest Book and Case#:** |
| ALEXANDER   WILLIAMS | 1411801632 |
| **NYSID:** | **Patient Facility:** |
| 01897858L | GRVC |

**Form Name:** MH - PsychMeds Bridge
**Form Obs:** MH - PsychMeds Bridge

## MH - PsychMeds Bridge
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

PsychMeds Bridge
**Missed Visit type?**   PsychMeds
**The following services were missed:**   Psych Medication Re-Evaluation
**Reason patient is being bridged:** Not Produced
**Date of of last Psychiatry Medication Reevaluation::**
MH – Psychiatry - Medication Reevaluation (03/27/2021 6:46:55 PM)
**Percent compliance with individual's medications since last prescription (Type medication name and % compliance):** Abilify 5mg QHS - 100%
melatonin 2mg QHS - 100%
**Current Medications:**
HYDROCORTISONE 1% OINTMENT 30 GM 30 GM (HC OINT 30 GM) (HYDROCORTISONE) apply bid;
Route: EXTERNAL
MICONAZOLE 2% ANTIFUNGAL 30 GM (MICONAZOLE NITRATE) apply bid; Route: EXTERNAL
TRIAMCINOLONE   NASAL 55 MCG / 1 ML (NASACORT 55 MCG / 1 ML) (TRIAMCINOLONE
ACETONIDE) 1 spray nasally daily; Route: NASAL
ARIPIPRAZOLE 5 MG (ABILIFY 5 MG) (ARIPIPRAZOLE) take   5   mg   by mouth   at bedtime;
Route: ORAL
MELATONIN 1 MG (MELATONIN) take     2   mg   by mouth    at bedtime; Route: ORAL
ALBUTEROL 90 MCG / 1 INH (VENTOLIN / PROVENTIL HFA 90 MCG / (ALBUTEROL SULFATE) 2 puff
q 6 hours prn; Route: INHALATION
BECLOMETHASONE DIP HFA 80 MCG (QVAR REDIHALER HFA 80 MCG) (BECLOMETHASONE
DIPROP HFA) 1 puff bid.; Route: INHALATION

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

### Missed Visit Comments
**Date of scheduled visit?** 05/27/2021
**What was the reason for missed visit?** Not Produced

1 of 2

 **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

Signed By: Otonichar, Joseph at 5/28/2021 11:04:01 AM

NYC
**HEALTH+**
**HOSPITALS** | # Correctional Health Services

| | |
|---|---|
| <u>**Patient Name:**</u> | <u>**Latest Book and Case#:**</u> |
| ALEXANDER   WILLIAMS | 1411801632 |
| <u>**NYSID:**</u> | <u>**Patient Facility:**</u> |
| 01897858L | GRVC |

### ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

### Missed Visit Comments
**Date of scheduled visit?** 06/02/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt was not produced by DOC.

Signed By: Sampeur, Marie at 6/2/2021 7:36:06 AM

 **HEALTH+ HOSPITALS** | # Correctional Health Services

| | |
|---|---|
| **Patient Name:** | **Latest Book and Case#:** |
| ALEXANDER   WILLIAMS | 1411801632 |
| **NYSID:** | **Patient Facility:** |
| 01897858L | GRVC |

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

### Missed Visit Comments
**Date of scheduled visit?** 06/04/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt not produced.

Signed By: Otonichar, Joseph at 6/4/2021 12:18:14 PM

# NYC HEALTH+ HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 06/09/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** patient not produced for labs: HGBA1C, QFT, RPR and IRON / FERRITIN

Signed By: Quinones, Maritza at 6/9/2021 1:37:40 PM

1 of 1

 **HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

**Form Name:** MH - PsychMeds Bridge
**Form Obs:** MH - PsychMeds Bridge

## MH - PsychMeds Bridge
Patient: **ALEXANDER WILLIAMS**  DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

PsychMeds Bridge
**Missed Visit type?**   PsychMeds
**The following services were missed:**   Psych Medication Re-Evaluation
**Reason patient is being bridged:** Not Produced
**Date of of last Psychiatry Medication Reevaluation::**
MH - Psychiatry - Medication Reevaluation (03/27/2021 6:46:55 PM)
**Number of previous consecutive bridges prior to this visit:**   2
**Percent compliance with individual's medications since last prescription (Type medication name and % compliance):** aripiprazole 5mg QHS - 90%
melatonin 1mg QHS - 90%
**Current Medications:**
MELATONIN 1 MG (MELATONIN) 1 mg hs; Route: ORAL
ARIPIPRAZOLE 5 MG (ABILIFY 5 MG) (ARIPIPRAZOLE) 5 mg hs; Route: ORAL
ALBUTEROL 90 MCG / 1 INH (VENTOLIN / PROVENTIL HFA 90 MCG / (ALBUTEROL SULFATE) 2 puff q 6 hours prn; Route: INHALATION
BECLOMETHASONE DIP HFA 80 MCG (QVAR REDIHALER HFA 80 MCG) (BECLOMETHASONE DIPROP HFA) 1 puff bid.; Route: INHALATION

**New Medications:**
MELATONIN 1 MG (MELATONIN) 1 mg hs; Route: ORAL
ARIPIPRAZOLE 5 MG (ABILIFY 5 MG) (ARIPIPRAZOLE) 5 mg hs; Route: ORAL

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

## Missed Visit Comments
**What was the reason for missed visit?** Not Produced

 # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

Signed By: Otonichar, Joseph at 6/10/2021 3:45:47 PM

NYC
HEALTH+
HOSPITALS | **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Specialty - On-Site
**The following services were missed (Specialty):**   Physical Therapy

## Missed Visit Comments
**Date of scheduled visit?** 06/09/2021
**What was the reason for missed visit?** Not Produced

Signed By: Dwyer, Nadia at 6/11/2021 10:08:44 AM

1 of 1

 **HEALTH+ HOSPITALS** | **Correctional Health Services**

**Patient Name:**                                         **Latest Book and Case#:**
ALEXANDER   WILLIAMS                                      1411801632
**NYSID:**                                                **Patient Facility:**
01897858L                                                GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 06/16/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt was not produced by DOC.


Signed By: Sampeur, Marie at 6/16/2021 6:37:16 AM



# Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

**Form Name:** MH - PsychMeds Bridge
**Form Obs:** MH - PsychMeds Bridge

## MH - PsychMeds Bridge
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

PsychMeds Bridge
**Missed Visit type?** PsychMeds
**The following services were missed:**    Psych Medication Re-Evaluation
**Reason patient is being bridged:** Not Produced
**Date of of last Psychiatry Medication Reevaluation::**
MH - Psychiatry - Medication Reevaluation (03/27/2021 6:46:55 PM)
**Number of previous consecutive bridges prior to this visit:**    3
**Current Medications:**
MELATONIN 1 MG (MELATONIN) 1 mg hs; Route: ORAL
ARIPIPRAZOLE 5 MG (ABILIFY 5 MG) (ARIPIPRAZOLE) 5 mg hs; Route: ORAL
ALBUTEROL 90 MCG / 1 INH (VENTOLIN / PROVENTIL HFA 90 MCG / (ALBUTEROL SULFATE) 2 puff
q 6 hours prn; Route: INHALATION
BECLOMETHASONE DIP HFA 80 MCG (QVAR REDIHALER HFA 80 MCG) (BECLOMETHASONE
DIPROP HFA) 1 puff bid.; Route: INHALATION

**New Medications:**
MELATONIN 1 MG (MELATONIN) 1 mg hs; Route: ORAL
ARIPIPRAZOLE 5 MG (ABILIFY 5 MG) (ARIPIPRAZOLE) 5 mg hs; Route: ORAL

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

## Missed Visit Comments
**What was the reason for missed visit?** Not Produced

Signed By: Otonichar, Joseph at 6/17/2021 5:55:58 PM

# NYC HEALTH+HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

# HEALTH+ HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up

## Missed Visit Comments
**Date of scheduled visit?** 06/23/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient not produced by DOC for Lab. Capt. Fields aware

Signed By: Tabansi, Daniel at 6/23/2021 7:55:21 AM

**NYC**
**HEALTH+**
**HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 06/23/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt was not produced for blood work by C O Renoit. Capt Guam was notified.

Signed By: Sampeur, Marie at 6/23/2021 6:48:10 AM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Medical
**The following services were missed (Medical):** Chronic Care Visit

### Missed Visit Comments
**Date of scheduled visit?** 07/01/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** AS PER CLINIC OFFICER , RUSSELL    -    NO ESCORT AVAILABLE TO
PRODUCE THE PATIENT

Signed By: Kelly, Guy at 7/1/2021 8:27:42 PM

# NYC HEALTH+ HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER . WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit

Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type

**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

## Missed Visit Comments

**Date of scheduled visit?** 07/01/2021
**What was the reason for missed visit?** Not Produced

Signed By: Otonichar, Joseph at 7/2/2021 3:20:30 PM

 **HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
 01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

**Form Name:** MH - PsychMeds Bridge
**Form Obs:** MH - PsychMeds Bridge

## MH - PsychMeds Bridge
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

PsychMeds Bridge
**Missed Visit type?**   PsychMeds
**The following services were missed:**   Psych Medication Re-Evaluation
**Reason patient is being bridged:** Not Produced
**Date of of last Psychiatry Medication Reevaluation::**
 MH - Psychiatry - Medication Reevaluation (03/27/2021 6:46:55 PM)
**Number of previous consecutive bridges prior to this visit:**   6
**Percent compliance with individual's medications since last prescription (Type medication name and % compliance):** ARIPIPRAZOLE 5 MG TABLET HS TAKE 5mg AT BEDTIME 07/03/2021 07/10/2021 5/5 = 100% NON-CARRY Active ORAL 7/7/2021 8:01:00 PM 7/8/2021 9:00:00 PM BECLOMETHASONE DIP HFA 80 MCG/INH BID ONE PUFF TWICE A DAY 05/20/2021 08/18/2021 2/2 = 100% CARRY Active INHALATION 6/23/2021 9:00:00 PM 7/24/2021 9:00:00 PM
MAALOX MAXIMUM STRENGTH ORAL SUSP BID TAKE 30cc (2 tablespoonsful) TWICE A DAY 07/03/2021 07/13/2021 1/1 = 100% CARRY Active ORAL 7/2/2021 9:51:00 AM 7/10/2021 9:00:00 PM MELATONIN 1 MG (PSYCH) TABLET HS TAKE 1mg AT BEDTIME 07/03/2021 07/10/2021 5/5 = 100% NON-CARRY Active ORAL 7/7/2021 8:01:00 PM 7/8/2021 9:00:00 PM
ARIPIPRAZOLE 5 MG TABLET HS 5 MG AT BEDTIME 06/25/2021 07/02/2021 8/8 = 100% NON-CARRY Discontinued ORAL 7/2/2021 9:00:00 PM
MAALOX MAXIMUM STRENGTH ORAL SUSP BID 30 mL TWICE A DAY 06/23/2021 07/07/2021 2/3 = 67% CARRY Discontinued ORAL 6/30/2021 9:00:00 PM 7/7/2021 9:00:00 PM
MELATONIN 1 MG (PSYCH) TABLET HS ONE MG AT BEDTIME 06/25/2021 07/02/2021 8/8 = 100% NON-CARRY Discontinued ORAL 7/2/2021 9:00:00 PM

**Relevant clinical information:** Pt not produced by DOC despite request. Pt housed in ESH. Will reschedule visit.
**Current Medications:**
MAALOX MAXIMUM STRENGTH SUSP 473 ML (MAALOX MAXIMUM STRENGTH (ALUM & MAG HYDROXIDE-SIMETH SUSP) 30cc by mouth twice a day
ARIPIPRAZOLE 5 MG (ABILIFY 5 MG) (ARIPIPRAZOLE) 5mg QHS; Route: ORAL
MELATONIN 1 MG (MELATONIN) 1mg QHS; Route: ORAL
ALBUTEROL 90 MCG / 1 INH (VENTOLIN / PROVENTIL HFA 90 MCG / (ALBUTEROL SULFATE) 2 puff q 6 hours prn; Route: INHALATION
BECLOMETHASONE DIP HFA 80 MCG (QVAR REDIHALER HFA 80 MCG) (BECLOMETHASONE DIPROP HFA) 1 puff bid.; Route: INHALATION

**New Medications:**
ARIPIPRAZOLE 5 MG (ABILIFY 5 MG) (ARIPIPRAZOLE) 5mg QHS; Route: ORAL
MELATONIN 1 MG (MELATONIN) 1mg QHS; Route: ORAL



# Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

## Missed Visit Comments
**What was the reason for missed visit?** Not Produced

Signed By: Otonichar, Joseph at 7/8/2021 2:33:53 PM

**NYC**
**HEALTH+** | Correctional Health Services
**HOSPITALS**

<table>
<tr><td><u>Patient Name:</u></td><td><u>Latest Book and Case#:</u></td></tr>
<tr><td>ALEXANDER   WILLIAMS</td><td>1411801632</td></tr>
<tr><td><u>NYSID:</u></td><td><u>Patient Facility:</u></td></tr>
<tr><td>01897858L</td><td>GRVC</td></tr>
</table>

