UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER WILLIAMS, JR.,<br><br>                    Plaintiff,<br><br>        -v.-<br><br>CITY OF NEW YORK, et al.,<br><br>                    Defendants. | 22 Civ. 10537 (JHR)<br><br>ORDER OF SERVICE |

JENNIFER H. REARDEN, District Judge:

       Plaintiff, who is currently detained at West Facility on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.[1] By order dated December 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[2]

       The Court (1) directs service on Dr. Duverne;[3] (2) requests that the remaining named Defendants waive service of summons; (3) directs the New York City Department of Correction ("DOC") to assist in identifying the unidentified SRT team members described in the complaint; and (4) directs Defendants to comply with Local Civil Rule 33.2.

---

[1] The Court received the original complaint on December 7, 2022. On January 18, 2023, the Court received an amended complaint, which Plaintiff mislabels as a "second amended complaint." (ECF 8.) The amended complaint is the operative pleading.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[3] Plaintiff identified this Defendant as "Dr. Duvern." The Court understands Plaintiff to be referring to Yves Duverne, PA, an employee of the Physician Affiliate Group of New York.

**DISCUSSION**

**A.      Service on Duverne**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Yves Duverne through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

If the amended complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the amended complaint until the Court reviewed the amended complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

**B.      Waiver of Service**

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this order.  The Court requests that the following Defendants waive service of summons: the City of New York; Wardens Jean Rene and Cortz; Security Captain Gaines (or Ganies); Captains Wigfall and Fernandez; Deputy Wardens Flemming, Jonelle Shivraj, Joanne Matos, Tiffany Morales, and Lisa Barneby; Correction Officers Kevin Young, Andrew (or Andre) Hickson, Kevin White, Preston Ritter, and Graves; ESU Officers Richardson, Shield No. 254, and Rahman, Shield No. 11383; DOC Commissioner Louis Molina; and New York City Mayor Eric Adams.

**C.      *Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify the John Doe SRT Team members from the August 31, 2022, incident described in the amended complaint. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[5] The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

---

[5] If a Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If a Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe defendants. The second amended complaint will replace, not supplement, the previous complaints. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order asking Defendants to waive service.

**D.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the amended complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[6]

**CONCLUSION**

The Clerk of Court is instructed to complete the USM-285 form with the address for Yves Duverne and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order.  The Court requests that the following Defendants waive service of summons: the City of New York; Wardens Jean Rene and Cortz; Security Captain Gaines (or Ganies); Captains Wigfall and Fernandez; Deputy Wardens Flemming, Jonelle Shivraj, Joanne Matos, Tiffany Morales, and Lisa Barneby; Correction

---

[6] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Officers Kevin Young, Andrew (or Andre) Hickson, Kevin White, Preston Ritter, and Graves; ESU Officers Richardson, Shield No. 254, and Rahman, Shield No. 11383; DOC Commissioner Louis Molina; and New York City Mayor Eric Adams.

The Clerk of Court is further directed to mail a copy of this order and the amended complaint to the New York City Law Department at: 100 Church Street, New York, New York 10007.

A "Second Amended Complaint" form is attached to this order.

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   January 26, 2023
         New York, New York

JENNIFER H. REARDEN
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Yves Duverne, PA
c/o Gwendolyn Renee Tarver
PAGNY-Correctional Health Services
49-04 19th Avenue, 1st Floor
Astoria, New York 11105

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**SECOND**
**AMENDED**
**COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No

(check one)

___ Civ. _____ (    )

I.      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's        Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1        Name _____ Shield #_____
                        Where Currently Employed _____
                        Address _____
                        _____

*Rev. 01/2010*                                    1

Defendant  No. 2        Name _____ Shield #_____

                        Where Currently Employed _____

                        Address _____

                        _____


Defendant  No. 3        Name _____ Shield #_____

                        Where Currently Employed _____

                        Address _____

                        _____

[Who did what?]

Defendant  No. 4        Name _____ Shield #_____

                        Where Currently Employed _____

                        Address _____

                        _____


Defendant  No. 5        Name _____ Shield #_____

                        Where Currently Employed _____

                        Address _____

                        _____


## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the
caption of this complaint is involved in this action, along with the dates and locations of all relevant events.
You may wish to include further details such as the names of other persons involved in the events giving
rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims,
number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.      In what institution did the events giving rise to your claim(s) occur?

        _____
        _____


B.      Where in the institution did the events giving rise to your claim(s) occur?

        _____


C.      What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

        _____
        _____
        _____


D.      Facts:_____

[What happened to you?]
        _____
        _____
        _____
        _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |
_____
_____
_____
_____
_____

| Who else saw what happened? |

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

   Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____     No _____     Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____     No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
                _____

        2.      What was the result, if any?
                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
                _____
                _____
                _____
                _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

    2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).  _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.    Previous lawsuits:**

On
these
claims

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.      Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.      Docket or Index number _____

_____4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:   Was the case dismissed?   Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On
other
claims

C.      Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.      If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.      Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.      Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.      Docket or Index number _____

_____4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____
        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

        Signature of Plaintiff      _____

        Inmate Number              _____

        Institution Address        _____

                                   _____

                                   _____

                                   _____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

        Signature of Plaintiff:   _____

*Rev. 01/2010*                    7