```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/17/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Alexander Williams, Jr.,

               Plaintiff,

-against-

City of New York et al.,

               Defendants.

1:22-cv-10537 (JHR) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    This action has been referred to the undersigned for general pretrial management, as well as a decision on Plaintiff's motion titled "Combined Motion for TRO & Preliminary Injunction." (Order of Reference, ECF No. 13; Am. Order of Reference, ECF No. 17; *see also* Pl.'s 1/30/23 Motion, ECF No. 16.) Prior to referring the action, District Judge Rearden entered an Order of Service on January 26, 2023. (Order of Service, ECF No. 12.)

    On February 9, 2023, Plaintiff filed an amended pleading titled "Amended Complaint[,]" but which actually is the Second Amended Complaint ("SAC"). (*See* ECF No. 18.) In the SAC, Plaintiff, a pretrial detainee at the George R. Vierno Center ("GRVC"), seeks monetary damages, along with declaratory and injunctive relief, for alleged violations of his constitutional rights that occurred at GRVC and West Facility between August 29, 2022 and January 31, 2023. (SAC at PDF p. 11-98.)

    On February 17, 2023, Plaintiff wrote a letter requesting that the Court render an *ex parte* decision on his January 31, 2023 motion. (Pl.'s 2/17/23 Letter, ECF No. 23.) On March 13, 2023, Plaintiff wrote another letter to the Court (which was filed on the ECF docket on March 16, 2023) asking about the status of the SAC.

The Court finds that Plaintiff's January 31, 2023 motion does not meet the standards for an *ex parte* TRO[1] and, thus the Court shall defer ruling on Plaintiff's motion until Defendants have appeared. Plaintiff is advised that multiple defendants have executed waivers of service in this action and, once they appear, the Court shall promptly schedule a status conference to set a briefing schedule on Plaintiff's pending motion and to address any open issues regarding the Order of Service and service on the remaining defendants.

**SO ORDERED.**

DATED:   New York, New York
         March 17, 2023

_____
STEWART D. AARON
United States Magistrate Judge

---

[1] Federal Rule of Civil Procedure 65 provides that a TRO may be issued "without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). District court are to "scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders." *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964) And "[e]ven though *pro se* litigants are generally offered wider latitude than those represented by an attorney . . . they are still required to follow the Federal Rules of Civil Procedure." *King v. White*, No. 20-CV-04527 (AJN), 2020 WL 8464423, at *2 (S.D.N.Y. July 23, 2020).