UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER WILLIAMS, JR.,

                     Plaintiff,

-v.-

CITY OF NEW YORK, et al.,

                     Defendants.

22 Civ. 10537 (JHR)

ORDER ADOPTING REPORT
AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

Plaintiff Alexander Williams, Jr.'s motion for a temporary restraining order and preliminary injunction, ECF Nos. 6 and 16, was referred to Magistrate Judge Aaron for a Report and Recommendation. *See* ECF Nos. 13 and 17. In the Report and Recommendation filed on May 5, 2023, Magistrate Judge Aaron recommended denying the motion. *See* ECF No. 42. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons stated below, the Court finds no error in the Report and Recommendation and ADOPTS it in its entirety.

## BACKGROUND

Plaintiff initiated this action in December 2022. At the time, he was detained at the George R. Vierno Center ("GRVC") on Rikers Island and awaiting trial in Kings County Supreme Court for murder in the second degree and related charges.[1] *See* ECF No. 6 at 21-22. On January 2, 2019, having "been presented with clear and convincing evidence that th[e] defendant[] ha[d] solicited the aid of other persons to threaten, intimidate, and cause serious physical injury or death to witnesses," the Kings County Supreme Court entered a Judicial Lockdown Order. *Id*. Pursuant to a GRVC Command Level Order, inmates subject to a court-

---

[1] Plaintiff's trial has since begun. *See* ECF No. 49.

ordered lockdown are given "[t]wenty-three (23) hour lock-in, feed-in status." ECF No. 16 at 24.

Among other lawsuits he has filed in this Court,[2] Plaintiff brought this case to challenge conditions of his confinement and purported lack of access to religious materials. Shortly thereafter, he moved for a temporary restraining order and preliminary injunction, seeking to discontinue his twenty-three-hour lock-in, feed-in status. *See* ECF Nos. 6 and 16. On March 17, 2023, finding that Plaintiff had failed to satisfy the standard for an *ex parte* temporary restraining order, Magistrate Judge Aaron deferred ruling on Plaintiff's application until after Defendants had appeared. *See* ECF No. 25. On May 5, 2023, in a Report and Recommendation based on full briefing, Magistrate Judge Aaron recommended denying Plaintiff's application. *See* ECF No. 42.

The Report and Recommendation notified the parties that they had fourteen days from service of the Report and Recommendation—until May 19, 2023—to file any objections. *See id.* at 7. The Report and Recommendation further cautioned that failure to timely file objections would result in waiving the right to object. *See id.* In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure (governing pretrial orders issued by magistrate judges) and 28 U.S.C. § 636(b)(1) (governing the jurisdiction of magistrate judges), both of which detail procedures for objecting to the Report and Recommendation. Nevertheless, as of the date of this Order, no objections have been filed, and no request for an extension of time to object has been made.

---

[2] A list of cases previously brought by Williams in this Court appears in the Defendants' Letter Response. *See* ECF No. 40 at 2 n.1.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

As Plaintiff failed to file any objections to the Report and Recommendation by the May 19, 2023 deadline, Plaintiff has waived the right to object to the Report and Recommendation or to obtain any appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).  Nevertheless, the Court has reviewed Plaintiff's motion and the Report and Recommendation and, unguided by objections, finds the Report and Recommendation to be well reasoned and grounded in fact and law.  Accordingly, the Report and Recommendation is ADOPTED in its entirety.

      The Clerk of Court is directed to terminate ECF Nos. 6 and 16 and to mail a copy of this Order to Plaintiff.

      SO ORDERED.

Dated: July 11, 2023
      New York, New York

                                            JENNIFER H. REARDEN
                                            United States District Judge