**Form Name:** MH - PsychMeds Bridge
**Form Obs:** MH - PsychMeds Bridge

## MH - PsychMeds Bridge
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

<u>PsychMeds Bridge</u>
**Missed Visit type?**   PsychMeds
**The following services were missed:**   Psych Medication Re-Evaluation
**Reason patient is being bridged:** Not Produced
**Date of of last Psychiatry Medication Reevaluation::**
MH - Psychiatry - Medication Reevaluation (03/27/2021 6:46:55 PM)
**Number of previous consecutive bridges prior to this visit:**   7
**Percent compliance with individual's medications since last prescription (Type medication name and % compliance):** ARIPIPRAZOLE 5 MG TABLET QHS 5MG AT BEDTIME 07/08/2021 07/15/2021 7/7 = 100% NON-CARRY Active ORAL 7/14/2021 9:00:00 PM 7/15/2021 9:00:00 PM
MELATONIN 1 MG (PSYCH) TABLET QHS 1MG AT BEDTIME 07/08/2021 07/15/2021 7/7 = 100% NON-CARRY Active ORAL 7/14/2021 9:00:00 PM 7/15/2021 9:00:00 PM
**Relevant clinical information:** Pt not produced despite request to DOC. Will again bridge MH Rx to limit interruption in care. Will reschedule f/u.
**Current Medications:**
ACETAMINOPHEN 325 MG (TYLENOL 325 MG) (ACETAMINOPHEN) 2 TABS   twice a day   as needed; Route: ORAL
MAALOX MAXIMUM STRENGTH SUSP 473 ML (MAALOX MAXIMUM STRENGTH (ALUM & MAG HYDROXIDE-SIMETH SUSP) 30 ML   DAILY   PRN Route: ORAL
ARIPIPRAZOLE 5 MG (ABILIFY 5 MG) (ARIPIPRAZOLE) 5mg QHS; Route: ORAL
MELATONIN 1 MG (MELATONIN) 1mg QHS; Route: ORAL
ALBUTEROL 90 MCG / 1 INH (VENTOLIN / PROVENTIL HFA 90 MCG / (ALBUTEROL SULFATE) 2 puff q 6 hours prn; Route: INHALATION
BECLOMETHASONE DIP HFA 80 MCG (QVAR REDIHALER HFA 80 MCG) (BECLOMETHASONE DIPROP HFA) 1 puff bid.; Route: INHALATION

**New Medications:**
ARIPIPRAZOLE 5 MG (ABILIFY 5 MG) (ARIPIPRAZOLE) 5mg QHS; Route: ORAL
MELATONIN 1 MG (MELATONIN) 1mg QHS; Route: ORAL

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** PsychMeds

 **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

**Missed Visit Comments**
**Date of scheduled visit?** 07/15/2021
**What was the reason for missed visit?** Not Produced

Signed By: Otonichar, Joseph at 7/15/2021 2:31:43 PM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP, Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 07/21/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt not prod. by DOC for Weight and VS/BP, Charge Nurse RN SON Napolean notified for endorsement to next tour.

Signed By: Surajbali, Charlotte at 7/21/2021 12:46:04 PM

 **HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER  WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up, Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 07/22/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt was not Produced by DOC, for nursing follow-up.

Signed By: Archer, Gwennette at 7/22/2021 1:29:55 PM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

### ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP, Nursing Services Other

### Missed Visit Comments
**Date of scheduled visit?** 07/23/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt not prod. by DOC for VS/BP and weight, charge Nurse RN Bredy notified for endorsement to next tour.

Signed By: Surajbali, Charlotte at 7/23/2021 12:39:28 PM

 **HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Specialty - On-Site
**The following services were missed (Specialty):**    Podiatry

### Missed Visit Comments
**Date of scheduled visit?** 07/23/2021
**What was the reason for missed visit?** Not Produced

Signed By: Dwyer, Nadia at 7/23/2021 3:32:08 PM

 **NYC HEALTH+ HOSPITALS** | **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

### ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP, Nursing Services Other

### Missed Visit Comments
**Date of scheduled visit?** 07/25/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt. not prod. by DOC for weight and VS/BP, Charge Nurse RN Marinez notified for endorsement to next tour.

Signed By: Surajbali, Charlotte at 7/25/2021 12:11:31 PM

 **NYC HEALTH+ HOSPITALS** | **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP, Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 07/25/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt not produced by DOC for    VS/BP and weight check.

Signed By: Marinez, Kati at 7/25/2021 6:40:00 PM

 **HEALTH+ HOSPITALS** | **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## NU - Vital Signs
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

Current Vital Signs
Last height (inches): **73 (10/24/2019 7:57:04 PM)**    Last Weight: **221 (10/06/2020 11:24:56 AM)**
oF

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing

## Missed Visit Comments
**Date of scheduled visit?** 07/26/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** CO Munn given follow-up list, Captain Sapp made aware

Signed By: Mitchell, Justin at 7/26/2021 2:29:26 PM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:** .
GRVC

**Date and Time Encounter Created**: July 27, 2021 11:57 AM

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up, VS/BP

## Missed Visit Comments
**Date of scheduled visit?** 07/27/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** NSG POLICY89
CLINIC CAPTAIN NOTIFIED.

Signed By: Purrier, Sheldon at 7/27/2021 11:57:50 AM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

**Date and Time Encounter Created**: July 28, 2021 7:18 AM

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

### Missed Visit Comments
**Date of scheduled visit?** 07/28/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt was not produced for blood work by C O Renoit. Capt Loiseau made aware.

Signed By: Sampeur, Marie at 7/28/2021 7:19:01 AM

 **HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
 01897858L

**Latest Book and Case#:**
 1411801632
**Patient Facility:**
 GRVC

**Date and Time Encounter Created**: July 28, 2021 3:28 PM

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up, Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 07/28/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt not produced by DOC. for nursing follow-up.

Signed By: Archer, Gwennette at 7/28/2021 3:35:20 PM



# NYC HEALTH+HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP

### Missed Visit Comments
**Date of scheduled visit?** 07/29/2021
**What was the reason for missed visit?** Not Produced

**Date and Time Encounter Created:** July 29, 2021 2:31 PM

Signed By: Jean, Edriste at 7/29/2021 2:32:04 PM

 **NYC HEALTH+HOSPITALS** | **Correctional Health Services**

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP

### Missed Visit Comments
**Date of scheduled visit?** 07/30/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** F/U IN AM,

**Date and Time Encounter Created**: July 30, 2021 12:59 PM

Signed By: Jean, Edriste at 7/30/2021 1:01:13 PM

 **NYC HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP, Nursing Services Other

### Missed Visit Comments
**Date of scheduled visit?** 07/31/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient not produced by DOC

**Date and Time Encounter Created:** July 31, 2021 12:05 PM

Signed By: Olowoyo, Adetinuke at 7/31/2021 1:15:43 PM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP

### Missed Visit Comments
**Date of scheduled visit?** 08/02/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Charge Nurse and Captain made aware.

**Date and Time Encounter Created**: August   2, 2021 12:54 PM

Signed By: Quinones, Maritza at 8/2/2021 12:56:08 PM

# HEALTH+ HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit

Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type

**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP

## Missed Visit Comments

**Date of scheduled visit?** 08/03/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Charge Nurse and Captain made aware.


**Date and Time Encounter Created**: August    3, 2021 1:52 PM


Signed By: Quinones, Maritza at 8/3/2021 1:53:00 PM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

### ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

### Missed Visit Comments
**Date of scheduled visit?** 08/03/2021
**What was the reason for missed visit?** Not Produced

**Date and Time Encounter Created**: August   5, 2021 2:08 PM

Signed By: Otonichar, Joseph at 8/5/2021 2:08:15 PM

HEALTH+
HOSPITALS | **Correctional Health Services**

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

**Form Name:** MH - PsychMeds Bridge
**Form Obs:** MH - PsychMeds Bridge

## MH - PsychMeds Bridge
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

PsychMeds Bridge
**Missed Visit type?**    PsychMeds
**The following services were missed:**    Psych Medication Re-Evaluation
**Reason patient is being bridged:** Not Produced
**Date of of last Psychiatry Medication Reevaluation::**
MH - Psychiatry - Medication Reevaluation (07/20/2021 4:52:54 PM)
**Number of previous consecutive bridges prior to this visit:**    0
**Percent compliance with individual's medications since last prescription (Type medication name and % compliance):** DIPHENHYDRAMINE (PSYCH) 50 MG CAPSULE QHS 50MG AT BEDTIME 07/20/2021 08/03/2021 14/15 = 93% NON-CARRY Discontinued ORAL 8/3/2021 9:00:00 PM
MELATONIN 1 MG (PSYCH) TABLET QHS 1MG AT BEDTIME 07/20/2021 08/03/2021 14/15 = 93% NON-CARRY Discontinued ORAL 8/3/2021 9:00:00 PM

**Current Medications:**
PSEUDOEPHEDRINE HCL 30 MG (SUDAFED 30 MG) (PSEUDOEPHEDRINE HCL) take one tablet every 12 hours; Route: ORAL
CALCIUM POLYCARBOPHIL 625 MG ORAL TABLET (CALCIUM POLYCARBOPHIL) two tabs by mouth twice a day; Route: ORAL
ALBUTEROL 90 MCG / 1 INH (VENTOLIN / PROVENTIL HFA 90 MCG / (ALBUTEROL SULFATE) 2 puff q 6 hours prn; Route: INHALATION
BECLOMETHASONE DIP HFA 80 MCG (QVAR REDIHALER HFA 80 MCG) (BECLOMETHASONE DIPROP HFA) 1 puff bid.; Route: INHALATION

**New Medications:**
DIPHENHYDRAMINE (PSYCH) 50 MG (BENADRYL (PSYCH) 50 MG) (DIPHENHYDRAMINE HCL) 50mg QHS; Route: ORAL
MELATONIN 1 MG (MELATONIN) 1mg QHS, Route: ORAL

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

 **Correctional Health Services**

<u>Patient Name</u>:
ALEXANDER    WILLIAMS
<u>NYSID</u>:
01897858L

<u>Latest Book and Case#</u>:
1411801632
<u>Patient Facility</u>:
GRVC

**Missed Visit Comments**
**What was the reason for missed visit?** Not Produced

<u>Date and Time Encounter Created</u>: August    5, 2021 2:08 PM

Signed By: Otonichar, Joseph at 8/5/2021 2:10:00 PM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up

### Missed Visit Comments
**Date of scheduled visit?** 08/12/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient not produced by DOC

**Date and Time Encounter Created**: August 12, 2021 3:25 PM

Signed By: Mcdonald, Remona at 8/12/2021 3:26:07 PM

 **HEALTH+
HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

### ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP, Nursing Services Other

### Missed Visit Comments
**Date of scheduled visit?** 08/09/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt. not prod. by DOC for weight VS/BP, charge Nurse RN Mitchell notified for
endorsement to next tour.

**Date and Time Encounter Created**: August   9, 2021 1:00 PM

Signed By: Surajbali, Charlotte at 8/9/2021 1:00:45 PM

 **NYC HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP

## Missed Visit Comments
**Date of scheduled visit?** 08/10/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** NSG POLICY89
CLINIC CAPTAIN FIELDS NOTIFIED.

**Date and Time Encounter Created**: August 10, 2021 1:29 PM

Signed By: Purrier, Sheldon at 8/10/2021 1:30:23 PM

 **HEALTH+HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit

Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Specialty - On-Site
**The following services were missed (Specialty):**   Podiatry

### Missed Visit Comments
**Date of scheduled visit?** 08/10/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient was not seen in (not produced to) West Facility Podiatry clinic on 8/10/21.

**Date and Time Encounter Created**: August 10, 2021 3:00 PM

Signed By: Goldberg, Allan at 8/10/2021 3:00:48 PM

**NYC HEALTH+ HOSPITALS** | **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 08/11/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient not produced by DOC.

**Date and Time Encounter Created**: August 11, 2021 3:26 PM

Signed By: Okon, Linnette at 8/11/2021 3:27:05 PM

 **HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
Missed Visit type? Nursing
The following services were missed (Nursing): VS/BP

## Missed Visit Comments
Date of scheduled visit? 08/11/2021
What was the reason for missed visit? Not Produced

**Date and Time Encounter Created**: August 11, 2021 3:37 PM

Signed By: Williams, Andre at 8/11/2021 3:37:26 PM

 **NYC HEALTH+HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up

### Missed Visit Comments
**Date of scheduled visit?** 08/12/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** wt and vs

**Date and Time Encounter Created:** August 12, 2021 4:13 PM

Signed By: Razak, Juanita at 8/12/2021 4:13:44 PM

**NYC**
**HEALTH+**
**HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## NU - Vital Signs
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

Current Vital Signs
Last height (inches): **73 (10/24/2019 7:57:04 PM)**    Last Weight: **221 (10/06/2020 11:24:56 AM)**
oF

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up

## Missed Visit Comments
**Date of scheduled visit?** 08/13/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Follow up list given to DOC, Patient was not produced. CO Robert

**Date and Time Encounter Created**: August 13, 2021 10:04 AM

Signed By: Mitchell, Justin at 8/13/2021 12:54:34 PM

RVC
**HEALTH+**
**HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

**Form Name:** MH - PsychMeds Bridge
**Form Obs:** MH - PsychMeds Bridge

## MH - PsychMeds Bridge
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

PsychMeds Bridge
**Missed Visit type?**   PsychMeds
**The following services were missed:**   Psych Medication Re-Evaluation
**Reason patient is being bridged:** Not Produced
**Date of of last Psychiatry Medication Reevaluation::**
MH - Psychiatry - Medication Reevaluation (07/20/2021 4:52:54 PM)
**Percent compliance with individual's medications since last prescription (Type medication name and % compliance):** smi-no
benadryl
melatonin

unable   to check   compliance   - program   not   working
**Relevant clinical information:** per   doc   staff   higgins   was not   produced
**Current Medications:**
IBUPROFEN 400 MG (MOTRIN 400 MG) (IBUPROFEN) 400 mg by mouth twice a day   with food.;
Route: ORAL
DIPHENHYDRAMINE (PSYCH) 50 MG (BENADRYL (PSYCH) 50 MG) (DIPHENHYDRAMINE HCL)
50mg QHS; Route: ORAL
MELATONIN 1 MG (MELATONIN) 1mg QHS; Route: ORAL
CALCIUM POLYCARBOPHIL 625 MG ORAL TABLET (CALCIUM POLYCARBOPHIL) two tabs by mouth
twice a day; Route: ORAL
ALBUTEROL 90 MCG / 1 INH (VENTOLIN / PROVENTIL HFA 90 MCG / (ALBUTEROL SULFATE) 2 puff
q 6 hours prn; Route: INHALATION
BECLOMETHASONE DIP HFA 80 MCG (QVAR REDIHALER HFA 80 MCG) (BECLOMETHASONE
DIPROP HFA) 1 puff bid.; Route: INHALATION

**New Medications:**
MELATONIN 1 MG (MELATONIN) take   1   mg   by mouth   at bedtime; Route: ORAL
DIPHENHYDRAMINE (PSYCH) 50 MG (BENADRYL (PSYCH) 50 MG) (DIPHENHYDRAMINE HCL) take
50   mg   by mouth   at bedtime; Route: ORAL

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

 **Correctional Health Services**

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

**Missed Visit Comments**
**What was the reason for missed visit?** Not Produced

**Date and Time Encounter Created**: August 14, 2021 10:40 PM

Signed By: Calicdan, Raul at 8/14/2021 10:46:06 PM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP

## Missed Visit Comments
**Date of scheduled visit?** 08/16/2021
**What was the reason for missed visit?** Not Produced

**Date and Time Encounter Created**: August 16, 2021 2:40 PM

Signed By: Blount, Jacqueline at 8/16/2021 2:41:16 PM



# Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

### Missed Visit Comments
**Date of scheduled visit?** 08/18/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt was not produced for blood work by C O Renoit. Capt Johnson made aware

**Date and Time Encounter Created**: August 18, 2021 7:23 AM

Signed By: Sampeur, Marie at 8/18/2021 7:23:59 AM

 **HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up, VS/BP

## Missed Visit Comments
**Date of scheduled visit?** 08/19/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt not produced by DOC.


**Date and Time Encounter Created**: August 19, 2021 3:22 PM



Signed By: Okon, Linnette at 8/19/2021 3:23:02 PM

 **HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up, VS/BP

### Missed Visit Comments
**Date of scheduled visit?** 08/20/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt not produced by DOC.

**Date and Time Encounter Created**: August 20, 2021 3:14 PM

Signed By: Okon, Linnette at 8/20/2021 3:14:57 PM

 **NYC HEALTH+ HOSPITALS** | **Correctional Health Services**

| | |
|---|---|
| **Patient Name:** | **Latest Book and Case#:** |
| ALEXANDER   WILLIAMS | 1411801632 |
| **NYSID:** | **Patient Facility:** |
| 01897858L | GRVC |

### ALL - Missed Visit

Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type

**Missed Visit type?** Nursing
**The following services were missed (Nursing):** VS/BP

### Missed Visit Comments

**Date of scheduled visit?** 08/21/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** not produced by DOC for VS/BP

<u>**Date and Time Encounter Created**</u>: August 21, 2021 3:45 PM

Signed By: Adrien, Elza at 8/21/2021 3:45:28 PM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: 2A

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

### Missed Visit Comments
**Date of scheduled visit?** 08/25/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** pt not produced by DOC.

**Date and Time Encounter Created**: August 25, 2021 3:00 PM

Signed By: Okon, Linnette at 8/25/2021 3:00:34 PM

 **HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up, Nursing Services Other

### Missed Visit Comments
**Date of scheduled visit?** 09/01/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** pt not produced by DOC.

**Date and Time Encounter Created**: September   1, 2021 3:23 PM

Signed By: Okon, Linnette at 9/1/2021 3:23:56 PM

**HEALTH+HOSPITALS** | # Correctional Health Services

| Patient Name: | Latest Book and Case#: |
|---|---|
| ALEXANDER    WILLIAMS | 1411801632 |
| **NYSID:** | **Patient Facility:** |
| 01897858L | GRVC |

### ALL - Missed Visit

Patient: ALEXANDER WILLIAMS   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

### Missed Visit Type

**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up, COVID-19 PCR Testing

### Missed Visit Comments

**Date of scheduled visit?** 09/22/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt not produced by DOC, for nursing follow--up.

**Date and Time Encounter Created**: September 22, 2021 3:25 PM

Signed By: Archer, Gwennette at 9/22/2021 3:25:28 PM

 **HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

**Form Name:** MH - PsychMeds Bridge
**Form Obs:** MH - PsychMeds Bridge

## MH - PsychMeds Bridge
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

PsychMeds Bridge
**Missed Visit type?**   PsychMeds
**The following services were missed:**   Psych Medication Re-Evaluation
**Reason patient is being bridged:** Not Produced
**Date of of last Psychiatry Medication Reevaluation::**
MH - Psychiatry - Medication Reevaluation (09/04/2021 3:20:50 PM)
**Percent compliance with individual's medications since last prescription (Type medication name and % compliance):** smi -   no

melatonin- 96%

benadryl  - 96   %
**Current Medications:**
MELATONIN 1 MG (MELATONIN) take    1   mg by mouth at bedtime Route: ORAL
DIPHENHYDRAMINE (PSYCH) 50 MG (BENADRYL (PSYCH) 50 MG) (DIPHENHYDRAMINE HCL) take
50   mg     by mouth at bedtime; Route: ORAL
ALBUTEROL 90 MCG / 1 INH (VENTOLIN / PROVENTIL HFA 90 MCG / (ALBUTEROL SULFATE) 2 puff
q 6 hours prn; Route: INHALATION
BECLOMETHASONE DIP HFA 80 MCG (QVAR REDIHALER HFA 80 MCG) (BECLOMETHASONE
DIPROP HFA) 1 puff bid.; Route: INHALATION

**New Medications:**
DIPHENHYDRAMINE (PSYCH) 50 MG (BENADRYL (PSYCH) 50 MG) (DIPHENHYDRAMINE HCL) take
50   mg by mouth at bedtime; Route: ORAL
MELATONIN 1 MG (MELATONIN) take    1    mg   by mouth   at bedtime Route: ORAL

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

Missed Visit Type
   Visit type? PsychMeds
     ng services were missed (Psych Meds) Psych Medication Re-Evaluation

 **Correctional Health Services**

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

**What was the reason for missed visit?** Not Produced

**Date and Time Encounter Created**: October    2, 2021 10:57 AM

Signed By: Calicdan, Raul at 10/2/2021 11:01:51 AM



**NYC
HEALTH+
HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

### ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Specialty - On-Site
**The following services were missed (Specialty):**    Podiatry

### Missed Visit Comments
**Date of scheduled visit?** 10/04/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient was not seen in (not produced to) West Facility Podiatry clinic on 10/4/21.

**Date and Time Encounter Created**: October    4, 2021 3:26 PM

Signed By: Goldberg, Allan at 10/4/2021 3:26:49 PM



# Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 10/06/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt was not produced by CO Mcquiller. Capt Guam was notified.

**Date and Time Encounter Created**: October    6, 2021 7:09 AM

Signed By: Sampeur, Marie at 10/6/2021 7:10:03 AM

NYC.
**HEALTH+**
**HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

### Missed Visit Comments
**Date of scheduled visit?** 11/03/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** LAB
NSG POLICY89
BING CAPTAIN AND CLINIC CAPTAIN NOTIFIED.

**Date and Time Encounter Created**: November    3, 2021 12:50 PM

Signed By: Purrier, Sheldon at 11/3/2021 12:51:04 PM

 **HEALTH+ | Correctional Health Services**

**Patient Name:**                                    **Latest Book and Case#:**
ALEXANDER   WILLIAMS                          1411801632
**NYSID:**                                              **Patient Facility:**
01897858L                                            GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Specialty - On-Site
**The following services were missed (Specialty):**    Podiatry

### Missed Visit Comments
**Date of scheduled visit?** 11/08/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient was not seen in (not produced to) Podiatry clinic on 11/8/21.

**Date and Time Encounter Created**: November   8, 2021 2:48 PM

Signed By: Goldberg, Allan at 11/8/2021 2:48:33 PM

 **Correctional Health Services**

| | |
|---|---|
| **Patient Name:** | **Latest Book and Case#:** |
| ALEXANDER   WILLIAMS | 1411801632 |
| **NYSID:** | **Patient Facility:** |
| 01897858L | GRVC |

### ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** MH Visit
**The following services were missed (MH Visit):** TPR and Clinician Progress Note

### Missed Visit Comments
**Date of scheduled visit?** 12/16/2021
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** DOC Alarm at clinic. Pt was rescheduled.


**Date and Time Encounter Created**: December 16, 2021 11:25 PM



Signed By: Whittingham, Phillip at 12/16/2021 11:26:40 PM

NYC
**HEALTH+**
**HOSPITALS** | Correctional Health Services

**Patient Name**:
ALEXANDER   WILLIAMS
**NYSID**:
 01897858L

**Latest Book and Case#**:
1411801632
**Patient Facility**:
GRVC

**Form Name:** MH - PsychMeds Bridge
**Form Obs:** MH - PsychMeds Bridge

## MH - PsychMeds Bridge
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632** ⁄ NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

PsychMeds Bridge
**Missed Visit type?**   PsychMeds
**The following services were missed:**   Psych Medication Re-Evaluation
**Reason patient is being bridged:** Not Produced
**Date of of last Psychiatry Medication Reevaluation::**
MH - Psychiatry - Medication Reevaluation (12/06/2021 3:38:39 PM)
**Number of previous consecutive bridges prior to this visit:**   2
**Percent compliance with individual's medications since last prescription (Type medication name and % compliance):** DIPHENHYDRAMINE (PSYCH) 50 MG CAPSULE   QHS
50MG AT BEDTIME
12/06/2021
01/05/2022
30/30 = 100%
NON-CARRY
Active
ORAL
1/4/2022 6:41:00 PM
1/5/2022 9:00:00 PM
HEMORRHOIDAL 0.25% 1 SUPP.RECT    BID
INSERT ONE SUPPOSITORY RECTALLY TWICE A DAY AS DIRECTED
12/27/2021
01/11/2022
28/28 = 100%
CARRY
Active
RECTAL
1/3/2022 9:00:00 PM
1/10/2022 9:00:00 PM
MELATONIN 1 MG (PSYCH) TABLET    QHS
2MG AT BEDTIME
12/06/2021
01/05/2022
30/30 = 100%
NON-CARRY
Active
ORAL
1/4/2022 6:41:00 PM
1/5/2022 9:00:00 P
**Current Medications:**
HEMORRHOIDAL 0.25% SUPP 1 SUP (ANUMED 1 SUP) (PHENYLEPHRINE-COCOA BUTTER SUPP)

 **Correctional Health Services**

| Patient Name: | Latest Book and Case#: |
|---|---|
| ALEXANDER   WILLIAMS | 1411801632 |
| **NYSID:** | **Patient Facility:** |
| 01897858L | GRVC |

One supp. Rectally twice a day; Route: RECTAL
DIPHENHYDRAMINE (PSYCH) 50 MG (BENADRYL (PSYCH) 50 MG) (DIPHENHYDRAMINE HCL)
50mg QHS; Route: ORAL
MELATONIN 1 MG (MELATONIN) 2mg QHS; Route: ORAL
ALBUTEROL 90 MCG / 1 INH (VENTOLIN / PROVENTIL HFA 90 MCG / (ALBUTEROL SULFATE) 2 puff
q 6 hours prn; Route: INHALATION
BECLOMETHASONE DIP HFA 80 MCG (QVAR REDIHALER HFA 80 MCG) (BECLOMETHASONE
DIPROP HFA) 1 puff bid.; Route: INHALATION

**New Medications:**
DIPHENHYDRAMINE (PSYCH) 50 MG (BENADRYL (PSYCH) 50 MG) (DIPHENHYDRAMINE HCL)
50mg QHS; Route: ORAL
MELATONIN 1 MG (MELATONIN) 2mg QHS; Route: ORAL


## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** PsychMeds
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

## Missed Visit Comments
**What was the reason for missed visit?** Not Produced


**Date and Time Encounter Created:** January    5, 2022 3:50 PM


Signed By: Otonichar, Joseph at 1/5/2022 3:51:21 PM

# NYC HEALTH+HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit

Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type

**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments

**What was the reason for missed visit?** Not Produced

Signed By: Surajbali, Charlotte at 1/11/2022 4:05:04 PM

**NYC HEALTH+ HOSPITALS** | **Correctional Health Services**

<table>
<tr><td><u>**Patient Name:**</u><br>ALEXANDER   WILLIAMS<br><u>**NYSID:**</u><br>01897858L</td><td><u>**Latest Book and Case#:**</u><br>1411801632<br><u>**Patient Facility:**</u><br>GRVC</td></tr>
</table>

**Form Name:** MH - PsychMeds Bridge
**Form Obs:** MH - PsychMeds Bridge

## MH - PsychMeds Bridge
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

<u>PsychMeds Bridge</u>
**The following services were missed:**    Psych Medication Re-Evaluation
**Reason patient is being bridged:** Not Produced
**Date of of last Psychiatry Medication Reevaluation::**
MH - Psychiatry - Medication Reevaluation (12/06/2021 3:38:39 PM)
**Number of previous consecutive bridges prior to this visit:**    0
**Percent compliance with individual's medications since last prescription (Type medication name and % compliance):** Benadryl and melatonin = 100%
**Relevant clinical information:** BO x 10 days with patient follow up scheduled next week.
**Current Medications:**
PSEUDOEPHEDRINE HCL 30 MG (SUDAFED 30 MG) (PSEUDOEPHEDRINE HCL) 1 tab bid; Route: ORAL
DIPHENHYDRAMINE (PSYCH) 50 MG (BENADRYL (PSYCH) 50 MG) (DIPHENHYDRAMINE HCL) 50mg QHS; Route: ORAL
MELATONIN 1 MG (MELATONIN) 2mg QHS; Route: ORAL
ALBUTEROL 90 MCG / 1 INH (VENTOLIN / PROVENTIL HFA 90 MCG / (ALBUTEROL SULFATE) 2 puff q 6 hours prn; Route: INHALATION
BECLOMETHASONE DIP HFA 80 MCG (QVAR REDIHALER HFA 80 MCG) (BECLOMETHASONE DIPROP HFA) 1 puff bid.; Route: INHALATION

**New Medications:**
DIPHENHYDRAMINE (PSYCH) 50 MG (BENADRYL (PSYCH) 50 MG) (DIPHENHYDRAMINE HCL) 50mg QHS; Route: ORAL
MELATONIN 1 MG (MELATONIN) 2mg QHS; Route: ORAL

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**The following services were missed (Psych Meds)** Psych Medication Re-Evaluation

## Missed Visit Comments
**What was the reason for missed visit?** Not Produced

 **Correctional Health Services**

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

**Date and Time Encounter Created**: January 13, 2022 5:16 PM

Signed By: Burns, Brian at 1/13/2022 5:18:09 PM

 **Correctional Health Services**

| | |
|---|---|
| **Patient Name:** | **Latest Book and Case#:** |
| ALEXANDER   WILLIAMS | 1411801632 |
| **NYSID:** | **Patient Facility:** |
| 01897858L | WF |

## ALL - Missed Visit

Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **WF**    Housing Area: **CDU6**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

### Missed Visit Comments
**Date of scheduled visit?** 01/19/2022
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** pt was not produced by DOC

**Date and Time Encounter Created**: January 19, 2022 11:07 AM

Signed By: Dixon, Shatoya at 1/19/2022 11:08:33 AM

# NYC HEALTH+ HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Specialty - On-Site
**The following services were missed (Specialty):**   Podiatry

## Missed Visit Comments
**Date of scheduled visit?** 01/28/2022
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient was not seen in (not produced to) West Facility Podiatry clinic on 1/28/22.

**Date and Time Encounter Created**: January 28, 2022 3:16 PM

Signed By: Goldberg, Allan at 1/28/2022 3:17:04 PM

1 of 1

 **Correctional Health Services**

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **41 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Medical
**The following services were missed (Medical):** Medical Follow-Up

## Missed Visit Comments
**Date of scheduled visit?** 02/14/2022
**What was the reason for missed visit?** Not Produced

**Date and Time Encounter Created:** February 15, 2022 10:12 AM

Signed By: Persaud, Bryan at 2/15/2022 10:12:56 AM

NYC
**HEALTH+**
**HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **41 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up

## Missed Visit Comments
**Date of scheduled visit?** 03/02/2022
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** patient not produced by DOC.

**Date and Time Encounter Created**: March   2, 2022 3:04 PM

Signed By: Okon, Linnette at 3/2/2022 3:05:00 PM

 **NYC HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **41 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Specialty - On-Site
**The following services were missed (Specialty):**    Podiatry

## Missed Visit Comments
**Date of scheduled visit?** 03/08/2022
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Patient was not produced to (not seen in) West Facility Podiatry clinic on 3/8/22.

**Date and Time Encounter Created**: March   8, 2022 4:36 PM

Signed By: Goldberg, Allan at 3/8/2022 4:37:01 PM

 # Correctional Health Services

**Patient Name:**
ALEXANDER  WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **41 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments
**Date of scheduled visit?** 03/16/2022
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt was not produced by DOC.

**Date and Time Encounter Created**: March 16, 2022 7:49 AM

Signed By: Sampeur, Marie at 3/16/2022 7:50:20 AM

 **NYC HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER  WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **41 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up

## Missed Visit Comments
**Date of scheduled visit?** 03/16/2022
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** LABS

**Date and Time Encounter Created**: March 16, 2022 9:14 PM

Signed By: Blount, Jacqueline at 3/16/2022 9:14:59 PM

1 of 1

## NYC HEALTH+ HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit

Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **41 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

## Missed Visit Type

**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

## Missed Visit Comments

**Date of scheduled visit?** 03/23/2022
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt was not produced by DOC.

**Date and Time Encounter Created**: March 30, 2022 7:39 AM

Signed By: Sampeur, Marie at 3/30/2022 7:39:53 AM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **41 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Services Other

### Missed Visit Comments
**Date of scheduled visit?** 04/06/2022
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt was not produced by DOC.

**Date and Time Encounter Created**: April   6, 2022 7:44 AM

Signed By: Sampeur, Marie at 4/6/2022 7:45:06 AM

 **Correctional Health Services**

| Patient Name: | Latest Book and Case#: |
|---|---|
| ALEXANDER    WILLIAMS | 1411801632 |
| NYSID: | Patient Facility: |
| 01897858L | GRVC |

### ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **41 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** MH Visit
**The following services were missed (MH Visit):** TPR and Clinician Progress Note

### Missed Visit Comments
**Date of scheduled visit?** 04/08/2022
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** Pt requested to have his session rescheduled due to his complaint of not being afforded privacy on the unit. DOC noted efforts will be made to secure a key to an interview room located outside the unit for future encounters. Pt was thus rescheduled.

**Date and Time Encounter Created**: April    8, 2022 10:27 PM

Signed By: Whittingham, Phillip at 4/8/2022 10:30:41 PM

# HEALTH+ HOSPITALS | Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **41 Years Old**
Book & Case #: **1411801632**    NYSID: **01897858L**
Facility: **GRVC**    Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Medical
**The following services were missed (Medical):** Medical Follow-Up

### Missed Visit Comments
**Date of scheduled visit?** 04/21/2022
**What was the reason for missed visit?** Not Produced

**Date and Time Encounter Created:** April 25, 2022 6:37 AM

Signed By: Gaston, Noelle at 4/25/2022 6:37:36 AM

1 of 1

 **Correctional Health Services**

| | |
|---|---|
| **Patient Name:** | **Latest Book and Case#:** |
| ALEXANDER   WILLIAMS | 1411801632 |
| **NYSID:** | **Patient Facility:** |
| 01897858L | GRVC |

**ALL - Missed Visit**
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **41 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

**Missed Visit Type**
**Missed Visit type?** Specialty - On-Site
**The following services were missed (Specialty):**    Podiatry

**Missed Visit Comments**
**Date of scheduled visit?** 05/23/2022
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** np # 3 by doc on 4-28-22 r/s to 5-23-22--routine podiatry

**Date and Time Encounter Created**: April 29, 2022 1:27 PM

Signed By: Ward, Natalie at 4/29/2022 1:27:57 PM

 **HEALTH+ HOSPITALS** | # Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

### ALL - Missed Visit
Patient: **ALEXANDER WILLIAMS**    DOB: **02/08/1981**    Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

### Missed Visit Type
**Missed Visit type?** Nursing
**The following services were missed (Nursing):** Nursing Follow-Up

### Missed Visit Comments
**Date of scheduled visit?** 01/26/2022
**What was the reason for missed visit?** Not Produced
**Missed visit comments:** patient not produced by DOC.

**Date and Time Encounter Created:** January 26, 2022 2:36 PM

Signed By: Okon, Linnette at 1/26/2022 2:36:24 PM

 **Correctional Health Services**

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

**Form Name:** MH - PsychMeds Bridge
**Form Obs:** MH - PsychMeds Bridge

## MH - PsychMeds Bridge

ALEXANDER WILLIAMS

GRVC
**DOB:**
02/08/1981
**NYSID:**
01897858L
**Book and Case:**
1411801632

### PsychMeds Bridge

**Reason patient is being bridged:** CHS administratively cancelled
**Number of previous consecutive bridges prior to this visit:** 1
**Percent compliance with individual's medications since last prescription (Type medication name and % compliance):** 94%
**Relevant clinical information:** Last psych f/u 3/27; seen by MHC on 4/29 for threatening self-injurious behavior; per DOC, pts housed in ESH unable to be produced for f/u. Will therefore bridge current Rx to prevent interruption in care until can be seen for psych f/u.
**Current Medications:**
ARIPIPRAZOLE 5 MG (ABILIFY 5 MG) (ARIPIPRAZOLE) take   5   mg   by mouth     at bedtime;
Route: ORAL
MELATONIN 1 MG (MELATONIN) take     2   mg   by mouth    at bedtime Route: ORAL
ALBUTEROL 90 MCG / 1 INH (VENTOLIN / PROVENTIL HFA 90 MCG / (ALBUTEROL SULFATE) 2 puff q 6 hours prn; Route: INHALATION
BECLOMETHASONE DIP HFA 80 MCG (QVAR REDIHALER HFA 80 MCG) (BECLOMETHASONE DIPROP HFA) 1 puff bid.; Route: INHALATION

**New Medications:**
ARIPIPRAZOLE 5 MG (ABILIFY 5 MG) (ARIPIPRAZOLE) take   5   mg   by mouth     at bedtime;
Route: ORAL
MELATONIN 1 MG (MELATONIN) take     2   mg   by mouth    at bedtime Route: ORAL

Signed By: Rosenberg, David at 5/12/2021 2:13:16 PM

 # Correctional Health Services

**Patient Name:**
ALEXANDER    WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

Signed By: Marinez, Kati at 7/14/2021 2:05:32 PM


NYC
HEALTH+
HOSPITALS

# Correctional Health Services

**Patient Name:**
ALEXANDER   WILLIAMS
**NYSID:**
01897858L

**Latest Book and Case#:**
1411801632
**Patient Facility:**
GRVC

## MED - Assessment & Plan

Patient: **ALEXANDER WILLIAMS**   DOB: **02/08/1981**   Age: **40 Years Old**
Book & Case #: **1411801632**   NYSID: **01897858L**
Facility: **GRVC**   Housing Area: **2A**

**Allergy Review**
**\* PEPPER (Severe)**
**Seafood (Moderate)**

Allergies reviewed:
**YES**

**Assessment:**
**Problem # 1:**
Cavernous hemangioma - liver (ICD-228.04) (ICD10-D18.03)
Patient    was scheduled to    see  TELEHEALTH   SURGERY    FROM    TODAY   BUT WAS NOT
PRODUCED   BY   DOC   FOR HIS
TELEHEALTH SURGERY
**Summary:**

**Form Name** MED - Telehealth Services
**Form Obs:** MED - Telehealth Services
MED - Telehealth Services

ALEXANDER WILLIAMS

GRVC

**Telehealth Services**
**Visit Type:** Bellevue/Elmhurst specialty

**Date and Time Encounter Created**: November    3, 2021 4:13 PM

Signed By: Comas, Carole at 11/6/2021 12:52:03 PM

1 of 1

**Correctional Health Services**                                                    5/16/2022
**55 Water Street 18th Fl**
**New York, NY 10041**                                                             Order Form

# REFERRAL ORDER

| | | | |
|---|---|---|---|
| **Authorizing Provider:** | Vanessa Jones PA | **Service Provider:** | CHS |
| **Auth Provider NPI:** | 1134355811 | | |
| **Signing Provider:** | Vanessa Jones PA | | |
| **Phone:** | | **Phone:** | |
| **Fax:** | | **Fax:** | |

| | | | | | |
|---|---|---|---|---|---|
| **Patient Name:** | ALEXANDER  WILLIAMS | **DOB:** | Feb 08, 1981 | **Age:** | 41 |
| **Home Phone:** | | **Sex:** | Male | **SSN:** | 069687499 |
| **Work Phone:** | | **Cell Phone:** | | **Patient ID:** | 21917 |
| **Resp. Provider:** | | | | | |

| | | |
|---|---|---|
| **Primary Ins:** | **Secondary Ins:** | |
| **Group:** | **Group:** | |
| **Policy:** | **Policy:** | |
| **Insured ID:** | **Insured ID:** | |

**Code**                    **Description**                       **Diagnoses**
BELLESURGERY          Referral - Bellevue, Surgery      CAVERNOUS HEMANGIOMA, LIVER (ICD-D18.03)
**Order Number:**       1068218-2                          **Quantity:** 1
**Authorization #:**    P-2 11/3                           **Priority:**
**Start Date:**         11/03/2021                         **End Date:** 01/02/2041
**Electronically signed by:** Vanessa Jones PA            **Signed on:** 7/13/2021 12:21:56 PM
**Instructions:**       40 y o m seen in ED on 1/8/20 for cholecystitis.  Seen again on 5/23/21 and recommended to
                        have US of liver prior to being scheduled for elective surgery.
                        Pt had CT w contrast of Abd/Pel on 5/23.
                        Impression:
                        Normally distended gallbladder. No biliary dilation. No significant pericholecystic fluid. No
                        radiopaque
                        cholelithiasis. No CT evidence of acute cholecystitis.
                        No acute abdominal/pelvic pathology.

                        US of Liver (7/7/21)
                        IMPRESSION: ABNORMAL
                        * Cholelithiasis without evidence of acute cholecystitis.
                        * 3.6 cm left hepatic hemangioma.
                        Please evaluate patient.

# EXHIBIT –I



## CORRECTION DEPARTMENT
## CITY OF NEW YORK

### INMATE VOLUNTARY STATEMENT FORM

Form: IVS-1
Eff.: 1/24/19



Inmate's Name: Kylaine Thompson

Date: Oct 10, 2022

Book and Case Number: 349-190-1450

Date of Birth:

Age: 47

Housing Area: 2a

I hereby acknowledge that the following written statement issued was made **VOLUNTARILY** of my own free will without promise of reward, or under any threat of physical harm or fear of such. Additionally, you will not be subject to any form of retaliation for providing information in connection with this investigation by the New York City Department of Correction.

TODAY AT ROUGHLY 9:30AM CAPATIN GANIUS FROM SECURITY WAS IN MY

UNIT ON 2A AND I WITNESS HER THREATEN INAMTE ALEXANDER WILLIAMS IN REGARDS

TO HER WANTING HIM TO STOP SALING HIS BOOK THAT HAD HER NAME MENTIONED IN

IT. I THEN HEARD THIS CAPTAIN STATE THAT SHOULD SET HIM UP WITH FAKE CHARGES

BECAUSE THE BRONX DA IS TIRED OF YOU JAIL NIGGA AND THAT THE OFFICER PRESENT

BETTER WRITE WHATEVER SHE WANT ON THE REPORT OR THEY WILL NO LONGER HAVE 2A

AS A POST IF THEY DIDNT. ALL OF THIS IS ON CAMERA SHE THEN TOLD INMATE WILLIAM

TO EAT HER PUSSY BY WAY OF "LICK HER CLICK ON GOOD AND BAD DAYS".SHE WENT

ON TO STATE THAT SHE WAS GOING TO HAVE CO'S FROM THE FACILITY PULL UP TO THE

PLATFORM AND RUSH THE CELL OF INMATE WILLIAMS ANDK FUCK HIM, SOMETHING THAT

SHE IS KNOWN TO HAVE DONE WITHIN THE FACILITY OF GRVC. EVERYONE KNOWS THAT

SHE BEAT UP A CAPTIAN IN THE PAST AND WAS ONLY SUSPENDED AND THAT SHE HAS A

REPUTATION FOR VIOLENCE AND SETTING INMATES AND CORRECTIONAL OFFICERS UP.

Inmate's Signature:

Date: OCT 10, 2022

Witness by (print name):

Witness Signature:

Rank:

Shield Number:

# EXHIBIT –J

RECEIVED 01/18/2019 06:54
Fax:                    Jan 18 2019 06:47am P001/003
01/18/2019 06:55    #559 P.001/003

## CORRECTION DEPARTMENT
## CITY OF NEW YORK

### OPERATIONS DIVISION
### OPERATION SECURITY INTELLIGENCE UNIT

# C.M.C. INFORMATION SHEET

FORM ODI0505
REV. 2/2/92

| | |
|---|---|
| DATE: **January 17, 2019** | PREPARED BY: CO R. Jones #8472 |
| TO: **COMMANDING OFFICER MDC** | AUTHORIZED: P. REMY Capt. #572 |
| SUBJECT: ☒ DESIGNATION OF C.M.C. INMATE | CMC # 11/19 |
| ☐ C.M.C. INMATE RE-ACT | |
| ☐ TRANSFER OF C.M.C. INMATE | TYPE: **LOCKDOWN** |
| ☐ REMOVAL FROM C.M.C. STATUS | |

| INMATE LAST NAME | INMATE'S FIRST NAME |
|---|---|
| **WILLIAMS** | **ALEXANDER** |

| BOOK & CASE # | NYSID# | DOCKET/INDICTMENT # |
|---|---|---|
| 141-18-01632 | 01897855L | 2018KN013179-02146/2018 |

| BAIL STATUS | CHARGE (S) |
|---|---|
| RELEASED | 125.25 |

[X] SUBJECT INMATE IS DESIGNATED AS A CENTRALLY MONITORED INMATE. PLEASE REFER TO TELETYPE ORDER NO. 4558 FOR OFFICIAL DESIGNATION.

[ X ] INMATE SHALL BE HOUSED IN THE FOLLOWING FACILITY:

| | | | |
|---|---|---|---|
| ☐ BMTC | ☐ CPSU | ☐ RMSC | ☐ NIC |
| ☐ AMKC | ☐ BXDC | ☐ GRVC | ☐ OBCC |
| ☐ RNDC | ☐ BMTC | ☐ JATC | ☐ QDC |
| ☐ BHPW | ☐ EHPW | ☐ WEST | ☐ GMDC |
| ☒ MDC | ☐ VCBC | ☐ OTHER: | |

[ X ] INMATE SHALL BE PLACED IN THE FOLLOWING HOUSING ASSIGNMENT:

| | | |
|---|---|---|
| ☐ GENERAL POPULATION | ☐ PROTECTIVE CUSTODY | ☐ MENTAL OBSERVATION |
| ☐ GENERAL POPULATION ESCORT | ☐ MAHUII | ☒ CMC |
| ☐ MAXIMUM SECURITY | ☐ LOCKDOWN | ☐ MEDICAL |
| ☐ ADMIN.SEGREGATION | ☐ PUNITIVE SEGREGATION | |

☐ INMATE IS REMOVED FROM C.M.C. STATUS EFFECTIVE __/__/__.
PLEASE REFER TO TELETYPE ORDER NO._____ FOR OFFICIAL REVOCATION.

☐ THE INFORMATION CONTAINED ON THE REVERSE SIDE OF THIS FORM IS FORWARDED FOR YOUR REVIEW AND APPROPRIATE ACTION (S).

SECURITY REQUIREMENTS:

☒ WAIST CHAINS TO BE WORN WHEN OUTSIDE THE FACILITY

☒ LEG IRONS TO BE WORN WHEN OUTSIDE THE FACILITY

☐ SPECIAL TRANSPORTATION IS REQUIRED WHEN MOVING THIS INMATE

☐ TRANSPORT BY EMERGENCY SERVICE UNIT ONLY

☒ TRANSPORT BY TRANSPORTATION DIVISION ONLY

☐ TRANSPORT BY TRANSPORTATION, UNLESS THE MOVE IS UNSCHEDULED THEN E.S.U WILL TRANSPORT

☐ INTER-FACILITY SECURITY RESTRAINTS

| *NOTE: DUE PROCESS SAFEGUARDS AND HEARINGS ARE REQUIRED IF THIS PLACEMENT IS INVOLUNTARY/SECURITY REASONS. | SEE REVERSE SIDE INFORMATION |
|---|---|

DEF_0923

RECEIVED  01/18/2019 06:54
Fax:
01/18/2019 06:38    #558 P.002/003

From:

Jan 18 2019 06:47am P002/003

**REASON FOR C.M.C. DESIGNATION:**

**SUBJECT IS A COURT ORDERED LOCKDOWN**

**EVIDENCE/DOCUMENTATION UTILIZED:**

**ON FILE AT OSIU**

**SEPERATIONS:**

**THE FOLLOWING TELEPHONE NOTIFICATIONS WERE MADE REGARDING THIS DOCUMENT:**

| DATE | TIME | PERSON NOTIFIED | TITLE | FACILITY |
|---|---|---|---|---|
| 1 /18/ 19 | HOURS | SECURITY: EXT. 718 #51 8092 | | BKDC |
| 1 /18/ 19 | HOURS | GO: EXT. 718 141 8915  212 125 1901 | | BKDC  NDC |
| 1 /18/ 19 | HOURS | SECURITY: EXT. 212 125 154B | | NDC |
| 1 /18/ 19 | HOURS | GO: EXT. | | |
| / / | HOURS | | | |
| / / | HOURS | | | |

| NOTIFICATION MADE BY: | LAST NAME | FIRST NAME | RANK | SHIELD |
|---|---|---|---|---|
| | JONES | R | CO | 8472 |

**COPIES OF THIS DOCUMENT FORWARD TO:**

☐ CLASSIFICATION UNIT      ☐ INVESTIGATION DIVISION

☐ ESU      ☐ TRANSPORTATION DIVISION

☒ FACILITY      ☐ OTHER

**REMARKS:**

# EXHIBIT –K

ATTACHMENT - C

COPY 2A

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

| OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES | Form.: 7102R<br>Eff.: 8/23/19<br>Ref.: Dir. 3376R-A |
|---|---|
| **DISPOSITION FORM** | |

| Grievance Reference # 590724 | Date Filed: 10/07/22 | Facility: GRVC 2A |
|---|---|---|

| Inmate Name: Williams, Alexander | Book and Case: 1411801632 | Category: N.G.<br>Staff Complaint |
|---|---|---|

From OCGS Inmate Statement Form, print or type short description of grievance:

On the above date Co K White, CO Andre Hickson, and Captain Gaines entered housing unit at 11;45 am and stated to me that you are suing me, and I will kill you and make sure you get life in prison. (CO Kevin White and CO Andre Hickson) Captain Gaines commented, stated that she was specifically going to make sure that all communication with my attorneys were cut because they are causing to many issues, investigating DO

Action Requested by Inmate: **Stop retaliation conduct before it affects, litigation and /or exacerbates to being physical.**

## STEP 1: FORMAL RESOLUTION

Check one box: ☐ Grievance     ☑ Submission is not subjected to the Grievance Process

The Office of Constituent and Grievance Services proposes to formally resolve your grievance as follows below. Alternatively, OCGS staff shall provide an explanation for why the submission is not subject to the OCGS process.

The grievant has been informed his complaint has been forwarded to facility leadership for review.

## CHECK THE APPROPRIATE BOX BELOW AND PROVIDE YOUR SIGNATURE
### *(Failure to sign forms will forgo your right to appeal the proposed resolution.)*

☐ Yes, I accept the resolution   ☐ No   ☐ I request to appeal the resolution of this grievance to the Commanding officer.

*Note: If you appeal, the grievance staff can request for a preliminary based review if they feel the complaint was thoroughly investigated and addressed, prior to forwarding to the Commanding Officer. You will receive the outcome of this review within (3) business days to inform you the appeal will proceed or you exhausted administrative remedies. Grievance not subject to the Grievance Process cannot be appealed.*

| Inmate's Signature: | Date: 09/27/22 |
|---|---|

☐ Preliminary Review Requested

| Grievance Coordinator/Officer Signature: | Date: 09/27/22 |
|---|---|

ATTACHMENT -B-1

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

## OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES
### INMATE STATEMENT FORM

Form.: 7101R-A
Eff.:9/14/18
Ref.: Dir. 3376R-A

| Inmate's Name: Alexander Williams J. | Book & Case #: 1411801632 | NYSID #: 01847858C |
|---|---|---|
| Facility: GRVC | Housing Area: 2a | Date of Incident: 9/30/2022 | Date Submitted: 9/30/2022 |

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance:** on date above co k white, co Andre hickso and captan Gaines Entered housing unit at 11:45 am and stated to me that you are Suing me and I will kill you and Make Sure you get life in prison. (co kevin white and co Andre Hickson) captain gaines commented stating that she was specifically going to make sure that all commucation with my attorneys were cut because they are causing to much issues investigating DOC

**Action Requested by Inmate:** Stop this Retaliation Conduct before it Affects my litigation and/or exceberates to bemy physical

**Please read below and check the correct box:**

| | | |
|---|---|---|
| Do you agree to have your statement edited for clarification by OCGS staff? | Yes ☐ | No ☑ |
| Do you need the OCGS staff to write the grievance for you? | Yes ☐ | No ☑ |
| Have you filed this grievance with a court or other agency? | Yes ☐ | No ☑ |
| Did you require the assistance of an interpreter? | Yes ☐ | No ☑ |

| Inmate's Signature: Alexander Williams Jr. | Date of Signature: 9/30/2022 |
|---|---|

### FOR DOC OFFICE USE ONLY

OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR    AG.

| TIME STAMP 2022 OCT -7 P 1:34 | Grievance Reference # 590724 | Category: STAFF Complant |
|---|---|---|
| | Office of Constituent and Grievances Services Coordinator/Officer Signature: BYRNE 18049 | |

# EXHIBIT –L

ATTACHMENT - C     Copy 2A

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

| | |
|---|---|
| **OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES** | Form.: 7102R<br>Eff.: 8/23/19<br>Ref.: Dir. 3376R-A |
| **DISPOSITION FORM** | |

| Grievance Reference # 590747 | Date Filed: 10/07/22 | Facility: GRVC 2A |
|---|---|---|

| Inmate Name: Williams, Alexander | Book and Case: 1411801632 | Category: N.G.<br>Staff Complaint |
|---|---|---|

From OCGS Inmate Statement Form, print or type short description of grievance:
At 6:45 pm Captain Gaines and CO Kevin came to housing unit 2A and stated to me I told you would not call your lawyer. (See attached)

Action Requested by Inmate: Please place an administration separation between me and Captain Gaines and Kevin Young.

## STEP 1: FORMAL RESOLUTION

Check one box: ☐ Grievance   ☑ Submission is not subjected to the Grievance Process

The Office of Constituent and Grievance Services proposes to formally resolve your grievance as follows below.
Alternatively, OCGS staff shall provide an explanation for why the submission is not subject to the OCGS process.

The grievant has been informed his complaint has been forwarded to facility leadership for review.

## CHECK THE APPROPRIATE BOX BELOW AND PROVIDE YOUR SIGNATURE
*(Failure to sign forms will forgo your right to appeal the proposed resolution.)*

☐ Yes, I accept the resolution   ☐ No   ☐ I request to appeal the resolution of this grievance to the Commanding officer.

*Note: If you appeal, the grievance staff can request for a preliminary based review if they feel the complaint was thoroughly investigated and addressed, prior to forwarding to the Commanding Officer. You will receive the outcome of this review within (3) business days to inform you the appeal will proceed or you exhausted administrative remedies. Grievance not subject to the Grievance Process cannot be appealed.*

| Inmate's Signature: | Date: 10/07/22 |
|---|---|

☐ Preliminary Review Requested

| Grievance Coordinator/Officer Signature:<br>CO Byrne 18049 | Date: 10/07/22 |
|---|---|

ATTACHMENT -B-1

## CITY OF NEW YORK - DEPARTMENT OF CORRECTION

**OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES**
**INMATE STATEMENT FORM**

Form.: 7101R-A
Eff.:9/14/18
Ref.: Dir. 3376R-A

| Inmate's Name: Alexander Williams | Book & Case #: 1411801632 | NYSID #: 01897858C |
| --- | --- | --- |

| Facility: GRVC | Housing Area: 2a | Date of Incident: 9/30/2022 | Date Submitted: 9/30/2022 |

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OC GS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance:** at 6:45 pm captain gaines and co Kevin came to housing Unit 2a and stated to me, I told you that you would not call your lawyer, you put my name on your book (the true untold story of New York City's Notorious Rikers Island) your in my jail you have no Rights until you Recall that book. co Kevin Young Intervied and stated Fuck you and your lawsut This caused me to be Suicidal

**Action Requested by Inmate:** Please place a Administrative Seperation between myself and captain gaines and Keven Yang

### Please read below and check the correct box:

| | Yes | No |
| --- | --- | --- |
| Do you agree to have your statement edited for clarification by OCGS staff? | ☐ | ☑ |
| Do you need the OCGS staff to write the grievance for you? | ☐ | ☐ |
| Have you filed this grievance with a court or other agency? | ☐ | ☑ |
| Did you require the assistance of an interpreter? | ☐ | ☑ |

| Inmate's Signature: | Date of Signature: 9/30/2022 |

### FOR DOC OFFICE USE ONLY

OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR

| TIME STAMP 2022 OCT -7 P 1:3 | Grievance Reference # 590747 | Category: Staff Complaint |
| --- | --- | --- |
| | Office of Constituent and Grievances Services Coordinator/Officer Signature: CO Byrne. 18049 | |

# EXHIBIT –M

**ATTACHMENT - C**



# CITY OF NEW YORK - DEPARTMENT OF CORRECTION



| **OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES** | Form.: 7102R<br>Eff.: 8/23/19 |
|---|---|
| **DISPOSITION FORM** | Ref.: Dir. 3376R-A |

| Grievance Reference # 590755 | Date Filed: 10/07/22 | Facility: GRVC 2A |
|---|---|---|

| Inmate Name: Williams, Alexander | Book and Case: 1411801632 | Category: N.G.<br>Staff Complaint |
|---|---|---|

From OCGS Inmate Statement Form, print or type short description of grievance:

On Oct. 01,2022, I was told by Captain Lundstrom that per Deputy Warden Philips and Captain Gaines I cannot call my attorney today. This caused me to think about killing myself. A physc report was generated.

Action Requested by Inmate:  Please do not limit, interfere or stop my line of communication with my state approved attorneys.

---

### STEP 1: FORMAL RESOLUTION

Check one box: ☐ Grievance    ☒ Submission is not subjected to the Grievance Process

The Office of Constituent and Grievance Services proposes to formally resolve your grievance as follows below. Alternatively, OCGS staff shall provide an explanation for why the submission is not subject to the OCGS process.

The grievant has been informed his complaint has been forwarded to facility leadership for review.

---

**CHECK THE APPROPRIATE BOX BELOW AND PROVIDE YOUR SIGNATURE**
*(Failure to sign forms will forgo your right to appeal the proposed resolution.)*

☐ Yes, I accept the resolution    ☐ No    ☐ I request to appeal the resolution of this grievance to the Commanding officer.

Note: If you appeal, the grievance staff can request for a preliminary based review if they feel the complaint was thoroughly investigated and addressed, prior to forwarding to the Commanding Officer. You will receive the outcome of this review within (3) business days to inform you the appeal will proceed or you exhausted administrative remedies. Grievance not subject to the Grievance Process cannot be appealed.

| Inmate's Signature: | Date: 10/07/22 |
|---|---|

☐ Preliminary Review Requested

| Grievance Coordinator/Officer Signature: | Date: 10/07/22 |
|---|---|

**ATTACHMENT -B-1**

## CITY OF NEW YORK - DEPARTMENT OF CORRECTION

### OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES
### INMATE STATEMENT FORM

Form.: 7101R-A
Eff.:9/14/18
Ref.: Dir. 3376R-A

| Inmate's Name: | Book & Case #: | NYSID #: |
|---|---|---|
| Alexander William | 14180161b32 | OC597858L |

| Facility: | Housing Area: | Date of Incident: | Date Submitted : |
|---|---|---|---|
| CRVC | 2q | 10/1/2022 | 10/1/2022 |

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

**Grievance:** on oct 1, 2022 I was told by Captain Lundstrom that per Deputy Warden Phillups and captain Gaines I can not call my Attorney today, this caused me to think about killing Myself. A physc Reported was generated.

**Action Requested by Inmate:** please do not limit, Inteffer or stop My line of communication with my State Approved Attorneys

### Please read below and check the correct box:

| | Yes | No |
|---|---|---|
| Do you agree to have your statement edited for clarification by OCGS staff? | ☐ | ☒ |
| Do you need the OCGS staff to write the grievance for you? | ☐ | ☐ |
| Have you filed this grievance with a court or other agency? | ☐ | ☐ |
| Did you require the assistance of an interpreter? | ☐ | ☐ |

| Inmate's Signature: | Date of Signature: |
|---|---|
| alexander William | 10/1/2022 |

**FOR DOC OFFICE USE ONLY**

OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR

| TIME STAMP | Grievance Reference # 590 755 | Category: Staff Complaint |
|---|---|---|
| 2022 OC -7 P 1:3 | Office of Constituent and Grievances Services Coordinator/Officer Signature: CO Byrne # 18049 | |

# EXHIBIT –N

TAPE# D18-0281          DAVID WALKER          12-8-18

1

> A.D.A. CHIN:  Today is
> December 8th, 2018.  This
> is tape number D18-0281.
> We're here in the Brooklyn
> District Attorney's office
> in the Homicide Bureaus.
> Also present is Detective
> Michael Heyburt(sp?).  The
> time right now is 3:31 P.M.
> What's your name, sir?
> MR. WALKER:  David
> Demetrial Walker.
> A.D.A. CHIN:  Okay.  So
> Walker, my name is Ernest
> Chin.  I'm an assistant
> district attorney in the
> Brooklyn DA's office and a
> notary public, qualified in
> the County of Kings.  My
> number is 02CH6251538 and

TAPE# D18-0281        DAVID WALKER        12-8-18

2

my commission expires

November 14th, 2019.  What

I want to do is talk to you

about is about a homicide

that happened on June 27th,

2011 in the area of

Cosuseco(sp?) Street.

Specifically, regarding an

individual by the name of

Alexander Williams.  Before

I talk to you, though, I'm

going to ask you to swear

or affirm that anything you

tell me is the truth; do

you understand?

MR. WALKER:  Yes, sir.

A.D.A. CHIN:  Okay.  To do

that, please raise your

right hand.  Do you, David

Demetrial Walker, swear or

affirm that the statement

3

TAPE# D18-0281          DAVID WALKER          12-8-18

you're about to give is the
truth?

MR. WALKER:  Yes, sir.

A.D.A. CHIN:  Okay, lower
your hand, thank you.  So
let's talk about how you
know an individual by the
name of Alexander Williams;
when'd you meet Alexander
Williams?

MR. WALKER:  When I was a
child, probably about 17,
18, probably about '97,
'98, '99.

A.D.A. CHIN:  Okay.

MR. WALKER:  In South
Carolina.

A.D.A. CHIN:  How did you —
— down where?

MR. WALKER:  Bamberg, South
Carolina.

4

TAPE# D18-0281          DAVID WALKER          12-8-18

A.D.A. CHIN:  Okay.  And
how did you meet him?

MR. WALKER:  Just walking
up the street, he was
hanging out with another
home boy of mine and we
started smoking, hanging
out like that.

A.D.A. CHIN: Okay.  Now
were you a Blood member?

MR. WALKER:  Yes.

A.D.A. CHIN:  Okay.  And
what sect of Blood's were
you?

MR. WALKER:  135
Power(unintelligible).

A.D.A. CHIN:  Okay.

MR. WALKER:  Before that, I
was G-shine.

A.D.A. CHIN:  Okay.  And
during your interactions

5

TAPE# D18-0281          DAVID WALKER          12-8-18

with Alexander Williams,
did you know him by any
other names?

MR. WALKER:  No, just AB.

A.D.A. CHIN:  Okay.  There
you go, that's what I'm
getting at, AB, the letters
A and B?

MR. WALKER:  Almighty
Blood.

A.D.A. CHIN:  Okay.  That's
what it stands for?

MR. WALKER:  Yeah.

A.D.A. CHIN:  Almighty
Blood?

MR. WALKER:  Yeah.

A.D.A. CHIN:  Okay.  Do you
know what sect of Blood's
Alexander Williams belonged
to?

MR. WALKER:  He a Stony,

6

TAPE# D18-0281        DAVID WALKER        12-8-18

Gorilla Stone Blood.

A.D.A. CHIN:  Okay.  And
are you aware of where in
the hierarchy he is?

MR. WALKER:  To the top.

A.D.A. CHIN:  Okay.

MR. WALKER:  He - - they
say he first on the
streets, second in charge
of the penitentiary.

A.D.A. CHIN:  Okay.  So
he's first in charge in the
streets, second in charge
in prison?

MR. WALKER:  Yeah.

A.D.A. CHIN:  Okay.  Now
once you met up with
Alexander Williams, what
was the nature of your
relationship?

MR. WALKER:  Just running

TAPE# D18-0281          DAVID WALKER          12-8-18

guns, bringing in guns to
New York for some coke or
something like that.

A.D.A. CHIN: Okay. So
let's slow that down. So
you met him around '97,
'98, '99, somewhere - -
time around that; is that
correct?

MR. WALKER: Yes, sir, yes,
sir.

A.D.A. CHIN: All right.
And you would conduct
criminal transactions with
him?

MR. WALKER: Yes, sir, run
guns.

A.D.A. CHIN: Run guns. So
where would you run the
guns to?

MR. WALKER: Uh, from - -

TAPE# D18-0281          DAVID WALKER          12-8-18

A.D.A. CHIN:  From and to.

MR. WALKER:  From South
Carolina to New York, from
South Carolina to Maryland,
from South Carolina to
North Carolina.

A.D.A. CHIN:  Okay.  Where
specifically in North
Carolina?

MR. WALKER:  Raleigh.

A.D.A. CHIN: Okay.  And
where specifically in
Maryland?

MR. WALKER:  Hagerstown.

A.D.A. CHIN:  Okay.  During
these times when you say
you would run guns; would
you be with AB?

MR. WALKER:  No, I
basically will leave
myself, and will leave them

9

TAPE# D18-0281          DAVID WALKER          12-8-18

in those places, then we'll
meet up and he'll come with
probably four or five of
his partners, and everybody
guns, and then I'm gone and
that's basically it.

A.D.A. CHIN:  Okay.  So you
would meet up - -

MR. WALKER:
(Unintelligible)  - -

A.D.A. CHIN:  - - with AB
at the time when the guns
that were sold?

MR. WALKER:  Yes, he's
there.

A.D.A. CHIN:  Okay.

MR. WALKER:  Yes, he's the
one bringing the clients to
buy the guns.

A.D.A. CHIN:  Okay.  And
how long did you wind up

10

TAPE# D18-0281          DAVID WALKER          12-8-18

running these guns with AB?

MR. WALKER:  From about '98 to, I don't know, I don't know, man, probably about '09, or something like that.

A.D.A. CHIN:  Okay.  2009, so about ten years?

MR. WALKER:  Yeah.

A.D.A. CHIN:  How many times did you run guns with or for AB?

MR. WALKER:  How many times?

A.D.A. CHIN:  Yeah.

MR. WALKER:  How many trips?

A.D.A. CHIN:  How many trips did you take?

MR. WALKER:  Man, probably about ten, fifteen.

11

TAPE# D18-0281          DAVID WALKER            12-8-18

A.D.A. CHIN:  Ten, fifteen
trips?

MR. WALKER:  Probably way
over - - myself, me,
myself, probably over 30,
40, 50 guns.

A.D.A. CHIN: Okay.  30, 40,
50 guns for you, yourself
with AB?

MR. WALKER:  All handguns.

A.D.A. CHIN:  Okay.  And AB
would conduct these
transactions himself?

MR. WALKER:  Yes.

A.D.A. CHIN:  Okay.  And
then how would he - - how
would he pay you?

MR. WALKER:  Cash, or
either in product, mostly
cash, though.

A.D.A. CHIN:  What do you

12

TAPE# D18-0281          DAVID WALKER          12-8-18

mean product?

MR. WALKER:  Like, probably

cocaine.

A.D.A. CHIN:  Okay.

MR. WALKER:  Or if I needed

some little reefer, or

something he's give me some

reefer, marijuana.

A.D.A. CHIN: Okay.  That's

what he would do?

MR. WALKER:  Yeah.

A.D.A. CHIN:  Give you

marijuana or cocaine as

payment?

MR. WALKER:  Yes, yeah.

A.D.A. CHIN:  All right.

You were basically a

business partner of his?

MR. WALKER:  Yes.

A.D.A. CHIN:  Okay.  Now I

want to talk to you about

TAPE# D18-0281          DAVID WALKER          12-8-18

13

2011, around the end of
June and into, I guess
early July.  Did there come
a time when you drove
Alexander Williams to
Hagerstown, Maryland?

MR. WALKER:  Yes.

A.D.A. CHIN:  Okay.  Tell
me what happened.  So now
you know that you're here
in relation to a homicide
that's being investigated,
right?

MR. WALKER:  Yes.

A.D.A. CHIN:  Okay.  And it
involves something, in your
words that you said before,
where someone was fucking
with AB's girl.

MR. WALKER:  Girlfriend.

A.D.A. CHIN:  Okay.  So

TAPE# D18-0281          DAVID WALKER          12-8-18

that's the homicide we're

here talking about.

MR. WALKER:  Yes.

A.D.A. CHIN:  Okay. So tell

me what happened around

that time back in 2011 with

regards to that.

MR. WALKER:  We left my

cousin house, Curtis

Nimmons' house in

Orangeburg, South Carolina,

we drove to Maryland.

A.D.A. CHIN:  Now  you say

you left your cousin's

house, Curtis - -

MR. WALKER:  Nimmons.

A.D.A. CHIN:  Nimmons?

MR. WALKER:  Yes.

A.D.A. CHIN:  Okay.

MR. WALKER:  We left his

house, we went to Maryland,

TAPE# D18-0281          DAVID WALKER          12-8-18

we stayed in Maryland about
an hour, he gave me an AR-
15, gave me four ounces of
cocaine, then he left
Maryland - - well I left
Maryland, and he went to
New York.  About a week
later, he came back down.

A.D.A. CHIN:  Okay.

MR. WALKER:  He came back
down with a pound of weed.

A.D.A. CHIN: Now when you
say he came back down,
that's when he contacted
you?

MR. WALKER:  Yes.

A.D.A. CHIN:  Okay.  Do you
know if he came back
earlier, or later?

MR. WALKER:  No, he
probably did, he probably

TAPE# D18-0281          DAVID WALKER          12-8-18

was someplace else, but he
probably did.

A.D.A. CHIN:  Okay.  But
what you're saying is that
when you said he came back
down, after he - -

MR. WALKER:  He came back
from the city, yeah.

A.D.A. CHIN:  - - after - -
a week after you left him
at Maryland is when you
spoke to him again?

MR. WALKER:  Yes.

A.D.A. CHIN:  Okay.

MR. WALKER:  Yes.

A.D.A. CHIN:  Do you know
why he was going to New
York?

MR. WALKER:  No, I thought
he was going to
(unintelligible) - - with

17

TAPE# D18-0281          DAVID WALKER          12-8-18

some heron(sic).

A.D.A. CHIN:  Okay.  When
you say heron(sic), you
mean heroin?

MR. WALKER:  Yeah, heroin.

A.D.A. CHIN:  Okay.

MR. WALKER:  Yeah, that's
how y'all say it, heroin?

A.D.A. CHIN:  Yes, okay.

MR. WALKER:  Yeah.

A.D.A. CHIN:  Okay.  I just
want to be clear for the
recording.  All right.  So
a week after you drove him
to Hagerstown, Maryland,
where did he give you the
AR-15 and the four ounces
of coke?

MR. WALKER:  In Hagerstown.

A.D.A. CHIN:  Yeah, but
where, like - -

18

TAPE# D18-0281          DAVID WALKER          12-8-18

MR. WALKER:  In his house.

A.D.A. CHIN: - - his house?

MR. WALKER:  His house.

A.D.A. CHIN:  He had a
house there?

MR. WALKER:  He had a
house.

A.D.A. CHIN:  Okay.

MR. WALKER:  Yeah.

A.D.A. CHIN:  Do remember
where the house was?

MR. WALKER:  No, I can't
remember.

A.D.A. CHIN:  Okay.  So all
right.  So you guys part
ways in Hagerstown,
Maryland, you meet up with
him a week after, what
happens?

MR. WALKER:  He came down
bragging about some

TAPE# D18-0281          DAVID WALKER          12-8-18

shootings and some extra
money he made up there in
New York.

A.D.A. CHIN:  Okay.  Now
where were you when you - -
when you saw him?

MR. WALKER:  Orangeburg.

A.D.A. CHIN:  Okay, where?

MR. WALKER:  At my cousin's
crib, Curtis Nimmons.

A.D.A. CHIN:  Curtis
Nimmons' house?

MR. WALKER:  Yes, yeah.

A.D.A. CHIN:  Okay. And
what happened?

MR. WALKER:  Uh - -

A.D.A. CHIN:  What was - -
what was he doing while he
was telling you about doing
the shootings and making
some  money?

20

TAPE# D18-0281          DAVID WALKER          12-8-18

MR. WALKER:  Who, AB?

A.D.A. CHIN:   Yes.

MR. WALKER:  Oh, he was
bragging, he was jumping
around, flexing his ass,
making phone calls and
stuff like that.

A.D.A. CHIN: Okay.  And
what happened then?

MR. WALKER:  Uh - -

A.D.A. CHIN:  What else did
he tell you about it?

MR. WALKER:  That's it,
said he had to pop somebody
cause the wrong person got
popped, and something about
somebody played him on some
word, he gotta go back
there to see somebody else
- - somebody else supposed
to get popped and that was

TAPE# D18-0281          DAVID WALKER          12-8-18

probably it, but by that time my cousin came back in the house, he started - - he stopped - - he kind of changed the subject.

A.D.A. CHIN: Okay. Now during this time, how do we - - how did you - - how were you able to know that this - - when he was talking about popping someone, he referred to the homicide we're talking about right now?

MR. WALKER: Because he wanted me to - - he told me if somebody asked me, to make it seem like if I did it and he told me the story.

A.D.A. CHIN: Okay. And

TAPE# D18-0281          DAVID WALKER          12-8-18

what story did he tell you
to say?

MR. WALKER:  That I came to
New York with him and that
we went to - - where we
went to, we went to - - I
took him to the diamond
district to go buy a ring
and which he went and
bought a ring, say - - told
me to tell him to go get
him a hotel room and at the
hotel room, he told me that
was me and see - - would
walk in and that we seen
somebody pointed out and
then we shot the person and
then we left, and he
supposed to pay me.

A.D.A. CHIN:  Okay.  Did he
offer to pay you anything,

TAPE# D18-0281          DAVID WALKER          12-8-18

or any kind of benefit for
telling this story that he
told you?

MR. WALKER:  Yeah, he said
he give me ten-thousand
dollar.

A.D.A. CHIN:  And anything
else?

MR. WALKER:  That's it.

A.D.A. CHIN:  Okay.  Did he
ever offer you narcotics,
or anything?

MR. WALKER:  No, not on
this situation.

A.D.A. CHIN:  Not on this
situation?

MR. WALKER:  Yeah.

A.D.A. CHIN: So for this
one, it was just straight
ten-thousand dollars?

MR. WALKER:  Cash, yeah.

24

TAPE# D18-0281            DAVID WALKER            12-8-18

A.D.A. CHIN:  Cash.  Did he

say anything else to you

about the homicide?

MR. WALKER:  No, that just

basically it.

A.D.A. CHIN:  Okay. Did he

tell you that what - - why

- - why it happened?

MR. WALKER:  Yeah,

something about he knew the

guy and the guy was messing

with his girl, and I think

he was mad because the

person he called the first

time to go do the job end

up hitting the wrong

person.

A.D.A. CHIN:  Okay.

MR. WALKER:  End up hitting

the girl brother, or

something like that.

TAPE# D18-0281          DAVID WALKER          12-8-18

A.D.A. CHIN:  Okay.

MR. WALKER:  And then
that's when he end up
having to get in the
situation and had to go get
the right person.

A.D.A. CHIN:  Okay.  So - -
so he told you that he had
- - he got someone to go -
- to go shoot this person
for him, but apparently
that person shot the wrong
person?

MR. WALKER:  Yeah.

A.D.A. CHIN: So he had to
take care of it himself?

MR. WALKER:  Yeah.

A.D.A. CHIN:  And this was
a person who was messing
with his girlfriend, AB's
girlfriend?

TAPE# D18-0281              DAVID WALKER              12-8-18

MR. WALKER:  Yeah, the wife, I think it was his wife, he was married to her.

A.D.A. CHIN:  It was AB's wife?

MR. WALKER:  I think his wife.

A.D.A. CHIN:  Okay. So as far as you know, it was AB's wife?

MR. WALKER:  Yeah, I think it was his wife, yeah.

A.D.A. CHIN: Okay.  And he told you to say this story, the one that you just repeated about a week or two, or about a week after you saw him again?

MR. WALKER:  Yeah, about a week, yep, about a week.

TAPE# D18-0281          DAVID WALKER          12-8-18

A.D.A. CHIN:  Okay.

MR. WALKER:  No more than
two weeks.

A.D.A. CHIN:  Okay.  Now
I'm going to refer you to
this  year now, now around
in possibly May 17th of
2018, did you meet up with
a woman?

MR. WALKER:  Yes, sir.

A.D.A. CHIN:  Okay.  And as
far as you knew, did this -
- did this woman ever tell
you her name?

MR. WALKER:  No.

A.D.A. CHIN:  Okay.  What
information did this woman
give you?

MR. WALKER:  Give me
information about Mr.
Williams and she was asking

28

TAPE# D18-0281          DAVID WALKER          12-8-18

about a shooting and a

homicide.

A.D.A. CHIN:  Okay.  Now

you - - you told her about

that homicide, correct?

MR. WALKER:  Yes.

A.D.A. CHIN:  Okay.  And

what you told her, where

did you come up with that

information?

MR. WALKER:  From Mr.

Williams.

A.D.A. CHIN:  Okay.

MR. WALKER:  I was told

that if a girl asked, to

put myself instead of him,

he didn't want the girl to

know.

A.D.A. CHIN:  Okay. So he

told you that?

MR. WALKER:  Yeah.

TAPE# D18-0281          DAVID WALKER          12-8-18

A.D.A. CHIN:  That if - -
if someone - - that if a
girl came to ask you about
- -

MR. WALKER: Yeah, if
somebody asked - - if
somebody - - if someone
asked, to put myself
instead of  him.

A.D.A. CHIN:  Okay.

MR. WALKER:  Yep.

A.D.A. CHIN:  Now did you
ever open a phone line with
the numbers starting - -
with the number of 803-915-
4437?

MR. WALKER:  No, sir.

A.D.A. CHIN:  Okay.  Did
you ever use your fiancé's
information, Kaitlynn
Kirkland, to open this

TAPE# D18-0281          DAVID WALKER          12-8-18

phone line?

MR. WALKER:  No, sir.

A.D.A. CHIN:  Did you ever open a phone line with T-Mobile ever?

MR. WALKER:  No, sir.

A.D.A. CHIN:  Okay.

MR. WALKER:  T-Mobile don't work where I'm from.

A.D.A. CHIN:  Okay.  T-Mobile doesn't work where you're from; where are you from?

MR. WALKER:  Bamberg, South Carolina.

A.D.A. CHIN:  Okay.  Now I showed you this - - which is the phone records pertaining to that number and it has - - do you recognize the personal

TAPE# D18-0281          DAVID WALKER          12-8-18

information on there,

correct?

MR. WALKER:  Yep.

A.D.A. CHIN:  Okay.  And

that is the address and

that's your fiancé's name?

MR. WALKER:  That's wrong,

because by that time I

wasn't staying at that

address.

A.D.A. CHIN:  Okay.

MR. WALKER:  Yep.

A.D.A. CHIN:  But was she

staying there?

MR. WALKER:  Kaitlynn?

A.D.A. CHIN:  Yes.

MR. WALKER:  No, she stay

with me.

A.D.A. CHIN:  Okay.  So at

that address at that time,

that - -

TAPE# D18-0281          DAVID WALKER          12-8-18

MR. WALKER:  Yeah.

A.D.A. CHIN:  - - the date
it's open is May 18th,
2018, correct, so it's
about - - that's a day
after you met with this
woman from - -

MR. WALKER:  Yeah.

A.D.A. CHIN:  - - Mr.
Williams, correct?

MR. WALKER:  Well the day
after I met her, I didn't
text her.

A.D.A. CHIN:  Okay.

MR. WALKER:  So that can't
be me.

A.D.A. CHIN:  Okay.  But
what I'm getting at is that
this phone opened on May
18th, 2018 - -

MR. WALKER:  Yes, sir.

33

TAPE# D18-0281          DAVID WALKER          12-8-18

A.D.A. CHIN: - - you did
not open this number?

MR. WALKER:  No, sir.

A.D.A. CHIN:  Okay.  And
you've  never seen this
number before in your life?

MR. WALKER:  No, sir.

A.D.A. CHIN:  Okay.  Now
also, I'm showing to you
and I showed you earlier, a
series of text messages
from that phone number of
803-9915-4437 to another
individual, correct?

MR. WALKER:  Yes, sir.

A.D.A. CHIN:  Okay.  Now do
you recognized any of the
statements made by the
person that's supposed to
be from 803-915-4437?

MR. WALKER:  No, sir.

A.D.A. CHIN: Okay. Were
you able to identify
different kinds of ways
that you write differently?

MR. WALKER: Yeah.

A.D.A. CHIN: Like what?

MR. WALKER: I'm Blood - -
I'm Pyru(sp?), so I don't
use C's like that, really.

A.D.A. CHIN: Like what?

MR. WALKER: Like cause, he
got cause in there instead
of because, or just regular
buzz, he got convo with a
big C and the word okay, I
don't use okay, I use the
word bet.

A.D.A. CHIN: Okay.

MR. WALKER: Yeah.

A.D.A. CHIN: Uh - -

MR. WALKER: Those are

full-fledged sentences; I
don't write full-fledged
sentences.

A.D.A. CHIN:  Okay.  Now do
you ever use the word like
da, D-A?

MR. WALKER:  No.

A.D.A. CHIN:  In replace of
the?

MR. WALKER:  D-A, no.

A.D.A. CHIN: Okay.  So what
you're saying is that you
have never seen and never
made any of these text
messages?

MR. WALKER:  Uh-uh.

A.D.A. CHIN:  Is that a no?

MR. WALKER:  No, sir.

A.D.A. CHIN:  Okay.  Now
has Alexander Williams
contacted you since March

36

TAPE# D18-0281          DAVID WALKER          12-8-18

2018 of this year?

MR. WALKER:  No, not since

the - - the Lieutenant

Schneider(sp?) and them

came and talked to me.

A.D.A. CHIN:  Okay.

MR. WALKER:  He - -

A.D.A. CHIN:  Detective

Schneider?

MR. WALKER:  He sent word

through another person to

tell me to fall back, he

can handle the situation.

A.D.A. CHIN:  Okay.

MR. WALKER:  And that was

it.

A.D.A. CHIN:  So who did he

tell to send word?

MR. WALKER:  He sent it

through Travolta, Travolta

called Devine, Devine told

TAPE# D18-0281          DAVID WALKER          12-8-18

me.

A.D.A. CHIN:  Okay,

Travolta and Devine.  Now

who's Devine?

MR. WALKER:  Devine is his

cousin in Bamberg, South

Carolina.

A.D.A. CHIN:  Okay.

MR. WALKER:  Travolta is

his cousin in Columbia,

South Carolina.

A.D.A. CHIN:  Okay.  Now do

you know what Devine's

first name is?

MR. WALKER:  Dewayne Dokes.

A.D.A. CHIN:  Dewayne - -

MR. WALKER:  Dokes.

A.D.A. CHIN:  Dokes, okay.

How about Travolta?

MR. WALKER:  His first name

is Sean; I don't know his

TAPE# D18-0281              DAVID WALKER              12-8-18

last name.

A.D.A. CHIN:  All right.

And - -

MR. WALKER:

(Unintelligible) - -

A.D.A. CHIN:  Okay.  They

came - -  now Devine came

to you and told you what,

exactly?

MR. WALKER:  He asked me,

he say like you know, put

police protection list, I

said, huh, he said  yeah,

man, Travolta called and

said they got you in police

protection list, man, say,

you hiding or something, I

say I'm hiding, Devine like

no, man, I can't tell you -

- I had to do the same

thing, and he like yo, AB

TAPE# D18-0281          DAVID WALKER          12-8-18

told me to tell you, man,
to fall back, man, he can
handle the situation.

A.D.A. CHIN:  This is after
you  met with Detective
Schneider, correct?

MR. WALKER:  After, yeah.

A.D.A. CHIN:  Okay.  And
that happened sometime
towards the end of this
summer?

MR. WALKER:  Yeah, that
probably happened about two
or three weeks after the
detective and them came.

A.D.A. CHIN:  Okay.  Now
after you actually met with
Detective Schneider and
there was a Detective
Hanley, he's like reddish
hair, shorter?

TAPE# D18-0281                    DAVID WALKER                    12-8-18

MR. WALKER:  Yes.

A.D.A. CHIN:  Did you ever

speak with that woman who

came to see you from - -

MR. WALKER:  Yes.

A.D.A. CHIN:  - - from - -

from AB?

MR. WALKER:  Yes, I called

her, the light-skin girl,

right?

A.D.A. CHIN:  Yes.

MR. WALKER:  I - - yes, I

called her and so the

detectives right here, and

she was like, why would he

be out there, and she - -

she gave me the name,

Schneider and somebody

else, and then once I seen

Schneider and them - - no,

I called her before that

TAPE# D18-0281          DAVID WALKER          12-8-18

because they came to - -

Lative(sp?)

(unintelligible) was

looking for me and by that

time, that's when I called

her and said, yo, man, why

the police out here, what

going on and then when I

seen Schneider and them,

that's when they told me

they heard my conversation

with her, that's the last

time I talked to her.

A.D.A. CHIN:  Okay.  That

was the last time you ever

spoke to her; is that

correct?

MR. WALKER:   Yes, sir.

A.D.A. CHIN:  Okay.  Now

the other question I have

for you is, when you met

her, I'm talking about May
17th, 2018, when you met
with this woman with that -
- was a representative of
AB's, did you ever text her
after you met with her in
person?

MR. WALKER:  No, I don't
think so.

A.D.A. CHIN:  Okay.  And
then the next contact  you
had with her was that phone
call telling her that - -
that the police were there?

MR. WALKER:  Yeah.

A.D.A. CHIN:  Okay.  And
did you know that was
Detective Schneider?

MR. WALKER:  Uh-uh.

A.D.A. CHIN:  That's a no?

MR. WALKER:  No.

43

TAPE# D18-0281          DAVID WALKER          12-8-18

       A.D.A. CHIN: Okay.  She gave you the name?

       MR. WALKER:  Yeah, she gave me the  name.

       A.D.A. CHIN: Okay.  Thank you very much.  This concludes the interview.

      (END OF RECORDING)

# EXHIBIT –O

# whitepages PREMIUM

**BACKGROUND REPORT**

**As of: May 05, 2018**

This is NOT a CONSUMER REPORT and does not constitute a "consumer report" under the Fair Credit Reporting Act ("FCRA"). This report may not be used to determine a person's eligibility for credit, insurance, employment or any other purpose regulated under the FCRA.

Background Report for:

# David Demetrio Walker

Born: NOV 1980 (in their 30's)
Aliases: David D. Davis walker

**WARNING:**

...ata is obtained from public records, including court records and other third-party sources. The accuracy and completeness f this information is not guaranteed. All information should be independently verified.

## PROFILE SUMMARY



| PHONE NUMBERS | ADDRESSES | CRIME & TRAFFIC RECORDS | BANKRUPTCIES & FORECLOSURES | LIENS & JUDGMENTS | PROPERTIES | LICENSES |
|---|---|---|---|---|---|---|
| 4 | 6 | 24 | 0 | 1 | 0 | 0 |

# Whitepages PREMIUM

**As of: May 05, 2018**

## CRIMINAL & TRAFFIC RECORDS

**i** *A criminal record or police record is a record of a person's criminal history, used to assess his or her trustworthiness. Note that Whitepages is not a consumer reporting agency as defined by the Fair Credit Reporting Act. This means that you cannot use information presented in this website for evaluating a person's eligibility for employment, credit, insurance, housing, and other FCRA governed purposes. The information included in a criminal record and the existence of a criminal record varies between countries and even between jurisdictions within a country. In most cases it lists all non-expunged criminal offenses and may also include traffic offenses such as speeding and drunk-driving. In some countries the record is limited to actual convictions (where the individual has pleaded guilty or been declared guilty by a qualified court), while in others it also includes arrests, charges dismissed, charges pending, and even charges of which the individual has been acquitted.*

**24 potential criminal records found for David.**



NO MUGSHOT ON RECORD

### MATCH INDICATORS

*These show how closely a court record matches with the identity of the person.*

| | |
|---|---|
| **First Name** | Exact Match |
| **Middle Name** | Exact Match |
| **Last Name** | Exact Match |
| **Date Of Birth** | Marginally Matched |
| **Address** | Exact Match |
| **SSN** | Not Available On Record |

---

📅 **Criminal Record #1- 0659-Drugs / Possession Of 28g (1 Oz) Or Less Of Marijuana Or 10g Or Less Of Hash - 1st Offense**

CHARGE #1 - 0659-DRUGS / POSSESSION OF 28G (1 OZ) OR LESS OF MARIJUANA OR 10G OR LESS OF HASH - 1ST OFFENSE                                    CHARGE DATE: 02/24/2016

| | | | |
|---|---|---|---|
| Arrest Date | 02/17/2016 | Crime County | Orangeburg, Sc |
| Case Number | H568533 | Charges Filed Date | 02/24/2016 |
| Case Type | Criminal | Status | Disposed |
| Disposition | Pled Guilty | Disposition Date | 02/29/2016 |

*The records displayed in this report may or may not actually belong to the person you searched for, especially if the person you searched for has a common name. Please exercise caution when viewing court-related records, as they may not be accurate or complete.*

# Whitepages PREMIUM

**BACKGROUND REPORT**

**As of: May 05, 2018**



**NO MUGSHOT ON RECORD**

## MATCH INDICATORS

*These show how closely a court record matches with the identity of the person.*

| | |
|---|---|
| First Name | Exact Match |
| Middle Name | Exact Match |
| Last Name | Exact Match |
| Date Of Birth | Marginally Matched |
| Address | Exact Match |
| SSN | Not Available On Record |

---

📅 **Criminal Record #4- Traffic / Speeding, More Than 15 But Less Than 25 Mph Over The Speed Limit**

CHARGE #1 - TRAFFIC / SPEEDING, MORE THAN 15 BUT LESS THAN 25 MPH OVER THE SPEED LIMIT

CHARGE DATE: 12/18/2014

| | | | |
|---|---|---|---|
| Arrest Date | 12/15/2014 | Crime County | Bamberg, Sc |
| Crime Type | Traffic | Case Number | H044645 |
| Charges Filed Date | 12/18/2014 | Case Type | Traffic |
| Disposition | Pled Guilty | Disposition Date | 03/11/2015 |



**NO MUGSHOT ON RECORD**

## MATCH INDICATORS

*These show how closely a court record matches with the identity of the person.*

| | |
|---|---|
| First Name | Exact Match |
| Middle Name | Exact Match |
| Last Name | Exact Match |
| Date Of Birth | Exact Match |
| Address | Exact Match |
| SSN | Not Available On Record |

---

📅 **Criminal Record #5- 2886-Traffic / Seatbelt Violation - Non-Criminal (+5 more)**

CHARGE #1 - 2886-TRAFFIC / SEATBELT VIOLATION - NON-CRIMINAL

CHARGE DATE: 04/24/2015

| | | | |
|---|---|---|---|
| Arrest Date | 03/09/2015 | Crime County | Bamberg, Sc |
| Crime Type | Traffic | Case Number | H263065 |
| Charges Filed Date | 04/24/2015 | Case Type | Traffic |
| Court | Bamberg Magistrate | | |

---

*The records displayed in this report may or may not actually belong to the person you searched for, especially if the person you searched for has a common name. Please exercise caution when viewing court-related records, as they may not be accurate or complete.*

PAGE 5 of 24